# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE BLUMMER,<br>    Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 09-CV-00326 |
| UNITED SPACE ALLIANCE, LLC,<br>    Defendant | §<br>§<br>§ | JURY TRIAL DEMANDED |

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO
## DEFENDANT'S FIRST SET OF INTERROGATORIES

TO:    Defendant United Space Alliance, LLC by and through its attorney of record Michael D. Mitchell, Ogletree, Deakins, Nash, Smoak and Stewart, P.C., One Allen Center, 500 Dallas Street, Suite 3000, Houston, Texas 77002

    Plaintiff, KATHERINE BLUMMER, through her attorneys of record Lucia Romano Ostrom, Advocacy, Inc., 1500 McGowen, Suite 100, Houston, Texas 77004, and Brian East, Advocacy, Inc., 7800 Shoal Creek Boulevard, Suite 171-E, Austin, Texas 78757, serves these answers and objections to Defendant's First Set of interrogatories.

Respectfully submitted,

LUCIA ROMANO OSTROM
Attorney in Charge
Texas Bar No. 24033013
ADVOCACY, INC.
1500 McGowen, Ste. 100
Houston, Texas 77004
(713) 974-7691 Phone
(713) 974-7695 Fax
lostrom@advocacyinc.org

· 1

BRIAN EAST
Texas Bar No. 06360800
ADVOCACY, INC.
7800 Shoal Creek Blvd., Ste. 171E
Austin, Texas78757
(512) 454-4816 Phone
(512) 454-3999 Fax
beast@advocacyinc.org

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of this document is being served upon Defendant through their attorney of record by Hand-Delivery on this 11th day of June, 2009 as follows:

Mr. Michael D. Mitchell
Ogletree, Deakins, Nash,
Smoak & Steward, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709

Lucia Romano Ostrom

# I.
## GENERAL OBJECTIONS

Plaintiff does not waive any attorney-client privilege in regard to the discovery requests of any information herein. Plaintiff's responses are not intended to waive and should not be construed to waive any objections Plaintiff may have relating to relevance, materiality, admissibility, privilege or competence of the discovery request or responses herein. These responses are intended to and do preserve all of Plaintiff's rights to object on any ground and at any time to discovery involving or relating to this litigation. Plaintiff reserves the right to object to further discovery addressed to matters covered by this discovery request, whether or not answers are furnished herein. Plaintiff reserves the right to revise, add to, clarify or correct any responses herein. Plaintiff's answers are based upon her understanding of the inquiries posed by Defendant's discovery request. Plaintiff reserves the right to supplement and amend answers in the event that its construction or interpretation of the inquiry was different from that intended by Defendant or in the event that information comes to the attention of Plaintiff in the future. Plaintiff had made or will continue to make contact as is feasible and reasonable with those persons or entities reasonably believed to have possession or custody of the requested information, and will supplement, accordingly. Plaintiff assumes no obligation to supplement responses except as expressly provided by the Federal Rules of Civil Procedure 26(e).

# II.
# ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**
State the names, last known addresses, last known telephone numbers, and last known employers of all persons who have or may have knowledge of relevant facts concerning any of the events, allegations, claims, and causes of action made the basis of this lawsuit.

**OBJECTIONS:**

Plaintiff objects to this interrogatory to the extent that it seeks disclosure of information outside the scope of Rule 26 (b)(1-4).  Plaintiff also objects to the extent this question seeks work product, strategy, or trial preparation information.  Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

a.  Katherine Blummer
    431 Drake Lane
    League City, TX 77573
    (832) 746-2958
    Employer:  GB Tech

b.  Clay Stangle
    1 Signature Point
    Apt. 1614
    League City, TX 77058
    (281) 217-2172
    Employer:  Boeing

c.  Dr. Valerae O. Lewis, M.D.
    The University of Texas M. D. Anderson Cancer Center
    1515 Holcombe Blvd.
    Houston, TX 77030
    (713) 792-6161

d.  Dr. Steven G. Waguespack, M.D.
    1515 Holcombe Blvd., # 435
    Houston, TX 77030
    (713) 792-3250

e.      Dr. Dhanalakshmi Koyyalagunta, M.D.
           1515 Holcombe Blvd.
           P.O. Box 334
           Houston, TX 77030
           (713) 745-7246

f.       Dr. Steven Koop, M.D.
           200 University Avenue East
           St. Paul, MN 55101
           (651) 229-3990

g.      Dr. Lynn M. Lindaman, M.D.
           6000 University Avenue
           Suite 315
           West Des Moines, IA 50266
           (515) 225-6673

h.      Eloise Reynolds
           101 East 15th Street, Room 144T
           Austin, TX 78778
           (512) 463-4364

i.       Erik Heen
           Mickey Leland Federal Building
           1919 Smith Street, 7th Floor
           Houston, TX 77002-8049
           (713) 209-3348

j.       Thomas Kopecky
           Texas Workforce Commission
           101 E. 15th Street
           Austin, TX 78778

k.      United Space Alliance, LLP
           And Its Representatives
           600 Gemini Avenue
           Houston, TX 77058-2777
           (281)282-2592

Employees of United Space Alliance including:

l.       Sherri Lee
(281) 282-2526, (281) 813-0357
Human Resources Director-Houston Operations at United Space Alliance.

m.     Thelma Alaniz
(281) 282-3437
Human Resources, Employee Relations Representative at United Space Alliance.

n.     Alicia Busby
(281) 212-6322
United Space Alliance-Diversity and Compliance Office employee.

o.     Eileen Groves
1150 Gemini
Houston, TX 77058
(281) 280-3741
Associate General Counsel for United Space Alliance.

p.     Dr. James M. Vanderploeg, M.D.
Center for Aerospace & Occupational Medicine
700 Gemini, Ave., Suite 110
Houston, Texas 77058
(281) 486-8815
Medical Director.

q.     Lancil M. Vawter, RN
(281) 282-4466
Health Services Administrator at United Space Alliance.

r.      Richard L. Robbins II
United Space Alliance CAIL Manager.

s.      Amy Corneillie
(281) 483-1612
United Space Alliance CAIL Team Lead.

t.      Lucia Romano Ostrom
Advocacy, Incorporated
1500 McGowen, Suite 100
Houston, Texas 77004
(713) 974-7691
Plaintiff's attorney with knowledge of attorneys' fees.

u.   Brian East
     Advocacy, Incorporated
     7800 Shoal Creek Blvd., Suite 171-E
     Austin, Texas 78757
     (512) 454-4816
     Plaintiff's attorney with knowledge of attorneys' fees.

**INTERROGATORY NO. 2:**
Has Plaintiff, Plaintiff's representatives, or attorney representing Plaintiff talked with any of the persons identified in response to Interrogatory 1? If your answer is anything other than an unqualified "no," please identify all such persons by stating their names, last known addresses, last known employers, and last known telephone numbers.

**OBJECTIONS:**

Plaintiff objects to this interrogatory to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff also objects on the grounds that Defendant's request seeks information that is protected by attorney-client privilege, and constitutes attorney work product prepared in anticipation of litigation, including the work of agents such as consultants, investigators or research assistants. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

Plaintiff, Plaintiff's representatives, or any attorney representing Plaintiff has spoken to or may attempted to speak with any person identified in Interrogatory No. 1 and the similar list set out in Plaintiff's Initial Disclosures Pursuant to F.R.C.P. 26.

**INTERROGATORY NO. 3:**
Describe all damages with the specific amount of each category of damages that you are seeking from Defendant in this case.

**OBJECTIONS:**

Plaintiff also objects on the grounds that Defendant's request seeks information that constitutes attorney work product prepared in anticipation of litigation, including the work of agents such as consultants, investigators or research assistants. Furthermore, Plaintiff objects because this request is premature in that it requests information and evidence that is in Defendant's control and has not yet been provided to Plaintiff by Defendant. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

Although at this time, Plaintiff does not know the full amount of her damages, as much of the evidence reflecting this is in the Defendant's control, Plaintiff will supplement this answer at a future date. Plaintiff seeks: (1) back pay, lost benefits and front pay reflecting what Plaintiff would have earned (or been entitled to) absent discrimination, less her interim earnings; (2) compensatory damages for the pain, mental anguish and emotional distress caused by Defendant's wrongful actions in an amount determined by the jury; (3) punitive damages in an amount determined by the jury; (4) pre- and post-judgment interest and; (5) reasonable and necessary attorney's fees, litigation expenses and all costs found reimbursable by the Court.

**INTERROGATORY NO. 4:**
Identify each person whom you may call as an expert witness in this case (a "testifying expert"), the subject matter of which the testifying expert is expected to testify, the mental impressions and opinions held by the testifying expert, and the facts known to the testifying expert (regardless of when the factual information was acquired) that relate to or form the basis of the mental impressions and opinions held by the testifying expert.

**OBJECTIONS:**

Plaintiff objects to this interrogatory to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff also objects because this question is premature; Plaintiff will identify all expert witnesses and provide other related information in accordance with F.R.C.P. 26(a)(2) and the Court's Scheduling Order. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

Plaintiff's experts have not been identified at this time.

**INTERROGATORY NO. 5:**
Give the names, addresses, and telephone numbers of all doctors, psychologist, psychiatrists, counselors, and substance abuse experts, chiropractors, and other medical or healing personnel who have seen or treated you for any reason during the past ten years. Regarding each person listed in response to this question, state the kind of treatment received, the dates of all treatments, and whether you have any plans or appointments scheduled to see each such person again.

**OBJECTIONS:**

Plaintiff objects to this interrogatory to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Additionally Plaintiff objects to this request to the extent that it is overbroad, burdensome and intended to harass, and is not reasonably limited as to time or scope, and asks for matters that are not relevant to the claim or defense of any party. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

To the best of her recollection, Plaintiff has seen, or has a medical history with the following health care providers relating to her disability that is the subject matter of this action:

    a.    Dr. Valerae O. Lewis, M.D.
        The University of Texas M. D. Anderson Cancer Center
        1515 Holcombe Blvd,
        Houston, TX 77030
        (713) 792-6161
        Plaintiff's current orthopedic physician Plaintiff began seeing in approximately 2005.

    b.    Dr. Steven G. Waguespack, M.D.
        1515 Holcombe Blvd, # 435
        Houston, TX 77030
        (713) 792-3250
        From December of 2004 to the present, this doctor monitors Plaintiff's blood counts and began Zometa treatments.

    c.    Dr. Dhanalakshmi Koyyalagunta, M.D.
        1515 Holcombe Blvd.
        P.O. Box 334
        Houston, TX 77030
        (713) 745-7246
        Pain management physician from 2005/2006 to present.

    d.    Dr. Steven Koop, M.D.
        200 University Avenue East
        St. Paul, MN 55101
        (651) 229-3990
        In March 1999, performed leg surgery-titanium pin and bone graft implanted in right femoral neck. In November 2003, performed femoral neck surgery.

e.      Dr. Lynn M. Lindaman, M.D.
        6000 University Avenue
        Suite 315
        West Des Moines, IA 50266
        (515) 225-6673
        Since 2007 to the present, Plaintiff has been consulting with this orthopedic
        surgeon about her disability, and this physician has agreed to perform
        Plaintiff's next surgery.

f.      Dr. Anthony Davis, Chiropractor
        4611 Mortensen Rd.
        Suite 103
        Ames, IA 50014
        During 2003-2004, received chiropractic treatment from this chiropractor.

g.      Dr. John E. Lonstein, M.D.
        Gillette Children's Hospital
        200 University Avenue East
        St. Paul, MN 55106
        (612) 775-6200
        During 2002-2003, had appoints with this pediatric orthopedic physician.

h.      Dr. Joseph Gugenheim, M.D.
        Fondren Orthopedic Clinic
        7401 Main St.
        Houston, TX
        In October of 2004, had a couple of appointments with this doctor.

i.      Dr. Canon, M.D.
        The University of Texas M. D. Anderson Cancer Center
        1515 Holcombe Blvd.
        Houston, TX 77030
        Orthopedic oncologist Plaintiff saw in late 2004

j.      Dr. Mikhail Fushansky, M.D.
        The University of Texas M. D. Anderson Cancer Center
        1515 Holcombe Blvd.
        Houston, TX 77030
        Pain management physician in 2004.

k.      Dr. Jack Fu
        Supportive Care Clinic
        1515 Holcombe Blvd.
        Houston, TX 77030
        (713) 792-1660

A Physical Medicine and Rehabilitation specialist Plaintiff saw for back pain during late 2008 and the first part of 2009.

l.   Dr. Diane Novy
The University of Texas M. D. Anderson Cancer Center
1515 Holcombe Blvd.
Houston, TX 77030
In 2005 and again in 2007 plaintiff saw this psychologist for pain management.

m.   Dr. Heidi J. Seifert, M.D.
1315 St. Joseph
Houston, TX
In 2005-2006 saw this physician for pain management.

n.   Dr. Michael Smith
Excel Chiropractic Center
1020 Bay Area Blvd.
Suite 106
Houston, TX 77058
During 2004-2005, Plaintiff went to this chiropractor for back adjustments

o.   Dr. Glenn Marr
3480 W. Main,
League City, TX 77573
During 2007-2009, Plaintiff went to this acupuncturist and chiropractor for back pain.

p.   Dr. Mark Brinker, M.D.
Texas Orthopedic
7401 Main St.
Houston, TX
On November 2, 2007, Plaintiff saw this non-union fracture specialist because Dr. Lewis sent Plaintiff to see him for a second opinion.

q.   Dr. Michael Collins, M.D.
National Institute of Health
Since 2004 to the present, Plaintiff has been consulting this physician regarding her disability.

11

**INTERROGATORY NO. 6**
State the names and addresses of all hospitals in which you have been treated or examined during the past ten years.

**OBJECTIONS:**

Plaintiff objects to this interrogatory to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Additionally Plaintiff objects to this request to the extent that it is overbroad, burdensome and intended to harass, and is not reasonably limited as to time or scope, and asks for matters that are not relevant to the claim or defense of any party. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

To the best of her recollection, Plaintiff has been to the following facilities relating to her disability that is the subject matter of this action:

a. Mayo Clinic
200 1st Street South West
Rochester, MN 55905

b. St. Mary's Hospital
1216 Second Street SW
Rochester, MN. 55902

c. Gillette Children's Hospital
200 University Avenue East
St. Paul, MN 55106

d. Iowa State University Thielen Student Health Center
2260 Union Dr.
Ames, IA. 50011

e. MD Anderson Cancer Center
1515 Holcombe Blvd.
Houston, TX 77030

f. United Hospitals- United Pain Center
280 North Smith Ave.
Ste 600
St. Paul, MN 55102

g. Center for Diagnostic Imaging
8380 City Centre Drive
Woodbury, MN 55125

12

     h.     Mary Greeley Medical Center
              1111 Duff Avenue
              Ames, IA 50010

     i.     Christus St. John's
              18300 St. John Drive
              Nassau Bay, TX 77058

**INTERROGATORY NO.7**
Have you ever been arrested or convicted of a crime? If so, please state the dates, offenses charged, whether a conviction resulted, and the city, county and state of all arrest and convictions.

**OBJECTIONS:**

Plaintiff objects to this interrogatory to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4), and outside the scope of Fed. R. Evid. 609. Plaintiff objects to this discovery request on the grounds that Defendant's request is overbroad. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

No.

**INTERROGATORY NO. 8**
With the exception of this lawsuit, have you ever been a party to a lawsuit or an administrative proceeding?  If so, identify each lawsuit and/or administrative proceeding by stating its case number, style, and the court or agency where the case was or is pending; the nature of the case and whether you were a plaintiff, defendant, or another type of party; and the final disposition of the case and the name and address of your attorney for each such suit or proceeding.

**OBJECTIONS:**

Plaintiff objects to this interrogatory to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff objects to this discovery request as Defendant's request is overbroad and it seeks to discover information that is not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

Plaintiff does not have a complete recollection of all suits or proceedings she was a party to, but what she does recollect is that she received some compensation in the form of free movie rentals from a suit brought against Netflix. Plaintiff was included as a beneficiary in the verdict, but took no active role in the class action suit. In a similar situation, Plaintiff joined a class action lawsuit brought against a company (Plaintiff does not recall the name of the company) that sells CD's and DVDs in which she received a small settlement, under ten dollars. Again, Plaintiff was included as a beneficiary in the verdict, but took no active role in the class action suit.

**INTERROGATORY NO. 9**
State the names, addresses, and telephone numbers of all persons and entities for whom you have worked during the past five years, give the dates of employment with each person or entity, the position you held while employed by each person or entity, the name of your immediate supervisor(s) with each employer, and the reason for leaving each employer.

**OBJECTIONS:**

Plaintiff objects to this interrogatory to the extent that it is harassing, overbroad, not reasonably limited as to time, and seeks to discover information that is not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

Since 2004 Plaintiff's work history includes:

a.    Mystery Shopper contract work.

b.    The Boeing Company
      13100 Space Center Dr.,
      Houston, Texas 77059
      (281) 244-4000
      1. GN&C Analyst-Shuttle Entry Navigation
         Guy Hirsch (Manager)
         Left for another position within the same company.

      2. SAIL BFS Test & Operations Analyst
         Steve Cardenas (Manager)
         Was part of a lay off, however, when Plaintiff was offered the position
         at USA, the lay off was turned into a payroll transfer to USA.

c.       United Space Alliance
600 Gemini St.
Houston, Texas 77058
(281) 282-2000
CEV Avionics Integration Laboratory ("CAIL") Certification Analyst
Richard Robbins (Manager)
The reason Plaintiff left this employer is the subject of this lawsuit.

d.       GB Tech, Inc.
2200 Space Park Dr.
Suite 400
Houston, Texas 77058
(281) 333-3703
Engineer
John Bailey (Manager)
Terence Griffin (GB Tech)
Jeff Barnes (Boeing)
Currently employed.

**INTERROGATORY NO. 10**
State the name, addresses, and telephone numbers of all persons and entities with whom you have had contact regarding potential work and/or with whom you have applied for work and/or interviewed with since your employment with Defendant ended.

**ANSWER:**

Plaintiff has made numerous inquiries, phone calls and sent numerous resumes in an attempt to find employment. Therefore she does not have a complete recollection of all contacts. Although this is not an all inclusive list, Plaintiff did multiple searches in the following websites for job leads: www.usajobs.com, www.workintexas.com, www.spacejobs.com, www.chron.com, www.boeing.com, and www.lockheedmartin.com. Given this information, however, Plaintiff is able to provide the detailed information of applications sent to the Boeing Company below:

a.       Position:  Flight Technical Data Engineer 3
Applied: 4/26/2008

b.       Position:  System Engineer 1/2
Applied: 4/19/2008

c.       Position:  Mech Sys Design & Anal Engr 2/3
Applied: 4/19/2008

15

    d.     Position:  Avionics and Electirical Power System Ingineer – Level 3
               Applied:  4/12/2008

    e.     Position:  Product Data Management Specialist 2
               Applied:  4/12/2008

    f.     Position:  Avionics and Electrical Power System Engineer – Level 2
               Applied:  3/31/2008

    g.     Position:  Avionics and Electrical Power System Engineer – Level 1
               Applied:  3/31/2008

    h.     Position:  Software Engineer 2
               Applied:  3/29/2008

    i.     Position:  Mechanical System Design & Analysis Engineer – Level 2
               Applied:  3/29/2008

    j.     Position:  External Carrier & Node Product Systems Engineer 2/3
               Applied:  3/29/2008

    k.     Position:  Structural Analysis Engineer – Level 2
               Applied:  3/29/2008

**INTERROGATORY NO. 11**
If you applied for unemployment or any other benefits from any state or local, federal, or welfare agency during the past five years, please state the name and address of the agency, the outcome of your application, and the total amount of benefits that you received along with the dates of receipt of all benefits.

**OBJECTIONS:**

      Plaintiff objects to this discovery request as Defendant's request is overbroad and is not reasonably limited as to time or scope, and asks for matters that are not relevant to the claim or defense of any party.  Subject to and without waiving this objection, since leaving Defendant's employ, Plaintiff has applied as follows:

**ANSWER:**

    a.     Texas Workforce Commission
               P.O. Box 2211
               McAllen, Texas 78502-2211
               Plaintiff was awarded unemployment benefits in the amount of $7, 560.00

16

b.  Texas Food Stamps
Texas Lone Star Card
215 Tanglewood Dr.
Dickinson, TX 77539
Plaintiff applied for emergency food stamps due to Hurricane Ike, but was
denied.

## INTERROGATORY NO. 12
State the amount of taxable income you and any spouse of yours reported to the Internal
Revenue Service for each of the past five years.

**OBJECTIONS:**

Plaintiff objects to this interrogatory to the extent that it seeks disclosure of
information outside the scope of Rule 26(b)(1-4). Plaintiff further objects because the
request for information regarding Plaintiff's spouse is not relevant to the claim or defense
of any party and violates privacy rights. Plaintiff was not married at time the events, that
are the subject matter of this lawsuit, took place and is currently unmarried. However,
Plaintiff objects to current or future requests regarding financial information from any
current or future spouse she may have as they are irrelevant in this cause of action.
Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

a.  Taxable income 2004 = $25,807.73

b.  Taxable income 2005 = $45,678.35

c.  Taxable income 2006 = $51,490.55

d.  Taxable income 2007 = $44,245.16

e.  Taxable income 2008 = $2,257.02

## INTERROGATORY NO. 13
State the amount of income and money that you and any spouse that you have received
from any source since your employment with Defendant ended. Fully describe and list
separately all sources of income and money whether from employment, severance pay,
pensions, interest earned, investments, social security, gifts, loans, etc. State the amount
received from each source and the date of each receipt of funds.

**OBJECTIONS:**

Plaintiff objects to this interrogatory to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff further objects, because the request for information regarding Plaintiff's spouse is not relevant to the claim or defense of any party and violates privacy rights. Plaintiff was not married at time the events, that are the subject matter of this lawsuit, took place and is currently unmarried. However, Plaintiff objects to current or future requests regarding financial information from any current or future spouse she may have as they are irrelevant in this cause of action. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

To the best of Plaintiff's recollection, she received the following amounts from her parents as a loan:

      a.    November 2007 = $2,000

      b.    December 2007 = $2,000

      c.    January 2008 = $3,293.56

      d.    February 2008 = $484.63

      e.    March 2008 = $484.63

      f.    April 2008 = $484.63

      g.    May 2008 = $520.63

      h.    June 2008 = $645.10

      i.    July 2008 = $2,192.63

      j.    August 2008 = $1,972.25

      k.    September 2008 = $670.88

      l.    October 2008 = $484.63

      m.    November 2008 = $484.63

      n.    December through April 2009 = approximately $550 per month.

To the best of Plaintiff's recollection, she received some monetary gifts from her grandmother for an unknown total amount.

**INTERROGATORY NO. 14**

State and/or describe all of the "reasonable accommodation options" that Defendant allegedly failed to consider, as alleged in paragraph 33 of Plaintiff's Original Compliant.

**ANSWER:**

Plaintiff made several requests for reasonable accommodations including a flexible morning arrival time, a flex schedule, telework or telecommuting, and leave time. In addition, Defendant unreasonable delayed the provision of a leg rest for Plaintiff. These are the reasonable accommodation options specifically suggested by Plaintiff, but of course Defendant's obligations to Plaintiff regarding reasonable accommodations go beyond simply the options she suggested.

**INTERROGATORY NO. 15**

State and/ or describe the "injury to [plaintiff's] reputation in the aerospace industry" allegedly caused by the defendant, as alleged in paragraph 36 of Plaintiff's Original Complaint.

**ANSWER:**

Plaintiff does not yet have the information about the extent of these damages, but notes that the aerospace industry is a small interrelated industry; therefore, one negative work experience potentially affects future employment within the industry.

**INTERROGATORY NO. 16**

State the amount of back pay Plaintiff is seeking, as alleged in subparagraph B, page 9 of Plaintiff's Original Complaint.

**OBJECTIONS:**

Plaintiff objects because this request is premature in that it requests information and evidence that is in Defendant's control and has not yet been provided to Plaintiff by Defendant. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

See answer to Interrogatory No. 3 above.

**INTERROGATORY NO. 17**

State the amount of the compensatory damages Plaintiff is seeking, as alleged in subparagraph D, page 9 of Plaintiff's Original Compliant.

**OBJECTIONS:**

Plaintiff objects because this request is premature in that it requests information and evidence that is in Defendant's control and has not yet been provided to Plaintiff by Defendant.  Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

See answer to Interrogatory No. 3 above. However, as provided for by federal law, the amount of compensatory damages Plaintiff requests will not exceed $300,000.

20

# VERIFICATION

THE STATE OF TEXAS          §
                            §
COUNTY OF Harris            §

BEFORE ME the undersigned authority on this day personally appeared Katherine Blummer, who being by me duly sworn, upon his oath stated she has read these Answers to Interrogatories and that the statements therein are within her personal knowledge, and are true and correct.

_Katherine Blummer_
Katherine Blummer

STATE OF TEXAS          §
                        §
COUNTY OF Harris        §

SUBSCRIBED AND SWORN TO before me by the said Katherine Blummer this 10th day of June , 2009.



_Debra A. Koopmann_
Notary Public, State of Texas

DEBRA A. KOOPMANN
MY COMMISSION EXPIRES
July 14, 2010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE BLUMMER,<br>    Plaintiff | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 09-CV-00326 |
| | § | |
| UNITED SPACE ALLIANCE, LLC, | § | |
|     Defendant | § | JURY TRIAL DEMANDED |

### PLAINTIFF'S ANSWERS AND OBJECTIONS TO
### DEFENDANT'S FIRST REQUEST FOR PRODUCTION

TO:   Defendant United Space Alliance, LLC by and through its attorney of record Michael D. Mitchell, Ogletree, Deakins, Nash, Smoak and Stewart, P.C., One Allen Center 500 Dallas Street, Suite 3000, Houston, Texas 77002

Plaintiff, KATHERINE BLUMMER, through her attorneys of record Lucia Romano Ostrom, Advocacy, Inc., 1500 McGowen, Suite 100, Houston, Texas 77004, and Brian East, Advocacy, Inc., 7800 Shoal Creek Boulevard, Suite 171-E, Austin, Texas 78757, serves these answers to Defendant's First Request for Production.

Respectfully submitted,

LUCIA ROMANO OSTROM
Attorney in Charge
Texas Bar No. 24033013
ADVOCACY, INC.
1500 McGowen, Ste. 100
Houston, Texas 77004
(713) 974-7691 Phone
(713) 974-7695 Fax
lostrom@advocacyinc.org

1

BRIAN EAST
Texas Bar No. 06360800
ADVOCACY, INC.
7800 Shoal Creek Blvd., Ste. 171E
Austin, Texas 78757
(512) 454-4816 Phone
(512) 454-3999 Fax
beast@advocacyinc.org

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of this document is being served upon Defendant through their attorney of record by Hand Deliver on this 11TH day of June, 2009 as follows:

Mr. Michael D. Mitchell
Ogletree, Deakins, Nash,
Smoak & Steward, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709

Lucia Romano Ostrom

# I.
## <u>GENERAL OBJECTIONS</u>

Plaintiff does not waive any attorney-client privilege in regard to the discovery requests of any information herein. Plaintiff's responses are not intended to waive and should not be construed to waive any objections Plaintiff may have relating to relevance, materiality, admissibility, privilege or competence of the discovery request or responses herein. These responses are intended to and do preserve all of Plaintiff's rights to object on any ground and at any time to discovery involving or relating to this litigation. Plaintiff reserves the right to object to further discovery addressed to matters covered by this discovery request, whether or not answers are furnished herein. Plaintiff reserves the right to revise, add to, clarify or correct any responses herein. Plaintiff's answers are based upon his understanding of the inquiries posed by Defendant's discovery request. Plaintiff reserves the right to supplement and amend answers in the event that its construction or interpretation of the inquiry was different from that intended by Defendant or in the event that information comes to the attention of Plaintiff in the future. Plaintiff had made or will continue to make contact as is feasible and reasonable with those persons or entities reasonably believed to have possession or custody of the requested information, and will supplement, accordingly. Plaintiff assumes no obligation to supplement responses except as expressly provided by the Federal Rules of Civil Procedure 26(e).

## II.
## ANSWERS TO REQUEST FOR PRODUCTION

### REQUEST NO. 1

All documents and things that in any way relate to or support the allegations stated in Plaintiff's Original Complaint.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Furthermore the term "in any way relate to" is vague and results in this request being overbroad and burdensome. Plaintiff also objects to this request in that it may require the production of privileged material, and documents that are protected as attorney work product. Plaintiff objects to this request to the extent that it seeks matters prepared by counsel in anticipation of litigation or for trial. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

Plaintiff may relay on the following documents, and Plaintiff reserves the right to supplement if needed: see Bates Stamp documents numbers 000001 through 000532.

### REQUEST FOR PRODUCTION NO. 2

Any and all reports physical models, compilations of data, and other material reviewed by an expert, or prepared by an expert or for an expert in anticipation of the expert's trial and /or deposition testimony.

**OBJECTIONS:**

Plaintiff objects to this interrogatory to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff also objects because this question is premature. Plaintiff will identify all expert witnesses and provide other related information in accordance with F.R.C.P. 26(a)(2) and the Court's Scheduling Order. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

None at this time.

## REQUEST FOR PRODUCTION NO. 3

All charges, complaints, or other documents filed at any time by or on behalf of the Plaintiff with any governmental (federal, state, local, or foreign) entity including, but not limited to, documents related to (a) the discrimination charge(s) made the basis of this lawsuit, and (b) any claim by Plaintiff for disability benefits (including, but not limited to, Social Security benefits).

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff objects on the grounds that Defendant's request is overbroad and not reasonably restricted as to time. It seeks to discover information which is not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. The request seeks documents not currently within Plaintiff's possession and control, exceeds the scope of discovery. Subject to and without waiving this objection, Plaintiff responds as follows:

**ANSWER:**

In response to Request for Production No. 3 (a), see Bates Stamp documents numbers 000001 through 000054.

In response to Request for Production No. 3 (b) there are no documents specifically related to "disability benefits," but see Bates Stamp documents numbers 000297 through 000356.

## REQUEST FOR PRODUCTION NO. 4

All correspondence to or from any governmental entity (federal, state, local, or foreign) pertaining to Plaintiff including correspondence related to (a) the discrimination charge made the basis of this lawsuit, and (b) any claim by Plaintiff for disability benefits (including, but not limited to Social Security benefits.)

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff objects on the grounds that Defendant's request is overbroad and not reasonably restricted as to subject matter or time. It seeks to discover information which is not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Plaintiff objects that this request is vague, ambiguous, and violates Plaintiff's privacy

rights. Finally, this request may also require the production of privileged materials. Subject to and without waiving this objection, Plaintiff responds as follows:

**ANSWER:**

In response to Request for Production No. 3 (a), see Bates Stamp documents numbers 000001 and 000054.

In response to Request for Production No. 3 (b) there are no documents specifically related to "disability benefits," but see Bates Stamp documents numbers 000297 through 000356.

## REQUEST FOR PRODUCTION NO. 5

All handbooks, personnel policies, wage statements, tape recordings, video recordings, letters, notes, communications (including emails or other computer communications), forms, tangible things, and documents received by Plaintiff at any time from Defendant or any representative or employee of Defendant.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Additionally, Plaintiff objects to this request to the extent that Defendant seeks documents/information that is unreasonably cumulative or duplicative, and is in Defendant's own possession, custody, or control or is obtainable from another source that is more convenient, less burdensome and less expensive. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

See Bates Stamp documents numbers 000055 through 000296, and numbers 000400 through 000403.

## REQUEST FOR PRODUCTION NO. 6

All documents and things reflecting or relating to Plaintiff's efforts to obtain employment following the termination of her employment with Defendant.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that the term "reflecting or relating to" is vague and overbroad and makes responding to this request burdensome. Plaintiff

also objects to the extent this request invades the attorney-client or work product privilege. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

    See Bates Stamp documents numbers 000357 through 000387.


**REQUEST FOR PRODUCTION NO. 7**
If Plaintiff filed a claim for unemployment benefits in connection with her termination of employment from Defendant, a copy of any work search logs maintained by Plaintiff in connection with her attempts to obtain employment.

**ANSWERS:**

    None at this time.


**REQUEST FOR PRODUCTION NO. 8**
All documents relating to any arrest or criminal conviction of Plaintiff.

**OBJECTIONS:**

    Plaintiff objects to this request to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4), and outside the scope of Fed. R. Evid. 609. Plaintiff objects to this discovery request on the grounds that Defendant's request is overbroad. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

    None.


**REQUEST FOR PRODUCTION NO. 9**
Copies of every Complaint or Petition filed by Plaintiff in any court of the United States, any state or territory thereof, or any foreign country (this request includes, but is not limited to, administrative proceedings).

**OBJECTIONS:**

    Plaintiff objects to this request to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff objects on the grounds that Defendant's request is overbroad and it seeks to discover information that is not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, Plaintiff objects to this request to the extent that

Defendant seeks documents/information that is unreasonably cumulative or duplicative, and is in Defendant's own possession, custody, or control or is obtainable from another source that is more convenient, less burdensome and less expensive. Subject to and without waiving this objection, Plaintiff responds as follows:

**ANSWER:**

None, with the exception of the documents filed in this lawsuit or the administrative proceeding leading up to it (see Bates Stamp documents numbers 000001 through 000054).

## REQUEST FOR PRODUCTION NO. 10

Plaintiff's income tax returns (along with all W-2 statements submitted with the tax returns) for the years 2008, 2007, 2006, 2005, 2004, and 2003.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff objects on the grounds that Defendant's request is overbroad and it seeks to discover information which is not relevant to any claim or defense in this action and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff objects in that the request is overbroad and burdensome, exceeds the scope of discovery, and invades the Plaintiff's privacy. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

See Bates Stamp documents numbers 000388 through 000399.

## REQUEST FOR PRODUCTION NO. 11

All documents that reflect any financial injury Plaintiff suffered as a result of any alleged conduct by Defendant.

**OBJECTIONS:**

Plaintiff objects to this interrogatory to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff objects to this request to the extent that such request seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives of Plaintiff. Such information is privileged and protected against disclosure as an attorney's work

product, and under the attorney-client privilege.  Additionally it is premature and requires the production of a document not yet in existence, seeks documents not currently within Plaintiff's possession and control and exceeds the scope of discovery.  Subject to and without waiving this objection, Plaintiff responds as follows:

**ANSWER:**

Plaintiff has or will provide all appropriate and non-privileged documents in his possession.  See Bates Stamp documents 000297 through 000356, and 000388 through 000399.

**REQUEST FOR PRODUCTION NO. 12**
All documents that relate in any way to any expenses or costs that Plaintiff is claiming in this lawsuit.

**OBJECTIONS:**

Plaintiff objects to this interrogatory to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff objects to this request to the extent that such request seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives of Plaintiff. Such information is privileged and protected against disclosure as an attorney's work product, and under the attorney-client privilege.  Additionally it is premature and requires the production of a document not yet in existence, seeks documents not currently within Plaintiff's possession and control, exceeds the scope of discovery, and is inconsistent with FRCP 54.  Subject to and without waiving this objection, Plaintiff responds as follows:

**ANSWER:**

Plaintiff will submit request for costs and attorneys fees at the time provided for by the rules.

**REQUEST FOR PRODUCTION NO. 13**
All attorney's fee agreements between Plaintiff and any lawyers relating to this lawsuit.

**OBJECTIONS:**

Plaintiff objects to this interrogatory to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff objects to this request to the extent that such information is privileged and protected against disclosure as an attorney's work product, and under the attorney-client privilege.

## REQUEST FOR PRODUCTION NO. 14

All documents that relate to or support Plaintiff's allegations of (a) violations of the Americans with Disability Act; (b) discrimination, and/or (c) retaliation.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff objects on the grounds that Defendant's request is vague and overbroad. Additionally Plaintiff objects to this request to the extent that such request seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives of Plaintiff.   Such information is privileged and protected against disclosure as an attorney's work product, and under the attorney-client privilege.   Specifically it exceeds the scope of discovery, and may also require the production of privileged materials.   Subject to and without waiving this objection, Plaintiff responds as follows:

**ANSWER:**

See Bates Stamp documents numbers 000001 through 000296, and 000404 through 000532.

## REQUEST FOR PRODUCTION NO. 15

All documents and/or recordings (including witness statements) constituting or reflecting any correspondence to or communications with or involving any current or former employees or representatives of Defendant.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff also objects to this request in that it may require the production of privileged material and that constitute attorney work product or

documents protected by attorney client privilege. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

     See Bates Stamp documents numbers 000055 through 000296.

**REQUEST FOR PRODUCTION NO. 16**
All documents (including e-mails or other computer documents) videos, tape recordings, and things concerning the termination of Plaintiff's employment from Defendant.

**OBJECTIONS:**

     Plaintiff objects to this request to the extent that it is vague and overbroad and seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff also objects to this request in that it is may require the production of privileged material and that constitute attorney work product or material protected by attorney client privilege. Plaintiff objects to this request to the extent that it seeks matters prepared in anticipation of litigation or for trial. Subject to and without waiving this objection, Plaintiff responds:

**ANSWER:**

     See Bates Stamp documents numbers 000055 through 000296.

**REQUEST FOR PRODUCTION NO. 17**
All documents relating to Plaintiff's allegations that Defendant "failed to engage in an interactive process with Plaintiff to consider, in good-faith, reasonable accommodation options that would allow Plaintiff to perform the essential functions of her position," as alleged in paragraph 33 of Plaintiff's Original Complaint.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff objects on the grounds that Defendant's request is vague and overbroad. Additionally Plaintiff objects to this request to the extent that such request seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives of Plaintiff. Such information is privileged and protected against disclosure as an attorney's work product, and under the attorney-client privilege. Specifically it exceeds the scope of discovery, and may also

require the production of privileged materials.   Subject to and without waiving this objection, Plaintiff responds as follows:

**ANSWER:**

See Bates Stamp documents numbers 000055 through 000296.

**REQUEST FOR PRODUCTION NO. 18**

All documents relating to Plaintiff's allegations that Defendant "refused to consider the medical information provided by Plaintiff from her treating physicians about her disability," alleged in paragraph 34 of Plaintiff's Original Complaint.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff objects on the grounds that Defendant's request is overbroad. Additionally Plaintiff objects to this request to the extent that such request seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives of Plaintiff.   Such information is privileged and protected against disclosure as an attorney's work product, and under the attorney-client privilege.   Specifically, the language, "relating to," in the request is overbroad, the request exceeds the scope of discovery, and may also require the production of privileged materials.   Subject to and without waiving this objection, Plaintiff responds as follows:

**ANSWER:**

See Bates Stamp documents numbers 000055 through 000135, numbers 000225 through 000227, number 000238, numbers 000285 through 000296, and numbers 000404 through 000532 .

**REQUEST FOR PRODUCTION NO. 19**
All documents relating to the "injury to [Plaintiff's] reputation in the aerospace industry" allegedly caused by Defendant, as alleged in paragraph 36 of Plaintiff's Original Complaint.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff objects on the grounds that Defendant's request is overbroad. Additionally Plaintiff objects to this request to the extent that such request seeks disclosure of the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives of Plaintiff. Such information is privileged and protected against disclosure as an attorney's work product, and under the attorney-client privilege. Specifically, the language, "relating to," in the request is overbroad, the request exceeds the scope of discovery, and may also require the production of privileged materials. Subject to and without waiving this objection, Plaintiff responds as follows:

**ANSWER:**

Plaintiff does not know of any such documents at this time, but reserves the right to supplement this response at a later date if any such documents become available.

**REQUEST FOR PRODUCTION NO. 20**
All documents relating to damages sought in this lawsuit.

**OBJECTIONS:**

Plaintiff objects to this request because it is vague and overbroad. Such information is privileged and protected against disclosure as an attorney's work product, and under the attorney-client privilege. Plaintiff also objects to this request to the extent that it seeks matters prepared in anticipation of litigation or for trial. Furthermore, Plaintiff objects because this request is premature in that it requests information and evidence that is in Defendant's control and has not yet been provided to Plaintiff by Defendant. Additionally, Plaintiff objects to this request to the extent that Defendant seeks at least some documents/information that is unreasonably cumulative or duplicative, and is in Defendant's own possession, custody, or control or is obtainable from another source that is more convenient, less burdensome and less expensive. Subject to and without waiving

this objection, Plaintiff responds:

**ANSWER:**

Plaintiff reserves the right to supplement this response at a later date if any such documents become available.

## REQUEST FOR PRODUCTION NO. 21

The <u>original</u> executed releases attached hereto which will permit Defendant to obtain copies of any and all employment records, IRS records, medical/psychiatric/ psychological/counseling records, Texas Department of Human Services records (if Plaintiff has applied for public assistance during the past ten years), Social security Disability records (if Plaintiff has applied for Social Security disability payments during the past ten years), and Social Security earnings records concerning Plaintiff and/or her spouse.

**OBJECTIONS:**

Plaintiff objects to this request to the extent that it seeks disclosure of information outside the scope of Rule 26(b)(1-4). Plaintiff objects on the grounds that Defendant's request is overbroad and it seeks to discover information that is not relevant to any claim or defense in this action, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiff objects in that the request is overbroad in that it is not limited at all as to time and subject matter. This request is burdensome, exceeds the scope of discovery, and invades the Plaintiff's privacy. Finally, it also requires the creation of documents not in Plaintiff's possession.

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

1. From whose record do you need the earnings information?

   Print the Name, Social Security Number (SSN), and date of birth below.

   Name  Katherine Blummer                              Social Security
                                                        Number        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

   Other Name(s) Used                                   Date of Birth
   (Include Maiden Name) _____              (Mo/Day/Yr) 3/27/1979

2. What kind of information do you need?

   ☑  **Detailed Earnings Information**          For the period(s)/year(s): 1999 to present
      (If you check this block, tell us below
      why you need this information.)
                                    Civil Litigation
      _____

   ☑  **Certified Total Earnings For Each Year.**   For the year(s):        1999 to present
      (Check this box only if you want the information
      certified. Otherwise, call 1-800-772-1213 to
      request Form SSA-7004, Request for Earnings
      and Benefit Estimate Statement.)

3. If you owe us a fee for this detailed earnings information, enter the amount due
   using the chart on page 3 . . . . . . . . . . . . . . . . . . . . . . . . . .  A. $ _____ $36.75

   Do you want us to certify the information?          ☑ Yes      ☐ No

   If yes, enter $15.00 · · · · · · · · · · · · · · · · · · · · · ·  B. $ _____ $15.00

   ADD the amounts on lines A and B, and
   enter the TOTAL amount . . . . . . . . . . . . . . . . . . . . . .  C. $ _____ $51.75

   • You can pay by CREDIT CARD by completing and returning the form on page 4, or
   • Send your CHECK or MONEY ORDER for the amount on line C with the request
     and make check or money order payble to "Social Security Administration"
   • DO NOT SEND CASH.

4. I am the individual to whom the record pertains (or a person who is authorized to sign on behalf of that
   individual). I understand that any false representation to knowingly and willfully obtain information from
   Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

   SIGN your name here
   (Do not print)  > _____          Date _____

   Daytime Phone Number  _____  _____
                          (Area Code)  (Telephone Number)

5. Tell us where you want the information sent. (Please print)

   Name  Ogletree Deakins, Att: Larry Shepetofsky   Address  500 Dallas Street, Suite 3000

   City, State & Zip Code  Houston, TX 77002

6. Mail Completed Form(s) To:          **Exception:** If using private contractor (e.g., FedEx) to mail form(s), use:

   Social Security Administration        Social Security Administration
   Division of Earnings Record Operations   Division of Earnings Record Operations
   P.O. Box 33003                        300 N. Greene St.
   Baltimore Maryland  21290-3003        Baltimore Maryland  21290-0300

Form SSA-7050-F4 (01-2004) EF (09-2008)            2

Form Approved
OMB No. 0960-0566

**Social Security Administration**
Consent for Release of Information

**TO:  Social Security Administration**

| Katherine Blummer | 3/27/1979 | 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 |
|---|---|---|
| Name | Date of Birth | Social Security Number |

I authorize the Social Security Administration to release information or records about me to:

| **NAME** | **ADDRESS** |
|---|---|
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | 500 Dallas Street, Suite 3000 |
| | Houston, TX 77002 |

I want this information released because:

### Civil Litigation

(There may be a charge for releasing information.)

Please release the following information:

__X__  Social Security Number
__X__  Identifying information (includes date and place of birth, parents' names)
__X__  Monthly Social Security benefit amount
__X__  Monthly Supplemental Security Income payment amount
__X__  Information about benefits/payments I received from____1999____ to ____present____
__X__  Information about my Medicare claim/coverage from____1999____ to ____present____
           (specify) _____
__X__  Medical records
_____  Record(s) from my file (specify) _____

_____  Other (specify) _____

I am the individual to whom the information/record applies or that person's parent (if a minor) or legal guardian. I know that if I make any representation which I know is false to obtain information from Social Security records, I could be punished by a fine or imprisonment or both.

Signature: _____
(Show signatures, names, and addresses of two people if signed by mark.)
Date: _____  Relationship: _____

Form **SSA-3288** (5-2007) EF (5-2007)

## AUTHORIZATION

TO WHOM IT MAY CONCERN:

I hereby authorize the release of any and all employment and/or application records in the possession of any current, previous, or prospective employer to Michael Mitchell of the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. by and through ABI Document Support Services, Inc., for use in Civil Action No. 09-CV-00326 styled ***Katherine Blummer v. United Space Alliance, LLC"*** pending in the United States District Court for the Southern District of Texas, Houston Division.  I further authorize any person or entity providing records pursuant to this authorization to talk to Michael Mitchell and/or a representative of Michael Mitchell to decipher any handwriting in any records provided.

A copy of this authorization should be considered as valid as the original and shall remain in effect so long as the above-mentioned case is pending.

DATED this _____day of _____, 2009.

_____
Katherine Blummer
Social Security No. 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
Date of Birth: 3/27/1979

7311683.1 (OGLETREE)

**AUTHORIZATION FOR RELEASE**
**OF PSYCHOTHERAPY NOTES AND INFORMATION**

**TO ALL HEALTH CARE PROVIDERS THAT HAVE PROVIDED SERVICES TO THE FOLLOWING INDIVIDUAL:**

**NAME:** Katherine Blummer _____ **CASE NAME:** Blummer v. United Space Alliance, LLC

**SS#:** ___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_____ **CASE NUMBER:** 09-CV-00326 _____

**DOB:** ___3/27/1979_____ **COURT:** U.S. Dist. Ct., Southern Dist., Texas (Houston)

1. The undersigned hereby authorize the disclosure and release of information detailed in Items 2 and 3 below to the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins"), 500 Dallas Street, Suite 3000, Houston, Texas 77002 and/or by and through its designated representative, ABI Document Support Services, 27621 Community Drive, Pinehurst, Texas 77362, notwithstanding any privilege or confidentiality which may protect these records under state or federal law. This disclosure and release is requested for purposes of litigation that I have initiated.

2. The information to be released includes any and all information described in Item 3 below related to services provided on or after the following date: _____**January 1999-present**_____.

3. The information to be released is any psychotherapy/psychiatric notes recorded by the mental health care provider documenting or analyzing the contents of a conversation during a private counseling session or a group, joint, or family counseling session that are separated from the rest of the individual's medical record.[1]

4. A copy of this authorization may be used just as if it were the original.

5. I have read and understand the following related to this authorization:

   (a) This authorization will expire upon the conclusion of the above-referenced litigation.

   (b) I may revoke this authorization in writing at any time prior to the expiration event in Item 5(a) above. To revoke this authorization, I must send notice of revocation to an Ogletree Deakins attorney who is an attorney of record in the above-referenced case at the address provided in Item 1 above.

   (c) If I revoke this authorization, it will not have any effect on disclosures made prior to such revocation.

   (d) The health information disclosed pursuant to this authorization may be redisclosed and used by the recipient of this information for any legitimate purposes related to the above-referenced litigation.

_____            _____
SIGNATURE                                    DATE

7311716.1 (OGLETREE)

---

[1] The term "psychotherapy notes" excludes medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis, and progress to date.)

## AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS AND INFORMATION

**TO ALL HEALTH CARE PROVIDERS THAT HAVE PROVIDED SERVICES TO THE FOLLOWING INDIVIDUAL:**

**NAME:** Katherine Blummer                     **CASE NAME:** Blummer v. United Space Alliance, LLC

**SS#:**     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                                 **CASE NUMBER:** 09-CV-00326

**DOB:**     3/27/1979                                 **COURT:** U.S. Dist. Ct., Southern Dist., Texas (Houston)

1.  The undersigned hereby authorizes the disclosure and release of the information detailed below the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins"), 500 Dallas Street, Suite 3000, Houston, Texas 77002 an/or by and through its designated representative, ABI Document Support Services, 27621 Community Drive, Pinehurst, Texas 77362, notwithstanding any privilege or confidentiality which may protect these records under state or federal law.  This disclosure and release is requested for purposes of litigation that I have initiated.

2.  The information to be released includes any and all information described in Items 3 and 4 below related to services provided on or after the following date:  **January 1999-present**                                 .

3.  The information to be released is any information and documents in a Provider's possession, including notes, charts, discharge, treatment, or operative reports or abstracts, photographs, and the like, concerning medical treatment, medical history, HIV/AIDS testing and/or treatment, psychiatric or psychological treatment, counseling, history, and diagnosis, medical, psychiatric, and psychological prognosis, prescribed medications, drug or alcohol treatment or counseling, or other similar information or documentation pertaining to services rendered to me[1] and to allow Ogletree Deakins to examine and obtain copies of any such  records, charts, x-rays, and each and every document included in any such medical charts, and any other documentation, upon presentation of this authorization or any duplicate or photostatic copy thereof.

4.  To the extent that this release is directed to any individual pharmacist or medical practitioner, including physicians, nurses, therapists, or others who rendered or are rendering medical, psychiatric, or psychological treatment or other counseling, the Providers are further authorized to give to Ogletree Deakins an opinion or statement of prognosis, whether written or verbal, as the same pertains to me.

5.  A copy of this authorization may be used just as if it were the original.

6.  I have read and understand the following related to this authorization:

    (a)  This authorization will expire upon the conclusion of the above-referenced litigation.

    (b)  I may revoke this authorization in writing at any time prior to the expiration event in Item 6(a) above.  To revoke this authorization, I must send notice of revocation to an Ogletree Deakins attorney who is an attorney of record in the above-referenced case at the address provided in Item 1above.

    (c)  If I revoke this authorization, it will not have any effect on disclosures made prior to such revocation.

    (d)  The health information disclosed pursuant to this authorization may be redisclosed and used by the recipient of this information for any legitimate purposes related to the above-referenced litigation.

_____        _____
SIGNATURE                                                        DATE

---

[1]  This is not a request for "psychotherapy notes (defined as notes recorded by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint, or family counseling session and that are separated from the rest of my medical record, but excluding information regarding medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and summary of the following items:  diagnosis, functional status, the treatment plan, symptoms, prognosis, and progress to date).

Form **4506**

(Rev. October 2008)

Department of the Treasury
Internal Revenue Service

## Request for Copy of Tax Return

▶ **Do not sign this form unless all applicable lines have been completed.**
  **Read the instructions on page 2.**
▶ **Request may be rejected if the form is incomplete, illegible, or any required**
  **line was blank at the time of signature.**

OMB No. 1545-0429

**Tip:** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T**, Request for Transcript of Tax Return, or you can call 1-800-829-1040 to order a transcript.

| | | |
|---|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first.<br><br>  Katherine Blummer | **1b** First social security number on tax return or<br>employer identification number (see instructions)<br><br>  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 | |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number if joint return | |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code
  Katherine Blummer, 431 Drake Lane, League City, TX 77573

**4** Previous address shown on the last return filed if different from line 3

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number. The IRS has no control over what the third party does with the tax return.

  Ogletree Deakins, Att: Larry Shepetofsky
  500 Dallas Street, Suite 3000, Houston, TX 77002

**Caution:** *DO NOT SIGN this form if a third party requires you to complete Form 4506, and lines 6 and 7 are blank.*

**6** **Tax return requested.** (Form 1040, 1120, 941, etc.) and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶    1040

Note: *If the copies must be certified for court or administrative proceedings, check here.* . . . . . . . . . . . . . . . ☑

**7** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

12 / 31 / 2008      12 / 31 / 2007      12 / 31 / 2006      12 / 31 / 2005

12 / 31 / 2004      __ / __ / ____      __ / __ / ____      __ / __ / ____

**8** **Fee.** There is a $57 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN or EIN and "Form 4506 request" on your check or money order.**

|   |   |   |   |
|---|---|---:|---:|
| **a** | Cost for each return . . . . . . . . . . . . . . . . . . . . . . . . . | $ | 57.00 |
| **b** | Number of returns requested on line 7 . . . . . . . . . . . . . . . . . . | | 5 |
| **c** | Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . . . . . | $ | 285.00 |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . ☑

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer.

Telephone number of taxpayer on line 1a or 2a
( )

**Sign Here**

▶ Signature (see instructions)                                  Date

▶ Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ Spouse's signature                                           Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.          Cat. No. 41721E          Form **4506** (Rev. 10-2008)

Form 4506 (Rev. 10-2008)

# General Instructions

*Section references are to the Internal Revenue Code.*

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate a third party to receive the tax return. See line 5.

**How long will it take?** It may take up to 60 calendar days for us to process your request.

**Tip.** Use Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of non-filing, and record of account.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year and the chart below shows two different RAIVS teams, send your request to the team based on the address of your most recent return.

**Note.** *You can also call 1-800-829-1040 to request a transcript or get more information.*

## Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to the "Internal Revenue Service" at: |
|---|---|
| District of Columbia, Maine, Maryland, Massachusetts, New Hampshire, New York, Vermont | RAIVS Team Stop 679 Andover, MA 05501 |
| Alabama, Delaware, Florida, Georgia, North Carolina, Rhode Island, South Carolina, Virginia | RAIVS Team P.O. Box 47-421 Stop 91 Doraville, GA 30362 |
| Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alaska, Arizona, California, Colorado, Hawaii, Idaho, Iowa, Kansas, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | RAIVS Team Stop 37106 Fresno, CA 93888 |
| Arkansas, Connecticut, Illinois, Indiana, Michigan, Missouri, New Jersey, Ohio, Pennsylvania, West Virginia | RAIVS Team Stop 6705–S-2 Kansas City, MO 64999 |

## Chart for all other returns

| If you lived in or your business was in: | Mail to the "Internal Revenue Service" at: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Georgia, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Tennessee, Texas, Utah, Washington, Wyoming, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |
| Connecticut, Delaware, District of Columbia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia, Wisconsin | RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250 |

# Specific Instructions

**Line 1b.** Enter your employer identification number (EIN) if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the return be sent to a third party, the IRS must receive Form 4506 within 60 days of the date signed by the taxpayer or it will be rejected.

*Individuals.* Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

*Corporations.* Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer.

*Partnerships.* Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

*All others.* See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the Letters Testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. Sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, and the District of Columbia for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send the form to this address. Instead, see *Where to file* on this page.

Texas Health and Human
Services Commission

**Case Information Release**
Divulgación de información del caso

Form 1826
September 2004

**SECTION I/SECCIÓN I**

Case Name/Nombre del caso: Blummer v. United Space    Case Number/Núm. del caso: 09-CV-00326

By signing this authorization form, you are giving the Texas Health and Human Services Commission (HHSC) permission to release all or part of your case record, which may also include health information. You do not have to sign this release in order to apply for or receive benefits from HHSC.

Al firmar esta autorización, usted le da a la Comisión de Salud y Servicios Humanos de Texas (HHSC) permiso para que divulgue todo o parte del expediente de su caso, el cual también puede contener información médica. No tiene que firmar esta autorización de divulgación para solicitar o recibir beneficios de la HHSC.

**SECTION II – To be completed by Client/SECCIÓN II – El cliente debe llenar esta sección.**

I authorize HHSC to release my case record to the following person or agency for the purpose(s) stated in Part A below. My information will remain available to the person or agency indicated until the expiration date stated in Part B.

Yo autorizo a la Comisión de Salud y Servicios Humanos de Texas (HHSC) para que proporcione información del expediente de mi caso a la siguiente persona o departamento con el propósito anotado en la Parte A más adelante. La persona o el departamento indicado podrá tener acceso a esta información hasta la fecha de vencimiento que aparece en la Parte B.

Part A – Release of Information; I understand that my case record may contain protected health information. Release my information to the following person/agency:

Parte A, Divulgación de Información. Entiendo que el expediente de mi caso puede contener información médica confidencial. Proporcionen mi información a la siguiente persona o departamento:

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

Check one of the following:/Marque una de las siguientes declaraciones:

☑ Release all of my case record./Proporcionen todo el expediente de mi caso.
☐ Release only the following information:/Proporcionen sólo la siguiente información:

_____
_____
_____

Part B – Purpose(s) of Release:/Parte B, Propósito de la divulgación:

Civil Litigation

This authorization expires on:/Esta autorización se vence el:

Part C – Signature:/Parte C, Firma:

_____     _____
Client or Personal Representative's Signature                          Date
Firma del Cliente o del Representante Personal                         Fecha

☐ If you are signing for the client, please describe your authority to act for the client on the following line:
Si usted va a firmar por el cliente, por favor, describa la autoridad que tiene para actuar en nombre del cliente en el siguiente renglón:

Note: If the person requesting the release of case information cannot sign his/her name, two witnesses to his/her mark (X) must sign below. Accept one witness signature in circumstances where it is not possible to obtain two witness signatures. Document the reason in the case record.

Nota: si la persona que solicita la divulgación de información del caso no puede firmar, debe poner una marca (X) ante dos testigos, que deben firmar a continuación. Acepte sólo la firma de un testigo en circunstancias en las que no es posible obtener la firma de dos testigos. Documente la razón en el expediente del caso.

Witness/Testigo: _____   Date/Fecha: _____

Witness/Testigo: _____   Date/Fecha: _____

Form 1826
Page 2/09-2004

**SECTION III/SECCIÓN III**

**Notice to Client/Aviso al cliente**

- Once you authorize HHSC to release your information, HHSC is not responsible for any redisclosure of the information by the recipient.
  Una vez que usted autorice a la HHSC para que proporcione su información, la HHSC no se hace responsable de ninguna divulgación adicional de la información de parte del destinatario.

- You can withdraw permission you have given HHSC to use or disclose health information that identifies you, unless HHSC has already taken action based on your permission. You must withdraw your permission in writing.
  Usted puede retirar el permiso que le haya dado a la HHSC para usar o divulgar información médica que lo identifique a usted, a menos que la HHSC ya haya actuado de acuerdo con su permiso. Tiene que retirar su permiso por escrito.

---

With a few exceptions, you have the right to request and be informed about the information that the Texas Health and Human Services Commission (HHSC) obtains about you. You are entitled to receive and review the information upon request. You also have the right to ask HHSC to correct information that is determined to be incorrect. (Government Code, Sections 552.021, 552.023, 559.004.) If you would like HHSC to correct information about you that is incorrect, please contact your local eligibility determination office.

Con algunas excepciones, usted tiene el derecho de saber qué información obtiene sobre usted la Comisión de Salud y Servicios Humanos (HHSC) y de pedir dicha información. Si desea recibir y estudiar la información, tiene el derecho de solicitarla. También tiene el derecho de pedir que la HHSC corrija cualquier información incorrecta (Código Gubernamental, Secciones 552.021, 552.023, 559.004). Para enterarse sobre la información y el derecho de pedir que la corrijan, favor de ponerse en contacto con la oficina local de determinación de elegibilidad.

---