IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE BLUMMER, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-00326 |
| | § | |
| UNITED SPACE ALLIANCE, LLC, | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

Plaintiff Katherine Blummer opposes Defendant's Motion to Compel and shows as follows:

**I.**
**SUMMARY**

Defendant served broad written discovery in the form of Requests for Production and Interrogatories, and Plaintiff made a substantial effort to respond, including producing more than 500 pages of documents.[1]  There remains three areas of dispute.

First, Defendant demands complete disclosure of Plaintiff's income tax returns, even though Plaintiff has already provided Defendant with all requested W-2s reflecting wage and earnings information, the only information relevant to this case.  Defendant offers no explanation as to why W-2s would not suffice for calculating Plaintiff's alleged entitlement of compensatory damages including back and front pay.

Second, Defendant demands signed releases that are overbroad in time and scope, that are really an improper fishing expedition hoping to find some kind of after-acquired evidence.

---

[1] Plaintiff agrees with Defendant's recitation in its Motion of the Nature and Stage of Proceeding, and does not dispute the facts set out in its Summary.

Furthermore, such executed releases are unnecessary because Plaintiff has already produced medical records relating to her disability and has agreed to seek others and supplement as they are received.

Finally, even though Plaintiff has disclosed all persons with knowledge of relevant facts, and the topics of that knowledge, Defendant insists on a list of those persons that Plaintiff's counsel has interviewed. This is attorney work product, and Defendant cites no authority supporting an entitlement to such information.

Therefore, Plaintiff opposes Defendant's Motion and asks the Court to deny it, and to award Plaintiff such fees and expenses as may be appropriate under Rule 37(a)(5)(B).

## II.
### CERTIFICATE OF CONFERENCE

Plaintiff certifies that she has conferred with Defendant's counsel in a good faith attempt to resolve this discovery dispute without court action. Plaintiff's counsel carefully reviewed the letter sent by counsel for Defendant, and reviewed the authorities cited. Plaintiff made a detailed response citing authorities in support, and invited Defense counsel to discuss these discovery issues further over the telephone. *See* Plaintiff's Exhibit A. Defendant's counsel declined this offer and filed this Motion to Compel on July 14, 2009. Accordingly, Plaintiff moves that the Court deny Defendant's Motion.

## III.
### ARGUMENT

**A.    Defendant Demands Uniquely Private Income Tax Returns Even Though Plaintiff Has Already Provided the Only Relevant Information Via W-2s.**

Plaintiff is under no obligation to produce her tax returns, or to authorize release of those returns, because she has already produced her W-2's and pay stubs showing both her earnings during her period of employment with Defendant, and her interim earnings since Defendant fired

2

her. *Gattegno v. PricewaterhouseCoopers, LLP*, 205 F.R.D. 70, 73 (D. Conn. 2001) ("The court finds that, while the information contained within the returns may be relevant to the subject matter of the action and/or the issues raised thereunder, there is not a compelling need because the relevant information is otherwise readily obtainable.") (footnote omitted). *See also Terwilliger v. York Int'l Corp.,* 176 F.R.D. 214, 217–219 (W.D. Va. 1997) (court finds wage and earnings information discoverable from W-2s without production of tax returns). Defendant gives no explanation as to why Plaintiff's W-2s would not suffice for calculating Plaintiff's lost earnings, nor does it offer any other reason for wanting Plaintiff's tax returns. Therefore, Defendant demonstrated neither relevancy nor a compelling need for the returns necessary to satisfy disclosure. *See Lemanik v. McKinley Allsopp, Inc*., 125 F.R.D. 602, 609 (S.D.N.Y. 1989) (broad requests for tax returns totally out of proportion to their relevance).

Furthermore, Plaintiff's federal income tax returns are uniquely confidential, and their disclosure would constitute an unwarranted invasion of privacy that would undermine public policy. *See Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc*., 2 F.3d 1397, 1411 (5th Cir. 1993), *cert. denied*, 510 U.S. 1073 (1994) (discussing the highly sensitive nature of the information contained in tax returns and the need for keeping it confidential as a means of encouraging self-reporting). Courts recognize that tax returns contain not only an individual's financial information, but also personal information about the taxpayer. *See De Masi v. Weiss*, 669 F.2d 114, 120 (3rd Cir. 1982). In sum, Defendant "is not entitled to a wide-ranging evaluation of [Plaintiff's] overall financial condition." *Lemanik*, 125 F.R.D. at 609.

**B.     The Court Should Not Require the Execution of Defendant's Releases Because They Are Unnecessary, Vastly Overbroad, and In This Case Inconsistent With The Purpose of Rule 34.**

1. Medical records

Plaintiff does not dispute that medical records related to her disability are relevant to her claim. For that reason, Plaintiff has produced over 500 documents and has agreed to supplement as more documents become available. But Defendant insists on authorizations in addition to all those documents, and for information that is way beyond what is appropriately discoverable.

Plaintiff "has a right to have discovery limited to information that is directly relevant to the lawsuit." *Vasconcellos v. Cybex Int'l, Inc.,* 962 F. Supp. 701, 709 (D. Md. 1997). Thus, discovery likely to lead to admissible information about the nature of the Plaintiff's disability and its manifestations at the time of her employment with Defendant is proper, and Plaintiff is not resisting that. On the other hand, seeking any and all medical, employment, IRS and psychiatric/psychological records from the past ten years is not proper. As the court explained in *Gatewood v. Stone Container Corp.*, 170 F.R.D. 455, 460 (S.D. Iowa 1996), a Title VII case involving race discrimination:

> the Court recognizes that a person's medical and mental health history involve private, personal information which ought not to be disclosed on the basis of attenuated relevance. The fact that plaintiff has claimed general emotional distress damages does not give defendant carte blanche to peruse plaintiff's medical history. Finally, the temporal scope of a discovery request for medical and mental health information should be appropriately limited.

Moreover, here as in *Gatewood*, the time frame for the medical records that Defendant is demanding is way overbroad.

2. Psychiatric records

With regard to Defendant's demand for all of Plaintiff's psychiatric and psychological records, Ms. Blummer has not placed any mental, psychiatric or psychological condition at issue

4

in this case simply by claiming mental anguish and requesting compensatory damages. *Burrell v. Crown Central Petroleum Inc*., 177 F.R.D. 376, 383 (E.D. Tex. 1997) (holding, in §1981/Title VII lawsuit seeking mental anguish, "[a]bsent some greater showing that the physical or mental conditions of the plaintiffs have been placed in controversy, the court will assume the mental anguish claims in this case are the 'garden variety' that are incident to job-related discrimination.")

Defendant's citation to *Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 469 (N.D. Tex. 2005) is inapposite. Defendant uses the *Merrill* case to argue that he is entitled to Plaintiff's psychiatric/psychological records because Plaintiff is seeking mental anguish damages.  Our case is distinguishable from *Merrill*, however, where plaintiff placed her mental health at issue for possible future damages. In the instant case, the Plaintiff does not. As in *Burrell*, the Plaintiff herein simply seeks "[m]ental anguish [that] is incident to the work-related economic damages like lost wages." *Burrell*, *supra*, 177 F.R.D. at 380.  Furthermore, Defendant is not entitled to psychiatric or psychological records because lay testimony is sufficient for garden variety claims of mental anguish or emotional distress, *e.g., Migis v. Pearle Vision, Inc*., 135 F.3d 1041, 1047 (5th Cir. 1998); *Forsyth v. City of Dallas*, 91 F.3d 769, 774 (5th Cir. 1996).[2] As stated in Plaintiff's letter to Defendant, Plaintiff does not intend to rely on expert witnesses on these issues. *See* Exhibit A attached, p.2.   Thus, in this case the Defendant is not entitled to information related to Plaintiff's mental, psychiatric or psychological condition.

3. <u>Forced releases inappropriate in the instant case</u>

To the extent that releases are properly compelled under Rule 34, they are not appropriate here.  First, nothing in the Federal Rules explicitly requires signed authorizations. *See Becker v.*

---

[2] *See also Williams v. Trader Publ'g Co*., 218 F.3d 481, 486 (5th Cir. 2000) (Title VII case describing standard of evidence required to support awards of compensatory damages for emotional distress).

*Securitas Security Servs. USA, Inc.*, No. 06-2226, U.S. Dist. Lexis 15818 at *10 (D. Kan. Mar. 2, 2007) ("Rule 34 contains no provision requiring a party to sign a release or authorization so that the requesting party may obtain a document directly from a non-party.").

Moreover, Defendants authorities are simply not on point. For example, *Shots v. CSX Transp., Inc.*, 887 F. Supp. 206 (S.D. Ind. 1995), does discuss the possibility of compelling the authorizations as a tool to "expedite the discovery process," *id.* at 208, but such a tool is unnecessary where, as in this case, Plaintiff has produced over 500 documents responsive to Defendant's request (including medical, income, and employment records).[3] Additionally, Plaintiff has stated that she will supplement her response as soon as additional records regarding her disability are received.[4] Plaintiff is not required to authorize the release of additional records "causally and historically unrelated to the condition at issue in the lawsuit," *id.* at 208, specifically the information sought by Defendant.

The facts in the instant case are certainly distinguishable from the issues resolved in those cases cited by the Defendant. *Lischka v. Tidewater Servs., Inc.*, No. 96-296, 1997 U.S. Dist. Lexis 538 (E.D. La. Jan. 22, 1997) was about the court's authority to compel discovery. Plaintiff is not disputing the Court's power to issue discovery orders, nor is she claiming that such orders would amount to "a judicial usurpation of legislative powers." *Id.* at *3. The court in *Doe v. Am. Airlines*, 283 Fed. App'x. 289 (5th Cir. June 26, 2008), *cert. denied,* 129 S. Ct. 1003 (2009), declined to rule on the question of compelling the plaintiff to sign medical and psychological authorizations because the plaintiff waived that argument in her appeal. Instead, the only issue was whether it was an abuse of discretion for the court to dismiss her suit as a sanction for her intentional delay and continuous bad-faith conduct in failing to respond, object, or cooperate

---

[3] *See* Defendant's Exhibit A, referencing Bates Stamp documents responsive to Defendant's requests.
[4] *See* Defendant's Exhibit A (general objections preceding Answers to Interrogatories and Request for Production.)

with the discovery process or with repeated court orders. *Id.* at 291. In *Gross v. Gen. Motors Corp.*, 252 F.R.D. 693 (D. Kan. 2008), the court compelled the plaintiff to sign medical releases only after she and her attorney had agreed that the records were relevant and said they would be provided, but then failed to do so. Those cases are very different from the circumstances in the instant case.

4. The real reason for the releases is an inappropriate fishing expedition

Defendant's relies on *Morgan v. City of Jasper*, 959 F.2d 1542 (11th Cir. 1992) as support for delving so deeply into all aspects of Plaintiff's life, and its citation to *Morgan* apparently reveals the *real* reason for seeking such overbroad releases—the hope that such a fishing expedition may lead to some as-yet-undefined after-acquired evidence.[5] Such a fishing expedition is improper under longstanding Circuit precedent. *See, e.g., Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. Fla. 1972) (trial court must tailor overly broad discovery requests which otherwise permit a party to "go fishing"). Moreover, a *Morgan*-style fishing expedition is inconsistent with the Supreme Court's instructions for cases involving after-acquired evidence set forth in *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352 (1995). In *McKennon* the unanimous Court recognized that the "concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance" to resist discrimination claims is "not an insubstantial one," but it found solace in the authority of trial courts to restrict such efforts under the Rules of Civil Procedure. *Id.* at 363.

As the *McKennon* court understood, the process of discovery is not without limits, and this Court has discretion to view each discovery request within the context of the merits of the case and balance the needs of the parties to order only that discovery which is reasonable. Rules

---

[5] *See* Defendant's Motion at p.6, citing *Morgan* for the proposition that "discovery concerning former employers is relevant … *under the after-acquired evidence doctrine*." (emphasis added)

26(b)(2)(C) and 26(c)(1) require that the court strike a balance between, on the one hand, the fairly broad scope of permissible discovery and the benefit to the requesting party, and on the other hand the need to protect producing parties from undue burdens and privacy concerns. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 927946, at *3 (E.D. La. Apr. 3, 2008). The Defendant's efforts are inconsistent with that balance.

C.  **Plaintiff Should Not Be Required to Produce Attorney Work Product Information in the Form of a Log of All Attorney Interviews**

Plaintiff should not be required to supplement her answer to Interrogatory No. 2. First, Plaintiff is only required to disclose individuals likely to have information relevant to her claim and she has already done so in her response to Interrogatory No. 1 and in her Initial Disclosures. *See* Defendant's Exhibit A and Plaintiff's Exhibit B. Second, Defendant has offered no explanation or authority supporting the argument that they are entitled to attorney work product.

In fact, relevant case law holds that the identities of individuals interview by plaintiff's counsel prior to litigation constitute privileged work product. *Osherow v. Vann (In re Hardwood P-G, Inc.)*, 403 B.R. 445, 468-472 (W.D. Tex. 2009). As in *Hardwood*, Defendant is demanding to find out what Plaintiff and/or her attorneys are investigating—the exact definition of legitimate work production information. Requiring Plaintiff to reveal which individuals were interviewed directly infringes on work-product protections and "would permit opposing counsel to infer which witnesses counsel considers important, thus revealing mental impressions and trial strategy." *Elec. Data Sys. Corp. v Steingraber*, No. 4:02-CV-225, 2003 U.S. Dist. Lexis 11816, at *6 (E.D. Tex. June 27, 2003). Accordingly, the Court should deny Defendant's request that Plaintiff supplement her answer to Interrogatory No. 2.

## IV.
## CONCLUSION

Plaintiff Katherine Blummer opposes Defendant's Motion to Compel and asks the Court to deny Defendant's motion to produce her federal income tax returns for the past six years, to sign the executed releases attached to USA's Request for Production, and to supplement her response to Interrogatory No. 2. Plaintiff Blummer also asks the Court to award Plaintiff her costs, attorneys' fees, and such further relief to which she is entitled.

Respectfully submitted,

  /s/ Lucia Romano Ostrom
LUCIA ROMANO OSTROM
Attorney in Charge
Texas Bar No. 24033013
ADVOCACY, INC.
1500 McGowen, Ste. 100
Houston, Texas 77004
(713) 974-7691 Phone
(713) 974-7695 Fax

BRIAN EAST
Texas Bar No. 06360800
ADVOCACY, INC.
7800 Shoal Creek Blvd., Ste. 171E
Austin, Texas 78757
(512) 454-4816 Phone
(512) 454-3999 Fax
beast@advocacyinc.org

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2009, a true and correct copy of the foregoing document, in electronic form, was sent to the person listed below in accordance with the Local Rules for the U.S. District Court for the Southern District of Texas:

    Michael D. Mitchell
    Flyn L. Flesher
    Ogletree, Deakins, Nash, Smoak & Steward, P.C.
    One Allen Center
    500 Dallas Street, Suite 3000
    Houston, Texas 77002-4709

    /s/ Lucia Romano Ostrom
    Lucia Romano Ostrom