**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KATHERINE BLUMMER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 09-CV-00326** |
| | § | |
| **UNITED SPACE ALLIANCE, LLC,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

**PLAINTIFF'S MOTION TO COMPEL AND BRIEF IN SUPPORT**

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, Plaintiff moves this Court for an order compelling Defendant to respond fully and completely too various interrogatories and requests for production submitted by Plaintiff. Defendant's failure to produce information and documents central to Plaintiff's case after repeated requests has necessitated this Motion to Compel, as the information and documents Plaintiff seeks to compel are absolutely necessary to Plaintiff's case, and to her meaningful and productive participation in mediation. Plaintiff states as follows:

**I. NATURE OF CASE**

This is an action brought under Title I of the Americans with Disabilities Act, 42 U.S.C. §§12101 *et seq.* ("ADA") and under Chapter 21 of the Texas Labor Code, §§21.001 *et seq.* ("Chapter 21").

Plaintiff has McCune-Albright Syndrome accompanied by Polyostotic Fibrous Dysplasia. This is a chronic condition characterized by multiple and repeated bone fractures, the uneven growth of bones, pain, brittle bones and bone deformity. The bones most typically affected by this disorder are the femur, tibia and pelvis. Plaintiff's right femur bone frequently fractures, and due to this condition, her bone is constantly breaking and healing, causing constant and severe pain.

Plaintiff alleges that her former employer, USA, denied her reasonable accommodations and eventually discharged her because of her disability. Plaintiff was an employee of USA from May 2007 until November 2007 as a CAIL Certification Analyst. From the beginning of her employment with USA, she made Defendant aware of her disability and her need for reasonable accommodations including a flexible or alternative work schedule, and telecommuting or working from alternate locations. While Plaintiff attempted to complete USA's lengthy reasonable accommodation request process, USA began issuing disciplinary warning letters and notices, fully aware that Plaintiff had a disability and was actively seeking reasonable accommodations. Plaintiff was being assigned projects above and beyond the normal duties of an employee in her same position, and eventually was denied the accommodations that she needed. Plaintiff was discharged on November 2, 2007.

## II.    PROCEDURAL BACKGROUND

Plaintiff filed her Original Complaint on February 5, 2009. A Rule 16 Scheduling Order was issued by this Court on May 12, 2009. On June 5, 2009, Plaintiff served her First Set of Interrogatories and First Request for Production on Defendant, attached as Exhibit A. On July 15, 2009 Defendant served their Objections and Responses to Plaintiff's First Set of Interrogatories, and First Request for Production, attached as Exhibit B.

On August 14, 2009, Plaintiff wrote an extensive letter to Defendant, attached as Exhibit C, regarding Defendant's failure to produce and respond to several of Plaintiff's requests. On August 17, 2009, counsel for both parties conferred by phone regarding Plaintiff's letter, and Defendant's potential willingness and ability to produce missing information and documents in response to Plaintiff's First Set of Interrogatories, and First Request for Production served June 5, 2009. Defendant emailed a confirmation of the August 17, 2009 phone conversation, attached as Exhibit D. Although Defendant addressed the first three concerns outlined in Plaintiff's August 14, 2009 letter, the last five concerns still remain.

Based on the following facts and legal authority, Plaintiff seeks an order compelling USA to supplement its responses. The information Defendant has thus far refused to produce involves highly

relevant evidence that will have a very significant impact on Plaintiff's case. The evidence sought to be discovered is relevant to Plaintiff proving discrimination and the damages suffered as a result of the discrimination. Further, because Plaintiff counsel has forwarded correspondence to Defendant's counsel advising of various deficiencies in USA's responses, *e.g.* Exhibit C, without having received any further documents in response, Plaintiff also requests an award of the reasonable attorneys' fees and costs incurred in connection with this motion. *See* FED. R. CIV. P. 37(a)(5).

### III. BRIEF IN SUPPORT OF MOTION

Plaintiff seeks five categories of information through this Motion: (1) comparator information regarding the treatment of other employees with disabilities; (2) comparator information regarding other employees work schedules; (3) information (including comparator information) regarding Plaintiff's pay and benefits: (4) information regarding Defendant's net worth; and (5) information lost due to Defendant's incorrect objection to the number of interrogatories Plaintiff served on Defendant.

### A. Requests Related to Defendant's Conduct Toward Other Employees with Disabilities

Plaintiff's Interrogatory Nos. 6 and 13, and Request For Production Nos. 41 and 50, request information about the treatment of other individuals employed by Defendant who also have disabilities. *See* Exhibit A (Pl.'s Interrogs. at 6, 8; Pl.'s Req. for Produc. at 8.) Interrogatory No. 6 asks that Defendant provide information related to disability accommodations that Defendant has made, or has been requested to make, by other employees with disabilities. Interrogatory No. 13, and Request Nos. 41 and 50 ask that the Defendant provide information and produce documents related to other claims, complaints or lawsuits based on disability discrimination that have been filed against Defendant. All of these interrogatories are reasonably limited as to temporal and geographical scope.

#### *1. Relevance*

Information concerning other alleged disability-based discrimination by Defendant, and Defendant's alleged failure to accommodate other individuals with disabilities, is clearly relevant to the issue of whether Defendant discriminated against Plaintiff, and to the issue of Defendant's willingness

to accommodate Plaintiff. First, it is admissible to show intent. FED. R. EVID. 404(b). It will also reveal information about Defendant's treatment of other persons with disabilities or its willingness to accommodate them. Such evidence is also relevant to showing whether Defendant failed to engage in good faith in the interactive process of determining reasonable accommodations, and Defendant's discriminatory treatment of employees with disabilities. It may also reflect disparate treatment afforded Plaintiff.

Finally, the information sought, to the extent it shows Defendant's awareness of the ADA's legal requirements, is also relevant to Plaintiff's claim for punitive damages. *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999). ("'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law").

### 2. Objections

Defendant generally claims that this type of information is irrelevant, overbroad, burdensome, violates the *res inter alios acta* doctrine, and violates the privacy rights of individuals who are not parties to this lawsuit. *See* Exhibit B (Def.'s Obj. to Pl.'s Interrogs. at 5, 8; Def.'s Obj. to Pl.'s Req. for Produc. at 17, 20-21.) On the contrary, this information is relevant and discoverable, and Plaintiff has offered confidentiality protections. Therefore, Plaintiff is entitled to this information.

Defendant's relevance and *res inter alios acta* objections are without merit. Courts have consistently permitted plaintiffs to discover (and even present) evidence of an employer's treatment of other employees, as well as an employer's overall employment practices and policies. *See, e.g., Jackson v. Alterman Foods*, No. C83-2341A, 1984 U.S. Dist. LEXIS 23481, at *4 (N.D. Ga. Sept. 19, 1984) (holding that all complaints, lawsuits or charges concerning the same allegations of discrimination as plaintiff's are discoverable); *Southwest Hide Co. v. Goldston*, 127 F.R.D. 481, 484 (N.D. Tex. 1989) ("any evidence of an employer's overall employment practices may be essential to plaintiff's *prima facie* case." (*quoting Morrison v. City and County of Denver*, 80 F.R.D. 289, 292 (D. Colo. 1978))); *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 306 (5th Cir. 1973) ("[e]ven though a suit seeks only

individual relief for an individual instance of discrimination, and is not a "pattern or practice" suit...

past history of *both* black and white employees is surely relevant information" and "is therefore

discoverable") (emphasis in original).  Defendant cites no employment case even referring to the *res*

*inter alios acta* doctrine, and from Plaintiff's research, it has only ever been applied in one employment

discrimination case-- in the dissenting opinion. *See EEOC v. Franklin & Marshall Coll.*, 775 F.2d 110,

118 (3rd Cir. 1985).

      Defendant's objections that these requests are too broad and burdensome are also without merit.

The scope of discovery is intended to be broad. *See, e.g., Trevino v. Celanese Corp.*, 701 F.2d 397, 406

(5th Cir. 1983) (overturning the trial courts decision limiting the scope of discovery); *Burns,* 483 F. 2d

at 305 (asserting that judges should adhere to the "liberal spirit" of discovery rules); *Southwest Hide*

*Co.,* 127 F.R.D. 481 at 483 (discovery is not limited to the issues presented in the pleadings, but is

instead used to define and clarify issues in a case).

      Furthermore, these interrogatories and requests were reasonably limited in scope.  Plaintiff

limited these requests to information available in the last five years, and only to employees in the state

of Texas.  Courts have upheld discovery requests regarding the treatment of other employees when the

requests were similarly limited in scope. *See, e.g., Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42, 47

(W.D.N.Y. 1986) (allowing discovery of other discriminatory acts within Northeast Region of defendant

corporation); *Culkin v. Pitney Bowes, Inc.*, 225 F.R.D. 69 (D. Conn. 2004) (granting discovery request

that was limited to actions claiming discrimination within the same state and for a 5-year period

preceding plaintiff's termination). Finally, Defendant has given Plaintiff no indication of why Plaintiff's

requests are unduly burdensome.  Even discovery requests that will entail substantial work on

defendant's part, such as compiling, reviewing and synthesizing voluminous records, have been upheld.

*Burns,* 483 F.2d at 307.

Defendant also objects to these discovery requests based on the privacy interests of non-parties to this law suit. Plaintiff disagrees with Defendant's objection since courts have held in cases of job discrimination that employee information such as that contained in personnel files or other such information is discoverable. *See, e.g., Miles v. Boeing Co.,* 154 F.R.D. 112, 115 (E.D. Pa. 1994) ("the contents of the personnel file of plaintiff's replacement is clearly within the scope of Rule 26(b)..."); *see also Poseidon Oil Pipeline Co. v. Transocean Sedco Forex, Inc.,* No. 00-760, 2002 WL 31098543, at *1 (E.D. La. Sept. 18, 2002) (defendant compelled to produce non-party personnel files containing information regarding employee's background, training and employment history).[1]

In this case, any privacy interests of non-party employees are outweighed by Plaintiff's right to discover this information. However, in light of these privacy concerns, Plaintiff has offered a signed confidentiality agreement to Defendant. *See* Exhibit C. Adequate protections within the discovery process, such as confidentiality agreements, have been used to protect the privacy interests of those individuals. *See Miles,* 154 F.R.D. at 115. Defendant continues to object, however.

Defendant cites several cases to support their objections, but those cases are clearly distinguishable. First, Defendant's mischaracterizes *Burks v. Oklahoma Publishing Co.,* 81 F.3d 975 (10th Cir. 1996), *cert. denied* 519 U.S. 931 (1996), *Prouty v. National Railroad Passenger Corp.,* 99 F.R.D. 545 (D.D.C. 1983) and *EEOC v. District of Columbia Public Schools,* 217 F.R.D. 12 (D.D.C. 2003), as supporting in the contention that information regarding other disability discrimination complaints filed against Defendant is irrelevant. That is not their holdings. In *Burks,* the plaintiff requested documents regarding complaints of discrimination from the preceding ten years. The court concluded that discovery of information was "far in the past" and therefore "overburdensome and

---

[1] In addition, Plaintiff makes a "compelling showing of relevance," *e.g., Miller v. Fed. Express Corp.,* 186 F.R.D. 376, 384 (W.D. Tenn. 1999), because this information is necessary to show the extent of her alleged loss as a result of being terminated by the Defendant. *See also Donlin v. Philips Lighting N. Am. Corp.,* 564 F.3d 207, 224 (3rd Cir. 2009) (comparator information permissible for determining compensatory damages.) *See also infra* p. 11, regarding discussion of damages.

irrelevant." *Burks,* 81 F.3d at 981. The instant case is distinguishable because the information is limited to last five years, a much narrower scope that has been upheld as an appropriate temporal limitation. *See Culkin,* 25 F.R.D. at 72. In *Prouty* the plaintiff requested "information on all lawsuits filed" against defendant. *Prouty,* 99 F.R.D. at 549. The instant case is again distinguishable because the information is limited to

claims of disability discrimination. In the *D.C. Public Schools* case, the plaintiff in an ADEA case requested information regarding the teaching disciplines of each teacher hired in that academic year. Again the court decided that the information plaintiff was seeking "is not directly relevant" to plaintiff's claim of age discrimination. 217 F.R.D. at 16. In this case, the requested information regarding how Defendant has accommodated, attempted to accommodate, or failed to accommodate other employees with disabilities is directly relevant to Plaintiff's claim.

Defendant also cites *Waters v. United States Capitol Police Board,* 216 F.R.D. 153, 159 (D.D.C. 2003), a Title VII case, for the proposition that Plaintiff is not entitled to information regarding other employees who have a disability. In *Waters,* the court refused to allow additional discovery regarding the current composition of the defendant's workforce. This was disallowed because Plaintiff did not show the relevance of that information to her claim of illegal termination and retaliation. *Id.* However, the *Waters* court did order Defendant to produce to Plaintiff comparator information of other employees, including the number of persons terminated each year during a seven year period, the race of each person, and the reasons for each person's termination. *Id.* at 160. Like *Waters,* Plaintiff also seeks comparator information regarding the treatment of other employees with disabilities, and Defendant has refused to provide this information.

Finally, Defendant cites to *Rhone-Poulenc Rorer, Inc. v. Aetna Casualty & Surety Co.,* Civ. A. No. 88-9752, 1991 WL 183842, at *3 (E.D. Pa. Sept. 16, 1991), for the proposition that Plaintiff is not entitled to information and documents regarding other complaints of disability discrimination. The

*Rhone-Poulenc* case, however, is clearly distinguishable as plaintiffs in that case were seeking evidence of other claims against the defendants for negligent underwriting and unauthorized issuance of insurance policies. *Id.* The court in *Rhone-Poulenc* found that although the evidence sought by the plaintiffs "may be considered remotely relevant, its production would be unduly burdensome and disproportionate to this litigation." *Id.* at *14. Many other courts have allowed discovery of information regarding previous claims of disability discrimination, as sought herein. *See, e.g., Bryan v. Dean Foods Co.,* No. 01-C-50459, 2002 U.S. Dist. LEXIS 22637, at * 9 (N.D. Ill. Nov. 23, 2002); *Shannon v. NYC Transit Authority,* No. 00-Civ.-5079, 2001 LEXIS 3162, at * 4 (S.D.N.Y. Mar. 22, 2001) (request for other proceedings and claims of ADA discrimination is "relevant to the issues of intent, motivation and knowledge"); *Doebele v. Sprint Corp.,* No. 00-2053-KHV, 2001 U.S. Dist. LEXIS 25613, at *25 (D. Kan. June 5, 2001) (employer required to produce documents reflecting its investigation of any claim of discrimination and harassment on the basis of disability.)

Based on the foregoing analysis, Plaintiff asks that the Court order Defendant to produce the information and documents requested in Plaintiff's Interrogatory Nos. 6 and 13, and Requests Nos. 41 and 50, regarding its treatment of other individuals employed by Defendant who also have disabilities.

**B. Information Regarding Other Employees' Work Schedules**

Plaintiff's Request Nos. 37 and 38 ask for documents about Defendant's employees who worked in the same building or same campus as Plaintiff for the time period from April 25, 2007 to the present, reflecting such employees work schedules versus the actual time worked, and their work locations. *See* Exhibit A (Pl.'s Req. for Produc. at 7.)

**1. *Relevance***

As reasonable accommodations the Plaintiff requested (among other things) a flexible work schedule and the ability to work from alternate locations on occasions when the pain from her disability flared up, or to allow for doctor visits.  The Defendant apparently intends to argue that such

accommodations were impossible because they would prevent performance of the essential job functions. In an effort to get to the bottom of this, Plaintiff sought information about such schedules being offered to others. Plaintiff must be able to discover the work schedules and actual time worked as well as the location where these "comparators" worked, in order to demonstrate that the accommodations sought were reasonable, and that Plaintiff was held to a different standard. This information is precisely the type of information needed to establish that Plaintiff could perform the essential job functions with reasonable accommodations.

### 2. Objections

Defendant refused to provide comparative information, essentially claiming that personnel records of coworkers are neither relevant nor discoverable. This is simply untrue in this case.

In discrimination claims, information about the conduct of other employees, and the employer's response to it, is frequently discoverable. In *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991), the Fifth Circuit determined that the district court had abused its discretion by not allowing the plaintiff to obtain information about comparator employees, noting that such information "could be central to the plaintiffs' effort to prove pretext." The court said:

> The plaintiffs sought discovery of the personnel files of JPSO employees who had arguably been guilty of a variety of infractions more serious than those committed by plaintiffs, but who nevertheless were not discharged by Lee. . . . Evidence of repeated disparity in the punishment meted out . . . is clearly relevant in considering pretext. In Title VII litigation, in which plaintiffs are similarly required to demonstrate pretext, courts have customarily allowed a wide discovery of personnel files. All or some parts of these personnel files could be central to the plaintiffs' effort to prove pretext. The information contained therein may be in the exclusive control of the opposing party. We need not resort to a particularly broad definition of "relevance" in this case, however, to conclude that the district court's limitation of discovery constituted an abuse of discretion.

*Coughlin*, 946 F.2d at 1159.

Many other courts in this circuit have followed *Coughlin*. *See, e.g., Wilson v. Martin County Hosp. Dist.*, 149 F.R.D. 553, 555 (W.D. Tex. 1993) (granting plaintiff's motion to compel personnel information of other employees, noting that all or parts of the personnel files can be central to proving

pretext and are therefore discoverable); *Bernofsky v. Tulane Univ. Med. School*, 1996 U.S. Dist. LEXIS 5986, at *2 (E.D. La. April 22, 1996) (granting motion to compel personnel files, performance evaluations, and other documents pertaining to other employees); *Zatarain v. WDSU-Television, Inc.*, No. 94-1018, 1995 U.S. Dist. LEXIS 2944, at *2 (E.D. La. March 9, 1995) (upholding magistrate judge's order requiring employer to produce personnel files of other employees).

Courts outside the circuit also routinely grant such discovery. *See, e.g., McCrane v. Marconi Med. Sys., Inc.*, No. 01-1518, 2002 U.S. Dist. LEXIS 5556, at *9-10 (E.D. Pa. Mar. 28, 2002) (employer required to produce documents relating to attendance records of plaintiff's coworkers; time sheets were insufficient because they do not indicate the type of disciplinary actions taken against the other employees similarly situated as the plaintiff); *Tuszkiewicz v. Allen-Bradley Co., Inc.*, 172 F.R.D. 398, 400-401 (E.D. Wis. 1997) (ADA plaintiff entitled to production of documents concerning gifts given to co-workers because employer's defense was that it terminated plaintiff for accepting gifts in violation of company's ethics policy).

It is thus well established that job-discrimination claimants are entitled to discovery of similar coworker conduct. Nor does that conduct have to be disciplinary in nature. *See, e.g., Wilson v. Pa. State Police Dept.*, No. 94-6547, 1999 U.S. Dist. LEXIS 3165, at *8-9 (E.D. Pa. Mar. 11, 1999) (defendant required to produce information on vision ability of past state troopers who admitted to impaired vision because evidence that such troopers worked for years with vision no less impaired than that of the plaintiffs would go a long way in refuting defendant's claim that plaintiffs' vision levels were debilitating and its vision requirements reasonable).

As one might guess, the cases that the defendant cites to support its contention that personnel files of other employees are "generally irrelevant and not discoverable" are easily distinguishable. In fact, these cases actually support the contention that personnel information *is* discoverable, as long as it is relevant. In *Raddatz v. Standard Register Co.*, 177 F.R.D. 446, 448 (D. Minn. 1997), for example,

the court allowed discovery from the personnel files of terminated employees (e.g., names, contact information, dates of birth, ages at termination, reasons for terminations, and salaries at time of termination) because it was relevant to the claims of age discrimination. Similarly, in *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997), the court allowed information regarding disciplinary measures taken against other employees, merely placing temporal and geographical restrictions that still allowed broader discovery than Plaintiff seeks here.

In other cases cited by defendant where the court found the information not discoverable, the facts were totally inapposite. *Compare White v. Allstate,* No. 3-02-CV-1773-R, 2003 U.S. Dist. 7089, at *4-5 (N.D. Tex. 2003) (*pro se* plaintiff made no attempt to explain why she sought the performance-evaluation records of a specific analyst, who was not alleged to have been the discriminator, nor was plaintiff alleging discrimination in the evaluations), *and Zukoski v. Phila. Elec. Co.*, No. 93-4780, 1994 U.S. Dist. LEXIS 16187, at *12 (E.D. Pa. 1994) (personnel files in the possession of a non-party company were irrelevant to the plaintiff's discrimination claim against the defendant company), *with Gavenda v. Orleans County,* 182 F.R.D. 17 (W.D.N.Y. 1997) (request denied because the plaintiff refused to tell the court what information was required from each employee's file).

Based on the foregoing, Plaintiff asks that the Court order Defendant to produce all documents responsive to Plaintiff's Request Nos. 37 and 38 regarding other employee's work schedule and work location.

## C. Requests Regarding Plaintiff's Pay and Benefits and Comparator Information

To determine Plaintiff's claim for damages, Plaintiff requested in Interrogatory 12 the amount of salary and benefits that Plaintiff would have earned from the date of her separation from Defendant in November 2007 up to and including the present had she remained Defendant's employee. *See* Exhibit A (Pl.'s Interrogs. at 7.) Upon Defendant's objection, Plaintiff offered to modify this request to documents describing Plaintiff's salary, and the value of her benefits, at the time of Plaintiff's

separation from the company.  *See* Exhibit C.  Defendant continues to refuse to provide this.

Interrogatory No. 15 and Request Nos. 39 and 40 ask for information regarding the earnings of other

employees as "comparator" information, including information such as qualifications, pay, tasks,

assignments, disability status, etc. *See* Exhibit A (Pl.'s Interrog. at 8; Pl.'s Req. for Produc. at 7-8.)

### 1. Relevance

Information regarding Plaintiff's salary and the value of her benefits is relevant and discoverable

since it goes to Plaintiff's claim for damages. *See, e.g., Palasota v. Haggar Clothing Co.*, 499 F.3d 474,

483-484 (5th Cir. 2007) (ADEA case where damages based on plaintiff's earnings); *Rhodes v.*

*Guiberson Oil Tools*, 82 F.3d 615, 620 (5th Cir. 1996) (value of pension benefits included in calculation

of damages for ADEA plaintiff); *Pegues v. Miss. State Employment Serv.*, 899 F.2d 1449, 1453 (5th Cir.

1990) ("value of lost fringe benefits" included in damages calculation.)  Moreover, comparator

information is also relevant and discoverable because courts have consistently ruled that analyzing co-

employees' salary and benefits provide discoverable information regarding a claim for damages. *See,*

*e.g. Taylor v. Cent. Pennsylvania Drug & Alcohol Services Corp.*, 890 F. Supp. 360, 370 (M.D. Pa.

1995) (noting that courts evaluate a plaintiff's lost earning typically by "tracking the career of a

similarly situated co-worker who was not subjected to discrimination…"); *McMillan v. Massachusetts*

*Soc. for Prevention of Cruelty to Animals*, 140 F.3d 288, 305 (1st Cir. 1998) (recognizing back pay

calculations may be based on, among other things, the earning of specific comparators, the earnings of

the highest-paid comparator, or the averaged earnings of multiple comparators).

### 2. Objections

Defendant objected to these requests as overly broad, burdensome, irrelevant, invades the

privacy individuals who are not parties to this lawsuit and violates the *res inter alios acta* doctrine. *See*

Exhibit B (Def.'s Obj. to Pl.'s Interrogs. at 8, 9; Def.'s Obj. to Pl.'s Req. for Produc. at 15-17.)

Defendant's relevance and *res inter alios acta* objections are wholly without merit. First, information regarding Plaintiff's own salary and the value of her benefits are necessary for calculation of Plaintiff's alleged damages. *See Taylor*, 890 F. Supp. at 368. ("The back pay award encompasses not only lost wages, but also the benefits plaintiff would have received incident to her employment.")   In addition, the *res inter alios acta* doctrine has historically been applied to cases involving contract disputes, *e.g. Radtke v. Taylor*, 210 P. 863, 870 (Or. 1922), which are governed mostly by state law. In contrast, comparator information has repeatedly been permitted in cases of employment discrimination as a baseline measurement for calculating backpay. *See, e.g., EEOC v. Delight Wholesale Co., 973 F.2d 664, 670 (8th Cir. 1992)* (Title VII case upholding district court's finding that "the back pay award should be based on the salary for the position comparable to the one the claimant was unlawfully denied."); *Brown v. Marsh,* 713 F. Supp. 20, 22 (D.D.C. 1989), *aff'd* 918 F.2d 214 (D.C. Cir. 1990), *cert. denied,* 502 U.S. 810 (1991) ("A remedial decree which considers career progress improperly denied is well within this court's discretion under Title VII.")

Defendant's objections that these requests are too broad and burdensome are also without merit. First, Plaintiff's request for comparator information is properly limited to encompass only the information of employees who are "similarly situated." *See Northern v. City of Philadelphia,* No. 98-6157, 2000 WL 355526, at *3 (E.D. Pa. April 4, 2000.) The person(s) who took over Plaintiff's duties, as well as individuals with the same job title or position as the Plaintiff, would likely "have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct" as Plaintiff, *e.g. Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992), and would have also received similar salary and benefits. Second, these interrogatories and requests are reasonably limited as to temporal scope, as Plaintiff limited her request to information available from 2007 to the present. This request is properly restricted given that it begins with the period when Plaintiff began working for Defendant. *See, e.g. Stallworth v. Shuler*, 777 F.2d 1431, 1435 (11th Cir. 1985) (Title VII failure to

promote case upholding calculation of damages for seven year period beginning with the two year period preceding plaintiff's filing of an EEOC complaint.)

Moreover, Defendant contends that discovery of this information invades the privacy rights of individuals who are not parties to this lawsuit. In this case, any privacy interests of non-party employees are outweighed by Plaintiff's need for the information to substantiate her claim for damages.[2] Plaintiff, again aware of Defendant's privacy objections, offered a signed confidentiality agreement to Defendant. *See* Exhibit C. But again Defendant declined to enter into such an agreement.

Defendant cites several cases to support its objections, but they, too, are clearly distinguishable. In *Prouty v. National Railroad Passenger Corp.*, 99 F.R.D. 545, 549 (D.D.C. 1983), the court denied plaintiff's motion to compel on privacy grounds because the plaintiff sought to compel identification of employees by name. Plaintiff, in this case, is not concerned with identifying employees by name at this point. Rather, Plaintiff's requests regarding comparator information seeks qualifications, pay tasks, assignments and disability status, which will support Plaintiff's claim for damages. Moreover, the court in *Prouty* denied plaintiff's request as overbroad and burdensome because it sought information on comparators working in departments and positions that differed from the plaintiff. *Id.* at 549 ("Because plaintiff did not work in any other departments, job descriptions relating to positions within these departments would not be relevant to this litigation.") In contrast, Plaintiff's request is limited to the individual(s) who took over *her* duties, or who held the same or similar job title.

In addition, Defendant's reliance on *Raddatz v. Standard Register Co.*, 177 F.R.D. 446 (D. Minn. 1997) is inapposite. In *Raddatz*, the court declined to compel production of personnel files in their entirety, but permitted Plaintiff to obtain the identities, ages, contact information, reason for termination and salaries of comparators. *Id.* at 448. The court in *Raddatz*, was also dissatisfied with the

---

2 *See* discussion *supra* p. 6 concerning the discovery of employees' personnel files and privacy concerns.

expansive ten year scope of that plaintiff's requests. *Id.* In this case, however, Plaintiff's request is sufficiently restricted to two years.

Defendant also relies on *Waters v. US Capitol Police Board*, 216 F.R.D. 153, 159 (D.D.C. 2003), but that court found hiring information irrelevant to plaintiff's claim of illegal termination and retaliation. The instant case is distinguishable as Plaintiff's discovery is directly related to her claim for damages. Finally, Defendant cites *EEOC v. District of Columbia Public Schools*, 217 F.R.D. 12, 15 (D.D.C. 2003), in which the plaintiff claimed she was terminated from her teacher position in violation of the ADEA during a school district's reduction in force ("RIF"). The plaintiff requested production of the teaching disciplines of every teacher employed by the district at the time of her termination. *Id.* The court found that information irrelevant to the plaintiff's age discrimination claim where she did not allege a correlation between teaching disciplines and the reduction in force. *Id.* In this case, however, information on individuals who hold the same or similar job title to Plaintiff is directly connected to establishing the amount of Plaintiff's damages and is therefore discoverable. Moreover, Plaintiff's offer of a signed confidentiality agreement should sufficiently protect the privacy interests of any non-party employees. *See Miles, supra* 154 F.R.D. at 15.

Based on the foregoing, Defendant's objection to Interrogatory Nos. 12 and 15, and Request Nos. 39 and 40 are without merit. Plaintiff asks that the Court order the Defendant to produce the requested information and documents regarding Plaintiff's salary and the value of her benefits at the time of Plaintiff's separation from the company, and also other employee "comparator" information.

**D. Net Worth**

Plaintiff's Request Nos. 35 and 36, asks for documents about Defendant's net worth and financial status. Plaintiff limited the request for net worth information to all documents reflecting net worth from May 2005 to present. Plaintiff also limited the request for financial information to all

documents regarding financial status during the past three years. *See* Exhibit A (Pl.'s Req. for Produc. at 7.)

### 1. *Relevance*

The financial information Plaintiff seeks is relevant to her claim for punitive damages. Documents related to Defendant's net worth and general financial condition is discoverable because Plaintiff seeks punitive damages. *See Briones v. Smith Dairy Queens, Ltd.*, No. V-08-48, 2008 U.S. Dist. Lexis 82625, at *15 (S.D. Tex. Oct. 16, 2008) (finding that majority case law supported compelling defendant restaurant to produce annual reports and/or financial statements showing net worth where plaintiffs claimed punitive damages.)

### 2. *Objections*

Defendant objects to production on the grounds that the request is overbroad, unduly burdensome, non-specific and irrelevant. *See* Exhibit B (Def.'s Obj. to Pl.'s Req. for Produc. at 7.) These boiler-plate objections are without merit. *See Mid Continent Cabinetry, Inc. v. Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990) (granting plaintiff's motion to compel pre-trial discovery of defendant's financial statements and tax returns.) Moreover, this request is easily satisfied by Defendant producing a general statement of net worth or other financial statements kept in the ordinary course of business, *e.g. D'Onofrio v. SFX Sports Group, Inc.*, 247 F.R.D. 43, 53 (D.D.C. 2008).

Defendant's reliance on *Yund v. Covington Foods, Inc.*, 193 F.R.D. 582 (S.D. Ind. 2000) is not on point. Instead of resolving the discovery issue, the court delved into a discussion on whether punitive damages should ever be assessed against corporations. *Id.* at 587-588 (discussing punitive damages as sanctions for litigation misconduct and the law of diminishing marginal utility from other cases.) Therefore, while Defendant correctly stated that plaintiff's motion to compel discovery of defendant's net worth was denied in that case, the basis for that decision is neither on-point nor relevant to Defendant's objections to production of documents in this case.

Furthermore, pre-trial discovery on this issue is warranted without Plaintiff making a *prima facie* showing that she is entitled to recovery of punitive damages. *See U.S. v. Matusoff Rental Co.,* 204 F.R.D. 396, 399 (S.D. Ohio 2001). Discovery of Defendant's financial information is available by Plaintiff alleging punitive damages in her complaint, and a sound basis existing in the law for doing so. *Mid Continent Cabinetry, Inc.,* 130 F.R.D. at 152 ("plaintiff alleged sufficient facts to make a claim for punitive damages…it is sufficient for plaintiffs to show that his [sic] claim for punitive damages is not spurious in order to be entitled to discovery of defendant's financial condition.") Accordingly, the Court should order Defendant to produce documents related to Defendant's net worth and financial status.

### E. Number of Interrogatories

Plaintiff's First Set of Interrogatories included a total of sixteen interrogatories, some with subparts. A party may serve no more than twenty-five written interrogatories to opposing counsel. FED. R. CIV. P. 33(a)(1). Defendant repeatedly objects that Plaintiff has exceeded the allowable number of interrogatories beginning with Interrogatory No. 11. *See* Exhibit B (Def.'s Obj. to Pl.'s Interrogs. at 7-10.) Plaintiff disagrees with Defendant's position regarding the number of interrogatories served, and contends that under the "related questions" doctrine, Plaintiff is well within the twenty-five written interrogatory limit as set out by the rules.

Defendant apparently contends that it has not withheld information as a result of its objection to the number of interrogatories within Plaintiff's First Set of Interrogatories. However, in an email, Defendant emphasized that it would not be waiving the objection based on the number of interrogatories served. *See* Exhibit D at 1. But Defendant also asserts that had they waived the objection their discovery responses to the interrogatories would not have changed. Plaintiff, therefore, in order to clarify Defendant's position regarding this objection and what it has or has not withheld, asks the Court to compel Defendant to produce any information missing from its discovery response.

The rules and limitations placed on the number of interrogatories are intended to curb the past practice of serving hundreds of unrelated interrogatories on a party, which resulted in unnecessary expense in time and resources for the parties and the courts. *See Clark v. Burlington N. R.R.,* 112 F.R.D. 117, 119 (N.D. Miss. 1986). However, the rule is also not intended to stifle legitimate discovery. *Ginn v. Gemini, Inc.* 137 F.R.D. 320, 322 (D. Nev. 1991) ("Legitimate discovery efforts should not have to depend upon linguistic acrobatics, nor should they sap the court's limited resources in order to resolve hypertechnical disputes.") To balance these competing concerns, many courts count interrogatories under the "related questions" standard. *See, e.g. Clark,* 112 F.R.D. at 119; *Ginn,* 137 F.R.D. 320 at 322; *Kendall v. GES Exposition Serv., Inc.,* 174 F.R.D. 684, 685 (D. Nev. 1997); *Myers v. U.S. Paint Co.,* 116 F.R.D. 165, 166 (D. Mass. 1987). Furthermore since the court's ruling in *Ginn,* other courts follow that approach in determining the definition of "discrete subparts" under the rule. *See, e.g., White v. Cinemark USA, Inc.,* No. 04-CV-0397, 2005 U.S. Dist. LEXIS 41809, at *7 (E.D. Cal. Mar. 28, 2005) (granting plaintiff's motion to compel, using the analysis in *Ginn* in determining that the subparts of several interrogatories "are logically and factually subsumed within the primary question."); *Oliver v. City of Orlando,* No. 6:06-CV-1671-Orl-31DAB, 2007 U.S. Dist. LEXIS 80552, at *8 (M.D. Fla. Oct. 31, 2007) (granting defendant's motion to compel, using the *Ginn* analysis to determine that the subparts of certain interrogatories "are sufficiently logically related to the information sought in the primary question to by counted as a single question."); *Williams v. Taser Int'l, Inc.,* 1:06-CV-0051-RWS, 2007 U.S. Dist. LEXIS 40280, at *6 (N.D. Ga. June 4, 2007) (granting plaintiff's motion to compel, agreeing with *Ginn* that the "related question test" should be used.)

A strict interpretation of the rule limiting the number of interrogatories creates two problems. First, the propounding party is forced to draft vague and objectionable interrogatories; second, the propounding party must, out of necessity, quickly exhaust the number of available interrogatories they are allowed to propound, thus severely curtailing the ability to legitimately gather facts. *See Ginn,* 137

F.R.D. at 321-322.

Under the "related questions" standard, an interrogatory is counted as a single question, even though it may call for an answer containing several separate bits of information, if there is a relationship between the various bits of information called for. *See Clark,* 112 F.R.D. at 118. Adequate discovery is permitted when using the "related questions" standard while eliminating the problems of excessive and burdensome interrogatories. *Id.* at 119.

Applying the "related questions" standard to Plaintiff's interrogatories, Plaintiff's Interrogatory No. 3, for example, requested the following:

> Please state each and every job(s), title(s), or position(s) held by Plaintiff, list the essential job functions of each, and identify any documents evidencing, reflecting, or supporting the information sought and/or your response.

This is not several separate interrogatories, but one interrogatory in which all the subparts are "logically or factually subsumed within and necessarily related to the primary question." *See Kendall,* 174 F.R.D. at 685.

In sum, Defendant's hyper-technical application of FRCP 33(a)(1) does not comport with good faith under the rules, and Defendant should be ordered not to withhold answers because of the number of interrogatories submitted.

## IV. CONCLUSION

Plaintiff has attempted in good-faith through written correspondence and by telephone conference to resolve these discovery issues. *See* Exhibit C. Defendant has yet to produce the information or documents requested above, and have made it clear that its objections stand. *See* Exhibit D. Thus, Plaintiff properly seeks all documents responsive to her requests that are not protected by the attorney-client privilege or work product doctrine.

In conclusion, Plaintiff Katherine Blummer, asks the Court to grant her Motion to Compel

Defendant to respond to Plaintiff's First Set of Interrogatories and First Request of Production, and

order Defendant to pay her attorneys' fees and costs incurred in connection with this motion.

Respectfully submitted,

LUCIA ROMANO OSTROM
Attorney in Charge
State Bar No. 24033013
Southern Dist. of Texas No. 690123
Advocacy, Inc.
1500 McGowen, Suite 100
Houston, Texas 77004
(713)974-7691 (telephone)
(713)974-7695 (fax)

BRIAN EAST
State Bar Number 06360800
ADVOCACY, INCORPORATED
7800 Shoal Creek Boulevard, Suite 171-E
Austin, Texas  78757-1014
(512) 454-4816 (Phone)
(512) 323-0902 (Fax)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF CONFERENCE

On August 17, 2009, Lucia Romano Ostrom, attorney for Plaintiff, conferred with Flynn Flesher, attorney for Defendant.  Mr. Flesher and Ms. Romano Ostrom were unable to reach agreement on the matters addressed in this motion, and this motion is opposed.

## CERTIFICATE OF SERVICE

I certify that on this 1st day of September, 2009, a true and correct copy of the foregoing instrument, in electronic form, was sent to the person listed below in accordance with the Local Rules for the U.S. District Court for the Southern District of Texas:

Michael D. Mitchell
Flyn L. Flesher
Ogletree, Deakins, Nash, Smoak & Steward, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709

Lucia Romano Ostrom

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KATHERINE BLUMMER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 09-CV-00326** |
| | § | |
| **UNITED SPACE ALLIANCE, LLC,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § | |

## ORDER

The Court has considered Plaintiff's Motion to Compel. After reviewing the Motion, the evidence, Defendant's Response, if any, and the other pleadings on file in this matter, The Court is of the opinion that the Motion should be GRANTED. It is therefore:

ORDERED that Plaintiff's Motion to Compel is granted in its entirety, including ordering Defendant to pay Plaintiff's attorneys' fees and costs incurred in connection with this motion.

IT IS FURTHER ORDERED that within ten (10) calendar days from the date of this Order, Defendant shall produce documents responsive to Plaintiff's Request for Production Nos. 35, 36, 37, 38, 39, 40, 41, and 50 and shall fully respond to all interrogatories including but not limited to Interrogatory Nos. 6, 12, 13, and 15 from Plaintiff's First Set of Interrogatories.

SIGNED this _____ day of _____, 2009

_____
**U.S. DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE BLUMMER, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 4:09-CV-00326 |
| | § | |
| UNITED SPACE ALLIANCE, LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO UNITED SPACE ALLIANCE, LLC**

Plaintiff Katherine Blummer, submits the following interrogatories to Defendant United

Space Alliance, LLC, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

**Instructions for Interrogatories**

Your answers to these Interrogatories must be made and signed by you, separately and fully, in writing, while under oath.  You are required to serve your answers to these Interrogatories upon the undersigned counsel for Plaintiff within thirty (30) days of receipt.

These Interrogatories shall be deemed continuing so as to require you or your attorney to reasonably supplement your answers if either you, your attorney, or any other person acting on your behalf obtain further information between the time of your answers and time of trial.  You are further notified that these Interrogatories and your sworn answers hereto, may be used in evidence upon trial of this cause.

In answering these questions, please furnish all information available to you, including information in the possession of your attorney or any other person acting on your behalf. Additionally, please identify all individuals who provided you with information necessary to respond to the particular question.

If you cannot answer the Interrogatory in full after exercising due diligence to secure the information, so state in your answer, and to the extent possible, answer stating whatever information or knowledge you have, explain in detail the reasons why you cannot give a full answer, state what is needed to be done in order for you to be in a position to answer fully, and estimate when you will be in that position.

**EXHIBIT 'A'**

Your attention is called to the following important provisions of the Federal Rules of Civil Procedure regarding Interrogatories and their answers:

1.     You shall answer the Interrogatories separately and fully under oath, and your answers may be used in evidence upon trial of this cause.

2.     The answers here are to be signed by the Defendant and not by any agent or attorney.

3.     To the extent possible, the Interrogatories are to be answered in the spaces available.

4.     Your attorney in this case is not to sign or swear to the answers you have made to the Interrogatories.

5.     You and your attorney are under a duty to supplement your answers to these Interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer is no longer true and complete, even though it was correct and complete when made.

### Definitions

1.     "Person" means the plural as well as the singular and includes: natural persons, corporations, firms, associations, partnerships, joint ventures, trusts, estates, or any other form of legal entity; and governmental agencies, departments, units, or subdivisions thereof.

2.     "Documents" or "records" mean all original written, recorded or graphic matters whatsoever and nonidentical copies thereof, including but not limited to pleadings, motions, responses to discovery, papers, books, records, letters, photographs, tangible things, correspondence, communications, email, text messages, instant messages or other communications via the internet or online, hard copies or transcriptions of TTY or TDD communications, telegrams, cables, telex, FAX, messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or interviews or conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, agendas, jottings, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists of tabulations, sound records, computer printouts, data processing programs, libraries, data processing input and output, microfilm, books of account, records, invoices, statements of account, credit memoranda, and checks reflecting business operations, all records by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, all things to the foregoing however denominated by the parties and all documents as defined by the Federal Rules of Civil Procedure.

In cases where originals are not identical documents and are not available, "document" also means identical copies of the original documents and nonidentical copies thereof.  In all

2

cases where documents are in language other than English, "documents" include all translations and materials related to particular translations.

In the event that any items requested are unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the circumstances involved, and the date of each event.

3. "Communication" or "communications" includes, without limitation, in-person or telephone conversations, letters, e-mail, telegrams, cables, telexes, tapes or other sound recordings or means of transmitting information from one source to another.

4. "Identify" or "identity of" when referring:

    (a)    to a person, means to state his or her full name and present, or last known, business or residential street address, city, state, and phone number;

    (b)    to a public or private corporation, partnership, association, or other organization or to a governmental agency means to state its full name and present or last known pertinent business street address, city, state, and phone number;

    (c)    to a statement, means to identify who made it, who took or recorded it, and all others, if any present during the making thereof; to state when, where, and how it was taken or recorded, and to identify who has present or last known possession, custody, or control thereof;

    (d)    to a document, means to give a reasonable detailed description of it, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present, or last known, possession, custody, or control thereof; and,

    (e)    to any other tangible thing, means to give a reasonably detailed description of it, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody, or control thereof.

    (f)    to an act or event, means to give a reasonably detailed description of it and the date and time and place, if known, of its occurrence.

5. The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" shall mean without limitation.

6. "Defendant," "you," and "your" refers to United Space Alliance, LLC, and includes any and all predecessors-in-office, directors, officers, employees, agents, representatives, and any person or entity acting or purporting to act on its behalf, now or in the past.

7. "Accommodation" as used herein means any modifications or adjustments to the work

environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability to perform the essential functions of that position; or modifications or adjustments that enable an employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by other similarly situated employees without disabilities.

8. "Disability" as used herein means a mental or physical impairment that substantially limits at least one major life activity of an individual, a record of such an impairment, or being regarded as having such an impairment.

9. "Benefit" means any thing, service, or promise given in exchange for work. This term includes but is not limited to health insurance, vacation allotments, and payments made in money or in kind.

10. The terms "and" and "or" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

11. The term "Plaintiff" refers to the plaintiff in this lawsuit, Katherine Blummer, also known as Katie Blummer.

Respectfully submitted,

BRIAN EAST
Texas Bar No. 06360800
ADVOCACY, INC.
7800 Shoal Creek Blvd., Ste. 171E
Austin, Texas 78757
(512) 454-4816 Phone
(512) 454-3999 Fax
beast@advocacyinc.org

LUCIA ROMANO OSTROM
Attorney in Charge
Texas Bar No. 24033013
ADVOCACY, INC.
1500 McGowen, Ste. 100
Houston, Texas 77004
(713) 974-7691 Phone
(713) 974-7695 Fax

ATTORNEYS FOR PLAINTIFF

4

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of this document is being served upon Defendant through their attorney of record by certified mail, return receipt requested on this 5th day of June, 2009 as follows:

Mr. Michael D. Mitchell
Ogletree, Deakins, Nash,
Smoak & Steward, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
CM-RRR, No. 7007 1490 0004 9648 6430

Lucia Romano Ostrom

## INTERROGATORIES

1.     Identify each and every person who has given Defendant statements of any kind with respect to any matters concerning this lawsuit, describe the substance of all such statements, and identify any documents containing or referencing such statements.

ANSWER:

2.     If you contend that Plaintiff did not, or does not, have a disability, state each and every fact that supports your contention, identify any documents evidencing or supporting your contention, identify all people who participated in any evaluation of Plaintiff's disability status or health condition, and describe their knowledge of Plaintiff's health status or condition (both individually and generally).

ANSWER:

3.     Please state each and every job(s), title(s), or position(s) held by Plaintiff, list the essential job functions of each, and identify any documents evidencing, reflecting, or supporting the information sought and/or your response.

ANSWER:

4.     If you contend that Plaintiff could not fulfill any essential job functions of any of her jobs, titles, or positions, or if you contend that she is otherwise not qualified for any of her jobs, titles, or positions, please state each and every fact that supports your contention (including a precise identification of the impairment and a full explanation of how the impairment prevents performance of the essential job functions or make Plaintiff not qualified), and identify any documents that support your contention.

ANSWER:

5.     Please state the date of every instance in which Plaintiff's job performance was less than satisfactory, and for each instance, describe the nature of the unsatisfactory performance, whether or not Plaintiff was counseled, disciplined, warned, or reprimanded (whether orally or in writing), the identity of the person administering such action, the reason(s) for it, and the identify of any documents referencing each and every such instance or referencing any policy or procedure that you contend Plaintiff violated in each such instance.

ANSWER:

6.     Please describe the substance of each and every accommodation that you have made, or have been requested to make, by or on behalf of any employee with an impairment (including Plaintiff), and for each state the date of any request for accommodation, your response, all accommodations made, and the date of the accommodation or response.  Identify in your

answer all documents referencing any part of your answer. (You may limit your response to the last five years, and to your employees in the state or Texas.)

ANSWER:

7.   If you contend that there was no reasonable accommodation that Defendant could have provided to Plaintiff to allow her to continue in Defendant's employ, please state each and every fact that supports your contention, and identify any documents evidencing or supporting your contention.

ANSWER:

8.   If you contend that Plaintiff required no reasonable accommodation in order to satisfactorily perform all her essential job functions, state each and every fact that supports your contention, and identify any documents evidencing or supporting your contention.

ANSWER:

9.   Please describe in detail any interactive processes regarding reasonable accommodation that that the Plaintiff participated in and/or that the Defendant offered or attempted to arrange, and Plaintiff's responses to such attempts, and identify any documents referring to these interactive processes.

ANSWER:

10.  Please describe in detail Defendant's responses to each and every request for accommodation by (or on behalf of) the Plaintiff, and identify in your answer any documents reflecting or referring to such requests or to your repines to them, or that was used in evaluating Plaintiff's accommodation requests.

ANSWER:

11.  Please describe with specificity any accommodation(s) made or attempted by Defendant for Plaintiff, how they were identified or arrived at, the date and method of their implementation, and the identity of any documents evidencing or supporting your response or the referring or reflecting the information sought.

ANSWER:

12.  Please state the amount of salary and benefits that Plaintiff would have earned from the date of her separation from Defendant in November 2007 up to and including the present, had she been retained as an employee. Please set forth the calculations used or which could be used, to arrive at your response or to provide this information, and the identity of all documents used to arrive at your answer, or which could be used to calculate the information sought.

ANSWER:

13.    Please identify each applicant, employee, or former employee of the Defendant who has made a claim, or filed a lawsuit or administrative complaint, against the Defendant (including but not limited to complaints with the Texas Workforce Commission, the Texas Commission on Human Rights, or the Equal Employment Opportunity Commission) alleging disability discrimination, and for each such person, state the nature of the claim, the date the claim was filed, the entity it was filed with, the cause number or charge number associated with each, and the resolution of each (if any). (You may limit your response to the last five years, and to your employees in the state or Texas.)

ANSWER:

14.    Please state each and every fact, and identify each document, supporting the following defenses contained in your Original Answer to Plaintiff's Original Complaint:

    a.    Plaintiff's failure to exhaust administrative remedies, or that this lawsuit is barred by the statute of limitations and/or the doctrine of laches
    b.    Plaintiff's failure to mitigate damages
    c.    Plaintiff's lawsuit is barred and/or limited by the after-acquired evidence doctrine
    d.    Plaintiff's lawsuit is frivolous, without foundation, vexatious, and/or brought in bad faith
    e.    Any of Plaintiff's damages were caused in whole or in part by Plaintiff and/or a third party.

ANSWER:

15.    Please identify all employees holding the same or similar job title that the Plaintiff held, and describe the employment history (with Defendant) of each, including each person's qualifications, pay, tasks, assignments, disability status, and full descriptions of all alternative work schedules or locations, telecommuting, and leave, along with all procedures followed by employees and reasons for the arrangements. Identify in your answer all documents evidencing or supporting your contentions.

ANSWER:

16.    If during Plaintiff's employment with Defendant the Defendant had any policies, practices, or procedures regarding employees with a disability or reasonable accommodations, and if you are not producing any such policies, practices, or procedures in response to the Requests for Production served herewith, describe each of them in detail and identify in your answer all documents referencing such policies, practices, or procedures.

ANSWER:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KATHERINE BLUMMER,       §
                              §
       Plaintiff             §
                              §
v.                          §     Civil Action No. 4:09-CV-00326
                              §
UNITED SPACE ALLIANCE, LLC,   §
                              §
       Defendant.        §

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO UNITED SPACE ALLIANCE, LLC

Plaintiff Katherine Blummer, submits the following requests for production of documents to

Defendant United Space Alliance, LLC, pursuant to Rule 34 of the Federal Rules of Civil Procedure.

### Instructions

You are required to serve a written response within 30 days after the service of this request, which shall state, with respect to each item or category of items, that inspection will be permitted as requested, except to the extent that you object in writing to particular items, or categories of items, stating specific reasons why such discovery should not be allowed.

You are required to produce documents as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request. Documents that are regularly maintained stapled, clipped, or otherwise physically attached to other documents are to be produced in their stapled, clipped or otherwise physically attached form.

Each document produced pursuant to this Request for Production is to be identified by the specific number of the Request for Production with respect to which it is produced.

If you object to furnishing any requested document, please state the specific grounds of your objection and identify the document by its author, recipient, date, and subject matter and explain why you believe the document is protected from production.

If you object to a part of an item or category, you must specify the part and permit the inspection of the remaining part.

If, after responding to this request, you discover additional documents which are responsive to this request, you must supplement your response pursuant to Rule 26 (e) of the Federal Rules of Civil Procedure.

Unless otherwise instructed, all requests for production are limited to the time period beginning January 1, 2004 to the present.

## Definitions

1.  "Person" means the plural as well as the singular and includes: natural persons, corporations, firms, associations, partnerships, joint ventures, trusts, estates, or any other form of legal entity; and governmental agencies, departments, units, or subdivisions thereof.

2.  "Documents" or "records" mean all original written, recorded or graphic matters whatsoever and nonidentical copies thereof, including but not limited to pleadings, motions, responses to discovery, papers, books, records, letters, photographs, tangible things, correspondence, communications, email, text messages, instant messages or other communications via the internet or online, hard copies or transcriptions of TTY or TDD communications, telegrams, cables, telex, FAX, messages, memoranda, notes, notations, work papers, transcripts, minutes, reports and recordings of telephone or other conversations, or interviews or conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, agendas, jottings, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, price lists, client lists, journals, statistical records, desk calendars, appointment books, diaries, lists of tabulations, sound records, computer printouts, data processing programs, libraries, data processing input and output, microfilm, books of account, records, invoices, statements of account, credit memoranda, and checks reflecting business operations, all records by electronic, photographic or mechanical means, any notes or drafts relating to the foregoing, all things to the foregoing however denominated by the parties and all documents as defined by the Federal Rules of Civil Procedure.

    In cases where originals are not identical documents and are not available, "document" also means identical copies of the original documents and nonidentical copies thereof. In all cases where documents are in language other than English, "documents" include all translations and materials related to particular translations.

    In the event that any items requested are unavailable due to loss or destruction of documents, loss of memory, failure to keep documents, or otherwise, please identify the nature of the information, the last known person to have possession of the documents or information, the circumstances involved, and the date of each event.

3.  "Communication" or "communications" includes, without limitation, in-person or telephone conversations, letters, e-mail, telegrams, cables, telexes, tapes or other sound recordings or means of transmitting information from one source to another.

4.   The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" shall mean without limitation.

5.   "Policy" or "policies" mean all terms, criteria, guidelines, standards, operating instructions, rules, regulations, or memoranda that inform or guide the actions of Defendant.

7.   "Defendant," "you," and "your" refers to United Space Alliance, LLC, and includes any and all predecessors-in-office, directors, officers, employees, agents, representatives, and any person or entity acting or purporting to act on its behalf, now or in the past.

8.   "Accommodation" as used herein means any modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability to perform the essential functions of that position; or modifications or adjustments that enable an employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by other similarly situated employees without disabilities.

9.   "Disability" as used herein means a mental or physical impairment that substantially limits at least one major life activity of an individual, a record of such an impairment, or being regarded as having such an impairment.

10.  "Benefit" means any thing, service, or promise given in exchange for work.  This term includes but is not limited to health insurance, vacation allotments, and payments made in money or in kind.

11.  The terms "and" and "or" shall be construed conjunctively or disjunctively to bring within the scope of this request any information which might otherwise be construed to be outside its scope.

12.  The term "Plaintiff" refers to the plaintiff in this lawsuit, Katherine Blummer, also known as Katie Blummer.

Respectfully submitted,

BRIAN EAST
Texas Bar No. 06360800
ADVOCACY, INC.
7800 Shoal Creek Blvd., Ste. 171E
Austin, Texas 78757
(512) 454-4816 Phone
(512) 454-3999 Fax
beast@advocacyinc.org

LUCIA ROMANO OSTROM
Attorney in Charge
Texas Bar No. 24033013
ADVOCACY, INC.
1500 McGowen, Ste. 100
Houston, Texas 77004
(713) 974-7691 Phone
(713) 974-7695 Fax

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of this document is being served upon Defendant through their attorney of record by certified mail, return receipt requested on this 5th day of June, 2009 as follows:

Mr. Michael D. Mitchell
Ogletree, Deakins, Nash,
Smoak & Steward, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas 77002-4709
CM-RRR, No. 7007 1490 0004 9648 6430

Lucia Romano Ostrom

## REQUESTS FOR PRODUCTION

You are requested to produce the following:

1. Plaintiff's complete personnel files, whether formal or informal.

2. All documents referring to, or sent by or to, the Plaintiff, including material not in her personnel file.

3. All of Plaintiff's job application materials.

4. All of Plaintiff's completed "New Hire Security Package," including but not limited to her Voluntary Self-Identification Record.

5. Any and all documents evidencing, or referring to, any conversation between Defendant (or its agents or employees) and the Plaintiff (or her agents or representatives).

6. Any and all statements from any person, including Plaintiff, concerning the allegations the subject of this suit.

7. Any and all documents referring to Plaintiff's health, health condition, or impairment.

8. Any and all documents reflecting, or referring to, Plaintiff's disclosure of any health issue, health condition, or impairment to Defendant.

9. Any and all documents reflecting or referring to Plaintiff's employment with any other entity besides the Defendant.

10. Any and all documents that support Defendant's contention (in its Tenth Defense in its Original Answer) that "Plaintiff was not and/or is not disabled within the meaning of the Americans with Disabilities Act, as amended, and/or the Texas Labor Code," or that "Plaintiff does not and/or did not have a disability within the meaning of the Americans with Disabilities Act, as amended and/or the Texas Labor Code."

11. Any and all documents supporting Defendant's contention (in its Second Defense in its Original Answer) that "Plaintiff failed to exhaust administrative remedies."

12. Any and all documents supporting Defendant's contention (in its Third Defense in its Original Answer) that "Plaintiff's lawsuit is barred by the applicable statute of limitations and/or the doctrine of laches."

13. Any and all documents supporting Defendant's contention (in its Sixth Defense in its Original Answer) that "Plaintiff has failed to mitigate her alleged damages."

14. All documents, materials, files, notes, emails and other communications (including documents making reference to any such communications) with any physician, medical or healthcare provider, or other medical or healthcare professional regarding Plaintiff.

15. Any and all documents regarding Plaintiff's polyostotic fibrous displasia, McCune-Albright Syndrome, bone fractures, health, health status, or physical condition.

16. Any and all documents from, or referring to, any of Plaintiff's medical or healthcare providers (or any agent or employee of each and every such provider).

17. Any and all medical files, medical records, medical reports, summaries, evaluations, analyses, or other document of a medical nature held, maintained, received or otherwise known by Defendant regarding Plaintiff.

18. Any and all documents comprising, reflecting, or referring to any request by Defendant for medical information about the Plaintiff, or any release or authorization to acquire such information.

19. Defendant's organizational chart(s) that include the position(s) held by Plaintiff.

20. All job descriptions for each and every job or position Plaintiff held with Defendant.

21. All documents describing the essential functions of each and every job or position Plaintiff held with Defendant.

22. All documents describing the non-essential functions of each and every job or position Plaintiff held with Defendant.

23. Any and all documents reflecting or referring to all of Plaintiff's work, assignments, tasks, or projects while with Defendant.

24. Documents reflecting (a) each position and/or job title with Defendant that Plaintiff held, (b) the dates Plaintiff was in each job or position; (c) any and all supervisors for each such position or job; and (d) the pay earned by Plaintiff in each position for each period she held it (including but not limited to wages, salary, bonuses, incentive pay, etc.).

25. Documents reflecting or referring to (a) any hours (or portion of hours) worked by the Plaintiff, and (b) the dates and times the Plaintiff worked.

26. Any and all documents referring to or reflecting the nature of any benefits of employment that Plaintiff received, or was entitled to receive, while with Defendant, and any and all documents referring to or reflecting the value of any such benefits.

27. Documents reflecting any and all types and amounts of leave time to which Plaintiff was entitled, was given, earned, or would have had access to (including but limited to vacation leave, sick leave, medical leave, FMLA leave, personal leave, catastrophic leave, disability leave, etc.).

28. Documents reflecting (for the time period 4/25/07 to the present) any and all policies, practice, and procedures relating to leave time of any kind (including but limited to vacation leave, sick leave, medical leave, FMLA leave, personal leave, catastrophic leave, disability

leave, etc.) that was offered or available to employees in the same job or position(s) as that held by Plaintiff.

29. Any and all work schedules for, or applicable to, the Plaintiff while she was with Defendant.

30. Documents describing the qualifications—including but not limited to the skills, education, training, certifications, and/or experience—required for each position and/or job title with Defendant that Plaintiff held.

31. Any and all documents reflecting or referring to Defendant's assessment of Plaintiff's qualifications for the job.

32. Any and all performance evaluations or job reviews (whether formal or informal) of the Plaintiff during her period of employment with the Defendant, including notes or other documents reflecting or referring to opinions expressed by any of the Plaintiff's supervisors, co-workers, or other persons, regarding Plaintiff's employment or job performance, even if expressed anonymously.

33. Any and all documents reflecting, or referring to, any instance in which Plaintiff's job performance was less than satisfactory, the nature of the unsatisfactory performance, whether or not Plaintiff was counseled, disciplined, or reprimanded, the identity of any person(s) administering the counseling, discipline, or reprimand, or to the reason(s) for the counseling, discipline, or reprimand.

34. Any and all documents reflecting, or referring to, (a) Plaintiff's separation from Defendant; (b) the reason(s) for the separation; and (c) the identity of the person making any such decision, or providing input into any such decision.

35. Any and all documents reflecting, indicating, or referring to Defendant's net worth from May 2005 to the present.

36. Any and all financial statements of Defendant prepared by or for Defendant's shareholders, officers, and/or directors, or for any governmental entity, during the past three years.

37. For any and all of Defendant's employees who were employed in the same building or on the same campus as the Plaintiff, documents (for the time period from 4/25/07 to the present) reflecting or referring to any times when such employees came in early or left late.

38. For any and all of Defendant's employees whose normal work station(s) was in the same building or on the same campus as the Plaintiff, documents (for the time period from 4/25/07 to the present) reflecting or referring to any times when such employees worked from home or other alternate locations.

39. The personnel file of the person(s) who took over Plaintiff's duties after her separation, together with documents reflecting (for the time period from 4/25/07 to the present) each such person's qualifications, pay tasks, assignments, and disability status.

40. For the time period from 4/25/07 to the present, documents reflecting the employment history (with Defendant) of each person holding the same or similar job title or position as Plaintiff held, including documents reflecting that person's qualifications, pay, tasks, assignments, and disability status.

41. Any and all documents reflecting or referring to each and every charge, lawsuit, or administrative complaint of disability discrimination that has been made or filed within the past five years by any current or former employee of Defendant in the state of Texas.

42. Documents reflecting Defendant's document-retention policies relating to personnel-type material, such as personnel files, time sheets, job evaluations, application materials, rates of pay, disciplinary actions, terminations, accommodations for employees with disabilities, etc.

43. Documents reflecting Defendant's policies, practices, and procedures, in effect during any potion of the Plaintiff's period of employment, regarding (a) employees with disabilities, or (b) reasonable accommodation requests.

44. Any and all documents referring to, or reflecting, conversations or correspondence (including via electronic communications) between Defendant's agents or employees and Plaintiff that dealt in whole or in part with: (a) Defendant's reasonable accommodation procedure; (b) any interactive processes regarding reasonable accommodation that the Plaintiff participated in and/or that the Defendant offered or attempted to arrange.

45. Documents reflecting all of Defendant's policies, practices, or procedures regarding telework, telecommuting, nonstandard or alternative work schedules or locations, and/or medical leave.

46. Any and all documents referring to, or reflecting, any communication by the Plaintiff or the Defendant regarding telework, telecommuting, alternative work schedules or locations, medical leave, or physical devices requested because of her medical or health condition.

47. Any and all documents reflecting, or referring to, the Defendant's provision of any reasonable accommodations to the Plaintiff.

48. Any and all documents reflecting, or referring to, the assessment of Plaintiff's reasonable accommodation requests, including their likely effectiveness and cost to Defendant.

49. Any and all documents regarding the reasons for refusal of any of the Plaintiff's reasonable accommodation requests.

50. Any and all documents reflecting, or referring to, each and every "reasonable accommodation" Defendant has made, or have been requested to make, during the past five years, on behalf of any person with a disability or claimed disability in the state of Texas. Your response should include but not limited to any and all documents about the actual or estimated cost of each accommodation, the date of each request, the nature of the accommodation(s) requested, your response to the request and date of response, any and all accommodations made, and the dates on which such accommodations were made.

8

51.  Any and all documents that support Defendant's contention (in its Eighth Defense in its Original Answer) that "Plaintiff's lawsuit and alleged damages are barred and/or limited by the after-acquired evidence doctrine."

52.  Any and all documents that support Defendant's contention (in its Seventh Defense in its Original Answer) that "Plaintiff's lawsuit is frivolous, without foundation, vexatious, and/or brought in bad faith."

53.  Any and all documents that support Defendant's contention (in its Ninth Defense in its Original Answer) that "Plaintiff's damages, if any, were caused and/or were solely caused by Plaintiff's own conduct and/or by third parties."

54.  Any and all documents that support Defendant's contention (in its Twelfth Defense in its Original Answer) that Plaintiff's refused to participate in good faith with the Defendant in the interactive process, or that "Plaintiff's refusal to participate in good faith with the Defendant in the interactive process bars her claim(s)."

55.  Any and all documents that support Defendant's contention (in its Thirteenth Defense in its Original Answer) that "Defendant reasonably accommodated Plaintiff."

56.  Any and all photographs, videos, or audio recordings (or any electronic data from which any such can be generated) of, or about, the Plaintiff, or that Defendant may use to support its claims or defenses.

57.  All documents to, from, or about any expert witnesses who may testify in this case, including but not limited to correspondence, billing, vitae, or reports.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KATHERINE BLUMMER,                    §
    Plaintiff                          §
                                       §
v.                                    §        Civil Action No. 09-CV-00326
                                       §
UNITED SPACE ALLIANCE, LLC,           §
    Defendant.                         §        JURY TRIAL DEMANDED

## DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:    Plaintiff Katherine Blummer by and through her attorney of record Lucia Romano Ostrom, Advocacy Inc., 1500 McGowen, Suite 100, Houston, TX 77004

Defendant United Space Alliance, LLC ("Defendant") provides these Objections and Answers to Plaintiff's First Set of Interrogatories. Defendant reserves the right to supplement these Objections and Answers at a later date.

### GENERAL OBJECTIONS

Defendant asserts the following general objections to the discovery requests tendered. These general objections are to be deemed incorporated into Defendant's answers to Plaintiff's discovery requests.

1.    Defendant objects to Plaintiff's interrogatories to the extent they seek to impose obligations on Defendant greater than those imposed by the Federal Rules of Civil Procedure.

2.    Defendant objects to all interrogatories that seek information that is privileged under either the attorney-client privilege, investigative privilege, party communications privilege, and/or the attorney work product doctrine.

3.    Defendant objects to all interrogatories that are vague, ambiguous, overly broad and/or burdensome as to scope, time and geographic locations, and Defendant objects to all

**EXHIBIT 'B'**

5.      By responding to these requests for production, Defendant does not in any way waive or intend to waive, but instead intend to preserve, all objections as to the competency, relevancy, materiality, or admissibility of the responses or the subject matter thereof.

6.      To the extent any request seeks documents dated prior to August 27, 2006 or pertaining to events that occurred prior to August 27, 2006, Defendant objects that the request is overly broad and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

Michael D. Mitchell #00784615
OGLETREE, DEAKINS, NASH, SMOAK
        AND STEWART, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas  77002
Telephone:  (713) 655-5756
Facsimile:  (713) 655-0020

ATTORNEY-IN-CHARGE FOR DEFENDANT
UNITED SPACE ALLIANCE, LLC

Of Counsel:

Flyn L. Flesher #24059756
Ogletree, Deakins, Nash, Smoak
        and Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas  77002
Telephone: (713) 655-0855
Facsimile: (713) 655-0020

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing pleading has been forwarded pursuant to the Federal Rules of Civil Procedure to Lucia Romano Ostrom, Advocacy, Inc., 1500 McGowen, Suite 100, Houston, TX 77004 on the 15th day of July, 2009.

Flyn L. Flesher

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each and every person who has given Defendant statements of any kind with respect to any matters concerning this lawsuit, describe the substance of all such statements, and identify any documents containing or referencing such statements.

**ANSWER:**  Defendant objects that the word "statement" is vague, ambiguous, and insufficiently specific for Defendant to determine what it is being asked.  Subject to and without waiving the objections, none.

**INTERROGATORY NO. 2:**

If you contend that Plaintiff did not, or does not, have a disability, state each and every fact that supports your contention, identify any documents evidencing or supporting your contention, identify all people who participated in any evaluation of Plaintiff's disability status or health condition, and describe their knowledge of Plaintiff's health status or condition (both individually and generally).

**ANSWER:**  Pursuant to Federal Rule of Civil Procedure 33(d), Defendant answers this interrogatory by referring Plaintiff to Plaintiff's Health Services; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding her health; and photos, e-mails, correspondence, and memoranda regarding major life activities.

**INTERROGATORY NO. 3:**

Please state each and every job(s), title(s), or position(s) held by Plaintiff, list the essential job functions of each, and identify any documents evidencing, reflecting, or supporting the information sought and/or your response.

**ANSWER:**  Pursuant to Federal Rule of Civil Procedure 33(d), Defendant answers this interrogatory by referring Plaintiff to Plaintiff's job description and application documents in security file.

**INTERROGATORY NO. 4:**

If you contend that Plaintiff could not fulfill any essential job functions of any of her jobs, titles, or positions, or if you contend that she is otherwise not qualified for any of her jobs, titles, or positions, please state each and every fact that supports your contention (including a precise identification of the impairment and a full explanation of how the impairment prevents performance of the essential job functions or make Plaintiff not qualified), and identify any documents that support your contention.

4

**ANSWER:** Regular, timely attendance was an essential function of Plaintiff's job. Furthermore, Plaintiff was a part of a team, and the efficient functioning of the team necessitated the presence of all members. Pursuant to Federal Rule of Civil Procedure 33(d), Defendant further answers this interrogatory by referring Plaintiff to the Senior Management Review Board file, documents submitted by Defendant and contained in the TWC-CRD file, and the spreadsheet entitled "Time Worked and Assigned Tasks – Katherine Blummer."

**INTERROGATORY NO. 5:**

Please state the date of every instance in which Plaintiff's job performance was less than satisfactory, and for each instance, describe the nature of the unsatisfactory performance, whether or not Plaintiff was counseled, disciplined, warned, or reprimanded (whether orally or in writing), the identity of the person administering such action, the reason(s) for it, and the identify [sic]of any documents referencing each and every such instance or referencing any policy or procedure that you contend Plaintiff violated in each such instance.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), Defendant answers this interrogatory by referring Plaintiff to the Senior Management Review Board file, documents submitted by Defendant and contained in the TWC-CRD file, and the spreadsheet entitled "Time Worked and Assigned Tasks – Katherine Blummer."

**INTERROGATORY NO. 6:**

Please describe the substance of each and every accommodation that you have made, or have been requested to make, by or on behalf of any employee with an impairment including Plaintiff), and for each state the date of any request for accommodation, your response, all accommodations made, and the date of the accommodation or response. Identify in your answer all documents referencing any part of your answer. (You may limit your response to the last five years, and to your employees in the state or Texas.)

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that information about other employees are generally irrelevant and not discoverable. See, e.g., Onwuka v. Federal Express Corp., 178 F.R.D. 508, 516 (D. Minn. 1997); Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997); accord Whittingham v. Amherst College, 164 F.R.D. 124, 127 (D. Mass. 1995); White v. Allstate, No. 3-02-CV-1733-R, 2003 WL 21488221, at *2 (N.D. Tex. Apr. 25, 2003); Gavenda v. Orleans County, 182 F.R.D. 17, 29 (W.D. N.Y. 1997); Zukoski v. Philadelphia Electric Co., No. Civ. A. 93-4780, 1994 WL 637345, at *3 (E.D. Pa. Nov. 14, 1994). Defendant also objects that the interrogatory invades the privacy rights of individuals who are not parties to this lawsuit. Defendant also objects to this interrogatory on the basis of the res inter alios acta doctrine. Plaintiff must prove its own case through her own facts and circumstances. See Prouty v. National Railroad Passenger Corp., 99 F.R.D. 545, 549 (D.D.C. 1983) ("The Court finds that the names of [defendant's] employees are not relevant to plaintiff's

suit."); EEOC v. District of Columbia Public Schools, 217 F.R.D. 12, 15 (D.D.C. 2003) ("The information plaintiff seeks, *i.e.*, the teaching disciplines of every teacher employed by DCPS at the time of the RIF, is not directly relevant to the plaintiff's claims that DCPS discriminated against [plaintiff] on the basis of her age when they terminated her."); Waters v. United States Capitol Police Bd., 216 F.R.D. 153, 159 (D.D.C. 2003) (denying, in a Title VII race discrimination case, plaintiff's discovery request for information regarding "the name of each person who [currently] work[ed] for the defendant, his or her race, date of hire, current position and grade."). Subject to and without waiving the objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendant answers this interrogatory by referring Plaintiff to Plaintiff's Health Services; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding reasonable accommodations; ergonomics assessment file; documents contained in the Senior Management Review Board file; notes from meetings with Plaintiff on medical accommodations; documents containing the heading "Follow-up on Katherine Blummer's Medical Accommodations;" and attached e-mails and correspondence.

**INTERROGATORY NO. 7:**

If you contend that there was no reasonable accommodation that Defendant could have provided to Plaintiff to allow her to continue in Defendant's employ, please state each and every fact that supports your contention, and identify any documents evidencing or supporting your contention.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), Defendant answers this interrogatory by referring Plaintiff to documents contained in the Senior Management Review Board file and Health Services; notes from meetings with Plaintiff on medical accommodations; documents containing the heading "Follow-up on Katherine Blummer's Medical Accommodations."

**INTERROGATORY NO. 8:**

If you contend that Plaintiff required no reasonable accommodation in order to satisfactorily perform all her essential job functions, state each and every fact that supports your contention, and identify any documents evidencing or supporting your contention.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), Defendant answers this interrogatory by referring Plaintiff to Plaintiff's Health Services; ergonomics file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding her health; the Senior Management Review Board file; spreadsheet entitled "Time Worked and Assigned Tasks – Katherine Blummer;" and attached photos, e-mails, correspondence, and memoranda.

**INTERROGATORY NO. 9:**

Please describe in detail any interactive processes regarding reasonable accommodation that the Plaintiff participated in and/or that the Defendant offered or attempted to arrange, and Plaintiff's responses to such attempts, and identify any documents referring to these interactive processes.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), Defendant answers this interrogatory by referring Plaintiff to the her Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding reasonable accommodations; ergonomics assessment file; documents contained in the Senior Management Review Board file; notes from meetings with Plaintiff on medical accommodations; documents containing the heading "Follow-up on Katherine Blummer's Medical Accommodations;" attached e-mails and correspondence; and the CD containing surreptitious recordings made by Plaintiff that is being produced by Defendant in discovery.

**INTERROGATORY NO. 10:**

Please describe in detail Defendant's responses to each and every request for accommodation by (or on behalf of) the Plaintiff, and identify in your answer any documents reflecting or referring to such requests or to your repines [sic] to them, or that was used in evaluating Plaintiff's accommodation requests.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), Defendant answers this interrogatory by referring Plaintiff to the her Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding reasonable accommodations; ergonomics assessment file; documents contained in the Senior Management Review Board file; notes from meetings with Plaintiff on medical accommodations; documents containing the heading "Follow-up on Katherine Blummer's Medical Accommodations;" and attached e-mails and correspondence.

**INTERROGATORY NO. 11:**

Please describe with specificity any accommodation(s) made or attempted by Defendant for Plaintiff, how they were identified or arrived at, the date and method of their implementation and the identity of any documents evidencing or supporting your response or the referring or reflecting the information sought.

**ANSWER:** Defendant objects to this interrogatory because it exceeds the number, counting discrete sub-parts, that may be served upon another party without first obtaining leave of Court. Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the extent the interrogatory seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, pursuant to Federal Rule of Civil

Procedure 33(d), Defendant answers this interrogatory by referring Plaintiff to her Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding reasonable accommodations; ergonomics assessment file; documents contained in the Senior Management Review Board file; notes from meetings with Plaintiff on medical accommodations; documents containing the heading "Follow-up on Katherine Blummer's Medical Accommodations;" and attached e-mails and correspondence.

### INTERROGATORY NO. 12:

Please state the amount of salary and benefits that Plaintiff would have earned from the date of her separation from Defendant in November 2007 up to and including the present, had she been retained as an employee. Please set forth the calculations used or which could be used, to arrive at your response or to provide this information, and the identity of all documents used to arrive at your answer, or which could be used to calculate the information sought.

**ANSWER:**   Defendant objects to this interrogatory because it exceeds the number, counting discrete sub-parts, that may be served upon another party without first obtaining leave of Court. Defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, calls for speculation, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that the interrogatory seeks to require Defendant to provide opinion testimony that instead should be provided by an expert witness. Subject to and without waiving the objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendant answers this interrogatory by referring Plaintiff to her personnel file and to benefits information contained in the TWC-CRD file.

### INTERROGATORY NO. 13:

Please identify each applicant, employee, or former employee of the Defendant who has made a claim, or filed a lawsuit or administrative complaint, against the Defendant (including but not limited to complaints with the Texas Workforce Commission, the Texas Commission on Human Rights, or the Equal Employment Opportunity Commission) alleging disability discrimination, and for each such person, state the nature of the claim, the date the claim was filed, the entity it was filed with, the cause number or charge number associated with each, and the resolution of each (if any). (You may limit your response to the last five years, and to your employees in the state or Texas.)

**ANSWER:**   Defendant objects to this interrogatory because it exceeds the number, counting discrete sub-parts, that may be served upon another party without first obtaining leave of Court. Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this interrogatory on the basis of the res inter alios acta doctrine.  Plaintiff must prove her own case through her own facts and circumstances.  Information regarding employment discrimination claims or lawsuits filed by other employees is not relevant and not discoverable. See Prouty v. Nat'l R.R. Passenger Corp.,

99 F.R.D. 545, 549 (D.D.C. 1983) ("The Court finds that issues raised in other lawsuits are not relevant to this case. Therefore, the Court denies plaintiff's motion to compel."); Rhone-Poulenc Rorer, Inc. v. Aetna Cas. & Sur. Co., Civ. A. No. 88-9752, 1991 WL 183842, at *3 (E.D. Pa. Sept. 16, 1991) ("other lawsuits filed against a party are not reasonably calculated to lead to the discovery of admissible evidence and therefore are not discoverable."); see also Burks v. Oklahoma Publ'g Co., 81 F.3d 975, 981 (10th Cir.) (district court correctly denied plaintiff's motion to compel discovery of applicants' and employees' complaints of discrimination over the past ten years), cert. denied, 519 U.S. 931 (1996).  Subject to and without waiving the objections, on information and belief, Plaintiff is the only applicant, employee, or former employee of the Defendant who has made a claim, or filed a lawsuit or administrative complaint, against the Defendant alleging disability discrimination.

## INTERROGATORY NO. 14:

Please state each and every fact, and identify each document, supporting the following defenses contained in your Original Answer to Plaintiff's Original Complaint:

- a.   Plaintiff's failure to exhaust administrative remedies, or that this lawsuit is barred by the statute of limitations and/or the doctrine of laches
- b.   Plaintiff's failure to mitigate damages.
- c.   Plaintiff's lawsuit is barred and/or limited by the after-acquired evidence doctrine
- d.   Plaintiff's lawsuit is frivolous, without foundation, vexatious, and/or brought in bad faith
- e.   Any of Plaintiff's damages were caused in whole or in part by Plaintiff and/or a third party.

**ANSWER:**   Defendant objects to this interrogatory because it exceeds the number, counting discrete sub-parts, that may be served upon another party without first obtaining leave of Court. Subject to and without waiving the objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendant answers these interrogatories by referring Plaintiff to the following documents:

- a.   Plaintiff's TWC-CRD file.
- b.   Plaintiff's TWC file.
- c.   Defendant will supplement.
- d.   TWC-CRD file, Senior Management Review Board file, and Plaintiff's Original Complaint.
- e.   See TWC-CRD file, Senior Management Review Board file, and attached e-mails, memoranda, and correspondence.

## INTERROGATORY NO. 15:

Please identify all employees holding the same or similar job title that the Plaintiff held, and describe the employment history (with Defendant) of each, including each person's qualifications, pay, tasks, assignments, disability status, and full descriptions of all alternative

work schedules or locations, telecommuting, and leave, along with all procedures followed by employees and reasons for the arrangements. Identify in your answer all documents evidencing or supporting your contentions.

**ANSWER:**   Defendant objects to this interrogatory because it exceeds the number, counting discrete sub-parts, that may be served upon another party without first obtaining leave of Court. Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Defendant also objects that information about other employees are generally irrelevant and not discoverable. See, e.g., Onwuka v. Federal Express Corp., 178 F.R.D. 508, 516 (D. Minn. 1997); Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997); accord Whittingham v. Amherst College, 164 F.R.D. 124, 127 (D. Mass. 1995); White v. Allstate, No. 3-02-CV-1733-R, 2003 WL 21488221, at *2 (N.D. Tex. Apr. 25, 2003); Gavenda v. Orleans County, 182 F.R.D. 17, 29 (W.D. N.Y. 1997); Zukoski v. Philadelphia Electric Co., No. Civ. A. 93-4780, 1994 WL 637345, at *3 (E.D. Pa. Nov. 14, 1994). Defendant also objects that the interrogatory invades the privacy rights of individuals who are not parties to this lawsuit. Defendant also objects to this interrogatory on the basis of the res inter alios acta doctrine.  Plaintiff must prove its own case through her own facts and circumstances.   See Prouty v. National Railroad Passenger Corp., 99 F.R.D. 545, 549 (D.D.C. 1983) ("The Court finds that the names of [defendant's] employees are not relevant to plaintiff's suit."); EEOC v. District of Columbia Public Schools, 217 F.R.D. 12, 15 (D.D.C. 2003) ("The information plaintiff seeks, *i.e.*, the teaching disciplines of every teacher employed by DCPS at the time of the RIF, is not directly relevant to the plaintiff's claims that DCPS discriminated against [plaintiff] on the basis of her age when they terminated her."); Waters v. United States Capitol Police Bd., 216 F.R.D. 153, 159 (D.D.C. 2003) (denying, in a Title VII race discrimination case, plaintiff's discovery request for information regarding "the name of each person who [currently] work[ed] for the defendant, his or her race, date of hire, current position and grade.").

## INTERROGATORY NO. 16:

If during Plaintiff's employment with Defendant the Defendant had any policies, practices, or procedures regarding employees with a disability or reasonable accommodations, and if you are not producing any such policies, practices, or procedures in response to the Requests for Production served herewith, describe each of them in detail and identify in your answer all documents referencing such policies, practices, or procedures.

**ANSWER:**   Defendant objects to this interrogatory because it exceeds the number, counting discrete sub-parts, that may be served upon another party without first obtaining leave of Court. Subject to and without waiving the objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendant answers this interrogatory by referring Plaintiff to the attached Equal Opportunity/Affirmative Action, Discriminatory Harassment, and Accommodation policies, and attached copy of Request for Accommodation (Medically Required) form.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE BLUMMER, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 09-CV-00326 |
| | § | |
| UNITED SPACE ALLIANCE, LLC, | § | |
| Defendant. | § | JURY TRIAL DEMANDED |
| | § | |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

TO:    Plaintiff Katherine Blummer by and through her attorney of record Lucia Romano
       Ostrom, Advocacy Inc., 1500 McGowen, Suite 100, Houston, TX 77004

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant United Space

Alliance, LLC , hereby responds to Plaintiff's Request for Production.

## GENERAL OBJECTIONS

1.    Defendant objects to Plaintiff's requests for production to the extent that they seek the

production of information other than that contained in documents or things in Defendant's

possession.

2.    Defendant objects to Plaintiff's requests for production to the extent that they are

inconsistent with Defendant's obligations under the Federal Rules of Civil Procedure.

3.    Defendant objects to Plaintiff's requests for production to the extent that they seek

information protected from disclosure under the attorney-client privilege, investigative privilege,

party communications privilege, or attorney work product doctrine.

4.    Defendant reserves the right to supplement or amend these responses based upon

recollection, the recollections of persons presently unavailable, or the discovery of additional

documents or information.

5.      By responding to these requests for production, Defendant does not in any way waive or intend to waive, but instead intend to preserve, all objections as to the competency, relevancy, materiality, or admissibility of the responses or the subject matter thereof.

6.      To the extent any request seeks documents dated prior to August 27, 2006 or pertaining to events that occurred prior to August 27, 2006, Defendant objects that the request is overly broad and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

Michael D. Mitchell #00784615
OGLETREE, DEAKINS, NASH, SMOAK
      AND STEWART, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas  77002
Telephone:  (713) 655-5756
Facsimile:  (713) 655-0020

ATTORNEY-IN-CHARGE FOR DEFENDANT
UNITED SPACE ALLIANCE, LLC

Of Counsel:

Flyn L. Flesher #24059756
Ogletree, Deakins, Nash, Smoak
      and Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas  77002
Telephone: (713) 655-0855
Facsimile:  (713) 655-0020

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been forwarded pursuant to the Federal Rules of Civil Procedure to Lucia Romano Ostrom, Advocacy, Inc., 1500 McGowen, Suite 100, Houston, TX 77004 on the 15th day of July, 2009.

Flyn L. Flesher

3

**DEFENDANT'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFF'S REQUEST FOR PRODUCTION**

**REQUEST NO. 1:**

Plaintiff's complete personnel files, whether formal or informal.

**RESPONSE:** Defendant objects to the Request to the extent the phrase "personnel files, whether formal or informal" is vague, ambiguous, and insufficiently specific for Defendant to determine what it is being called to produce. Defendant also objects to the extent the request seeks legal or litigation files related to Plaintiff, as these files are protected by the work product privilege. National Union Fire Insurance Co. v. Valdez, 863 S.W.2d 458, 460 (Tex. 1993, orig. proceeding) ("An attorney's litigation file goes to the heart of the privileged work area guaranteed by the work product exemption. The organization of the file, as well as the decision as to what to include in it, necessarily reveals the attorney's thought processes concerning the prosecution or defense of the case."). Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege. Subject to and without waiving the objections, see the attached personnel file, security file, ergonomics assessment file, ethics case files, and Senior Management Review Board file.

**REQUEST NO. 2:**

All documents referring to, or sent by or to, the Plaintiff, including material not in her personnel file.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached TWC and TWC-CRD files; see also the attached personnel file, security file, ergonomics assessment file, ethics case files, Senior Management Review Board file, and all attached e-mails and correspondence.

**REQUEST NO. 3:**

All of Plaintiff's job application materials.

**RESPONSE:** See job application materials contained in Plaintiff's personnel file, security file, and TWC-CRD file.

**REQUEST NO. 4:**

All of Plaintiff's completed "New Hire Security Package," including but not limited to her Voluntary Self-identification Record.

**RESPONSE:** See documents contained in Plaintiff's security file and documents contained in the TWC-CRD file.

**REQUEST NO. 5:**

Any and all documents evidencing, or referring to, any conversation between Defendant (or its agents or employees) and the Plaintiff (or her agents or representatives).

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and not sufficiently specific for Defendant to adequately determine what it is being asked to produce. Defendant also objects to the extent the Request seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the objections, see documents in the Plaintiff's TWC-CRD file and the attached e-mails.

**REQUEST NO. 6:**

Any and all statements from any person, including Plaintiff, concerning the allegations the subject of this suit.

**RESPONSE:** Defendant objects to the Request to the extent the phrase "statements" is vague, ambiguous, and insufficiently specific for Defendant to determine what it is being called to produce. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or the work product doctrine. Subject to and without waiving the objections, see statements in the attached TWC-CRD file.

**REQUEST NO. 7:**

Any and all documents referring to Plaintiff's health, health condition, or impairment.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant also objects to the extent the Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; Plaintiff's TWC file, TWC-CRD file, personnel file, security file, ergonomics assessment file, ethics case files, Senior Management Review Board file; and e-

5

mails to or from Plaintiff regarding her health, health condition, or impairment; and ergonomics assessment file.

## REQUEST NO. 8:

Any and all documents reflecting, or referring to, Plaintiff's disclosure of any health issue, health condition, or impairment to Defendant.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and not sufficiently specific for Defendant to adequately determine what it is being asked to produce. Defendant also objects to the extent the Request seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding her health, health condition, or impairment; and Plaintiff's TWC file, TWC-CRD file, personnel file, security file, ergonomics assessment file, ethics case files, Senior Management Review Board file;.

## REQUEST NO. 9:

Any and all documents reflecting or referring to Plaintiff's employment with any other entity besides the Defendant.

**RESPONSE:** Defendant objects to the extent the Request seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the objections, see the attached personnel file, security file, and TWC file.

## REQUEST NO. 10:

Any and all documents that support Defendant's contention (in its Tenth Defense in its Original Answer) that "Plaintiff was not and/or is not disabled within the meaning of the Americans with Disabilities Act, as amended, and/or the Texas Labor Code," or that "Plaintiff does not and/or did not have a disability within the meaning of the Americans with Disabilities Act, as amended and/or the Texas Labor Code."

**RESPONSE:** Defendant objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding her health, health condition, or impairment; ergonomics assessment file; and attached photos, e-mails, correspondence, and memoranda.

**REQUEST NO. 11:**

Any and all documents supporting Defendant's contention (in its Second Defense in its Original Answer ) that "Plaintiff failed to exhaust administrative remedies."

**RESPONSE:** See documents in Plaintiff's TWC-CRD file.

**REQUEST NO. 12:**

Any and all documents supporting Defendant's contention (in its Third Defense in its Original Answer) that "Plaintiff's lawsuit is barred by the applicable statute of limitations and/or the doctrine of laches."

**RESPONSE:** See documents in Plaintiff's TWC-CRD file.

**REQUEST NO. 13:**

Any and all documents supporting Defendant's contention (in its Sixth Defense in its Original Answer) that "Plaintiff has failed to mitigate her alleged damages."

**RESPONSE:** See documents in Plaintiff's TWC file. Defendant will supplement when it obtains additional records.

**REQUEST NO. 14:**

All documents, materials, files, notes, emails and other communications (including documents making reference to any such communications) with any physician, medical or healthcare provider, or other medical or healthcare professional regarding Plaintiff.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and not sufficiently specific for Defendant to adequately determine what it is being asked to produce. Defendant also objects to the extent the Request seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails, faxes, and other correspondence to or from Plaintiff with her medical or healthcare providers or professionals; and ergonomics assessment file.

**REQUEST NO. 15:**

Any and all documents regarding Plaintiff's polyostotic fibrous dysplasia, McCune-Albright Syndrome, bone fractures, health, health status, or physical condition.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, duplicative of earlier requests, and not sufficiently specific for Defendant to adequately determine what it is being asked to produce. Defendant also objects to the extent the Request seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding her polyostotic fibrous dysplasia, McCune-Albright Syndrome, bone fractures, health, health status, or physical condition; and ergonomics assessment file.

**REQUEST NO. 16:**

Any and all documents from, or referring to, any of Plaintiff's medical or healthcare providers (or any agent or employee of each and every such provider).

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, duplicative of earlier requests, and not sufficiently specific for Defendant to adequately determine what it is being asked to produce. Defendant also objects to the extent the Request seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding her medical or healthcare providers; and ergonomics assessment file.

**REQUEST NO. 17:**

Any and all medical files, medical records, medical reports, summaries, evaluations, analysis, or other document of a medical nature held, maintained, received or otherwise known by Defendant regarding Plaintiff.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, duplicative of earlier requests and not sufficiently specific for Defendant to adequately determine what it is being asked to produce. Defendant also objects to the extent the Request seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached Health Services file; e-mails and

memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding her medical or healthcare providers; and ergonomics assessment file.

## REQUEST NO. 18:

Any and all documents comprising, reflecting, or referring to any request by Defendant for medical information about the Plaintiff, or any release or authorization to acquire such information.

**RESPONSE:** Defendant objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding medical releases or authorizations. See also Defendant's Request for Production No. 21.

## REQUEST NO. 19:

Defendant's organizational chart(s) that include the position(s) held by Plaintiff.

**RESPONSE:** Defendant objects that the request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the objections, see the attached document.

## REQUEST NO. 20:

All job descriptions for each and every job or position Plaintiff held with Defendant.

**RESPONSE:** See the attached job description.

## REQUEST NO. 21:

All documents describing the essential functions of each and every job or position Plaintiff held with Defendant.

**RESPONSE:** See the attached job description and application documents in security file.

## REQUEST NO. 22:

All documents describing the non-essential functions of each and every job or position Plaintiff held with Defendant.

9

**RESPONSE:** See the attached job description and application documents in security file.


**REQUEST NO. 23:**

Any and all documents reflecting or referring to all of Plaintiff's work, assignments, tasks, or projects while with Defendant.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request to the extent it seeks trade secrets or other confidential research, development, or commercial information. See spreadsheet entitled "Time Worked and Assigned Tasks – Katherine Blummer," document entitled "Documents to Summarize," document entitled "Job Responsibilities and Assigned Tasks for Katherine Blummer," job application, and application documents in security file.


**REQUEST NO. 24:**

Documents reflecting (a) each position and/or job title with Defendant that Plaintiff held, (b) the dates Plaintiff was in each job or position; (c) any and all supervisors for each such position or job; and (d) the pay earned by Plaintiff in each position for each period she held it (including but not limited to wages, salary, bonuses, incentive pay, etc.).

**RESPONSE:** See documents in the attached TWC and TWC-CRD files, personnel file, security file, ethics case files, and Senior Management Review Board file.


**REQUEST NO. 25:**

Documents reflecting or referring to (a) any hours (or portion of hours) worked by the Plaintiff, and (b) the dates and times the Plaintiff worked.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant also objects to the extent the Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see documents in the attached TWC and TWC-CRD files, personnel file, security file, ethics case files, and Senior Management Review Board file.

**REQUEST NO. 26:**

Any and all documents referring to or reflecting the nature of any benefits of employment that Plaintiff received, or was entitled to receive, while with Defendant, and any and all documents referring to or reflecting the value of any such benefits.

**RESPONSE:** Defendant objects to the extent the Request seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the objections, see benefits highlight information attached to August 15, 2008 letter contained in TWC-CRD file and benefits information attached to August 12, 2008 letter contained in TWC-CRD file.

**REQUEST NO. 27:**

Documents reflecting any and all types and amounts of leave time to which Plaintiff was entitled, was given, earned, or would have had access to (including but limited to vacation leave, sick leave, medical leave, FMLA leave, personal leave, catastrophic leave, disability leave, etc.).

**RESPONSE:** See attached Leaves of Absence, Time-Away Days, and FMLA policies; see also Plaintiff's personnel file, Senior Management Review Board file, and e-mails to Plaintiff regarding leave and work schedules.

**REQUEST NO. 28:**

Documents reflecting (for the time period 4/25/07 to the present) any and all policies, practice, and procedures relating to leave time of any kind (including but limited to vacation leave, sick leave, medical leave, FMLA leave, personal leave, catastrophic leave, disability leave, etc.) that was offered or available to employees in the same job or position(s) as that held by Plaintiff.

**RESPONSE:** See attached Leaves of Absence, Time-Away Days, and FMLA policies; see also Plaintiff's personnel file, Senior Management Review Board file, and e-mails to Plaintiff regarding leave and work schedules.

**REQUEST NO. 29:**

Any and all work schedules for, or applicable to, the Plaintiff while she was with Defendant.

**RESPONSE:** See documents in the attached personnel file, TWC-CRD file, and Senior Management Review Board file.

**REQUEST NO. 30:**

Documents describing the qualifications—including but not limited to the skills, education, training, certifications, and/or experience—required for each position and/or job title with Defendant that Plaintiff held.

**RESPONSE:** Defendant objects to the Request to the extent it is duplicative of other requests. Subject to and without waiving the objection, see documents produced in response to Requests 20-23.

**REQUEST NO. 31:**

Any and all documents reflecting or referring to Defendant's assessment of Plaintiff's qualifications for the job.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and not sufficiently specific for Defendant to adequately determine what it is being asked to produce. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; and documents contained in the TWC-CRD and Senior Management Review Board files.

**REQUEST NO. 32:**

Any and all performance evaluations or job reviews (whether formal or informal) of the Plaintiff during her period of employment with the Defendant, including notes or other documents reflecting or referring to opinions expressed by any of the Plaintiff's supervisors, co-workers, or other persons, regarding Plaintiff's employment or job performance, even if expressed anonymously.

**RESPONSE:** Defendant objects that the use of the phrase "whether formal or informal" in this Request is vague, ambiguous, and insufficiently specific for Defendant to determine what documents Plaintiff is seeking. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached e-mails, memoranda, and correspondence, the Senior Management Review Board file, documents submitted by Defendant and contained in the TWC-CRD file, and the spreadsheet entitled "Time Worked and Assigned Tasks – Katherine Blummer."

**REQUEST NO. 33:**

Any and all documents reflecting, or referring to, any instance in which Plaintiff's job performance was less than satisfactory, the nature of the unsatisfactory performance, whether or not Plaintiff was counseled, disciplined, or reprimanded, the identity of any person(s) administering the counseling, discipline, or reprimand, or to the reason(s) for the counseling, discipline, or reprimand.

**RESPONSE:** Defendant objects that the use of the phrase "whether formal or informal" in this Request is vague, ambiguous, and insufficiently specific for Defendant to determine what documents Plaintiff is seeking. Defendant also objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant also objects to the extent the Request seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached e-mails, memoranda, and correspondence, the Senior Management Review Board file, documents submitted by Defendant and contained in the TWC-CRD file, and the spreadsheet entitled "Time Worked and Assigned Tasks – Katherine Blummer."

**REQUEST NO. 34:**

Any and all documents reflecting, or referring to, (a) Plaintiff's separation from Defendant; (b) the reason(s) for the separation; and (c) the identity of the person making any such decision, or providing input into any such decision.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached e-mails, memoranda, and correspondence; Plaintiff's personnel file; documents produced by Defendant to the TWC contained in the attached TWC-CRD file; the Senior Management Review Board file; and the spreadsheet entitled "Time Worked and Assigned Tasks – Katherine Blummer."

**REQUEST NO. 35:**

Any and all documents reflecting, indicating, or referring to Defendant's net worth from May 2005 to present.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and not sufficiently specific for Defendant to adequately determine what it is being asked to produce. Defendant also objects to the extent the Request seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. See Yund v.

Covington Foods, Inc., 193 F.R.D. 582, 587, 589 (S.D. Ind. 2000) (denying Plaintiff's motion to compel discovery of "net worth" information).

**REQUEST NO. 36:**

Any and all financial statements of Defendant prepared by or for Defendant's shareholders, officers, and/or directors, or for any governmental entity, during the past three years.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and not sufficiently specific for Defendant to adequately determine what it is being asked to produce. Defendant also objects to the extent the Request seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. See Yund v. Covington Foods, Inc., 193 F.R.D. 582, 587, 589 (S.D. Ind. 2000) (denying Plaintiff's motion to compel discovery of "net worth" information).

**REQUEST NO. 37:**

For any and all of Defendant's employees who were employed in the same building or on the same campus as the Plaintiff, documents (for the time period from 4/25/07 to the present) reflecting or referring to any times when such employees came in early or left late.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that personnel files of other employees are generally irrelevant and not discoverable. See, e.g., Onwuka v. Federal Express Corp., 178 F.R.D. 508, 516 (D. Minn. 1997); Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997); accord Whittingham v. Amherst College, 164 F.R.D. 124, 127 (D. Mass. 1995); White v. Allstate, No. 3-02-CV-1733-R, 2003 WL 21488221, at *2 (N.D. Tex. Apr. 25, 2003); Gavenda v. Orleans County, 182 F.R.D. 17, 29 (W.D. N.Y. 1997); Zukoski v. Philadelphia Electric Co., No. Civ. A. 93-4780, 1994 WL 637345, at *3 (E.D. Pa. Nov. 14, 1994). Defendant also objects that the request invades the privacy rights of individuals who are not parties to this lawsuit. A plaintiff seeking personnel files must show that her asserted need for the file outweighs the privacy interest of the non-party employee whose file is sought. Raddatz, 177 F.R.D. at 447; Whittingham, 164 F.R.D. at 127-28. Defendant also objects to this request on the basis of the res inter alios acta doctrine. Plaintiff must prove its own case through Claimant's own facts and circumstances. See Prouty v. National Railroad Passenger Corp., 99 F.R.D. 545, 549 (D.D.C. 1983) ("The Court finds that the names of [defendant's] employees are not relevant to plaintiff's suit."); EEOC v. District of Columbia Public Schools, 217 F.R.D. 12, 15 (D.D.C. 2003) ("The information plaintiff seeks, i.e., the teaching disciplines of every teacher employed by DCPS at the time of the RIF, is not directly relevant to the plaintiff's claims that DCPS discriminated against [plaintiff] on the basis of her age when they terminated her."); Waters v. United States Capitol Police Bd., 216 F.R.D. 153, 159 (D.D.C. 2003) (denying, in a Title VII race discrimination case, plaintiff's discovery request for information regarding "the name of

14

each person who [currently] work[ed] for the defendant, his or her race, date of hire, current position and grade.").

**REQUEST NO. 38:**

For any and all of Defendant's employees whose normal work station(s) was in the same building or on the same campus as the Plaintiff, documents (for the time period from 4/25/07 to the present) reflecting or referring to any times when such employees worked from home or other alternate locations.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that personnel files of other employees are generally irrelevant and not discoverable. See, e.g., Onwuka v. Federal Express Corp., 178 F.R.D. 508, 516 (D. Minn. 1997); Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997); accord Whittingham v. Amherst College, 164 F.R.D. 124, 127 (D. Mass. 1995); White v. Allstate, No. 3-02-CV-1733-R, 2003 WL 21488221, at *2 (N.D. Tex. Apr. 25, 2003); Gavenda v. Orleans County, 182 F.R.D. 17, 29 (W.D. N.Y. 1997); Zukoski v. Philadelphia Electric Co., No. Civ. A. 93-4780, 1994 WL 637345, at *3 (E.D. Pa. Nov. 14, 1994). Defendant also objects that the request invades the privacy rights of individuals who are not parties to this lawsuit. A plaintiff seeking personnel files must show that her asserted need for the file outweighs the privacy interest of the non-party employee whose file is sought. Raddatz, 177 F.R.D. at 447; Whittingham, 164 F.R.D. at 127-28. Defendant also objects to this request on the basis of the res inter alios acta doctrine. Plaintiff must prove its own case through Claimant's own facts and circumstances. See Prouty v. National Railroad Passenger Corp., 99 F.R.D. 545, 549 (D.D.C. 1983) ("The Court finds that the names of [defendant's] employees are not relevant to plaintiff's suit."); EEOC v. District of Columbia Public Schools, 217 F.R.D. 12, 15 (D.D.C. 2003) ("The information plaintiff seeks, *i.e.*, the teaching disciplines of every teacher employed by DCPS at the time of the RIF, is not directly relevant to the plaintiff's claims that DCPS discriminated against [plaintiff] on the basis of her age when they terminated her."); Waters v. United States Capitol Police Bd., 216 F.R.D. 153, 159 (D.D.C. 2003) (denying, in a Title VII race discrimination case, plaintiff's discovery request for information regarding "the name of each person who [currently] work[ed] for the defendant, his or her race, date of hire, current position and grade.").

**REQUEST NO. 39:**

The personnel file of the person(s) who took over Plaintiff's duties after her separation, together with documents reflecting (for the time period from 4/25/07 to the present) each such person's qualifications, pay tasks, assignments, and disability status.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that personnel files of other employees

are generally irrelevant and not discoverable. See, e.g., Onwuka v. Federal Express Corp., 178 F.R.D. 508, 516 (D. Minn. 1997); Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997); accord Whittingham v. Amherst College, 164 F.R.D. 124, 127 (D. Mass. 1995); White v. Allstate, No. 3-02-CV-1733-R, 2003 WL 21488221, at *2 (N.D. Tex. Apr. 25, 2003); Gavenda v. Orleans County, 182 F.R.D. 17, 29 (W.D. N.Y. 1997); Zukoski v. Philadelphia Electric Co., No. Civ. A. 93-4780, 1994 WL 637345, at *3 (E.D. Pa. Nov. 14, 1994). Defendant also objects that the request invades the privacy rights of individuals who are not parties to this lawsuit. A plaintiff seeking personnel files must show that her asserted need for the file outweighs the privacy interest of the non-party employee whose file is sought. Raddatz, 177 F.R.D. at 447; Whittingham, 164 F.R.D. at 127-28. Defendant also objects to this request on the basis of the res inter alios acta doctrine. Plaintiff must prove its own case through Claimant's own facts and circumstances. See Prouty v. National Railroad Passenger Corp., 99 F.R.D. 545, 549 (D.D.C. 1983) ("The Court finds that the names of [defendant's] employees are not relevant to plaintiff's suit."); EEOC v. District of Columbia Public Schools, 217 F.R.D. 12, 15 (D.D.C. 2003) ("The information plaintiff seeks, i.e., the teaching disciplines of every teacher employed by DCPS at the time of the RIF, is not directly relevant to the plaintiff's claims that DCPS discriminated against [plaintiff] on the basis of her age when they terminated her."); Waters v. United States Capitol Police Bd., 216 F.R.D. 153, 159 (D.D.C. 2003) (denying, in a Title VII race discrimination case, plaintiff's discovery request for information regarding "the name of each person who [currently] work[ed] for the defendant, his or her race, date of hire, current position and grade.").

**REQUEST NO. 40:**

For the time period from 4/25/07 to the present, documents reflecting the employment history (with Defendant) of each person holding the same or similar job title or position as Plaintiff held, including documents reflecting that person's qualifications, pay, tasks, assignments, and disability status.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that personnel files of other employees are generally irrelevant and not discoverable. See, e.g., Onwuka v. Federal Express Corp., 178 F.R.D. 508, 516 (D. Minn. 1997); Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997); accord Whittingham v. Amherst College, 164 F.R.D. 124, 127 (D. Mass. 1995); White v. Allstate, No. 3-02-CV-1733-R, 2003 WL 21488221, at *2 (N.D. Tex. Apr. 25, 2003); Gavenda v. Orleans County, 182 F.R.D. 17, 29 (W.D. N.Y. 1997); Zukoski v. Philadelphia Electric Co., No. Civ. A. 93-4780, 1994 WL 637345, at *3 (E.D. Pa. Nov. 14, 1994). Defendant also objects that the request invades the privacy rights of individuals who are not parties to this lawsuit. A plaintiff seeking personnel files must show that her asserted need for the file outweighs the privacy interest of the non-party employee whose file is sought. Raddatz, 177 F.R.D. at 447; Whittingham, 164 F.R.D. at 127-28. Defendant also objects to this request on the basis of the res inter alios acta doctrine. Plaintiff must prove its own case through Claimant's own facts and circumstances. See Prouty v. National Railroad Passenger Corp., 99 F.R.D. 545, 549 (D.D.C. 1983) ("The Court finds that the names of [defendant's] employees are not relevant

to plaintiff's suit."); <u>EEOC v. District of Columbia Public Schools</u>, 217 F.R.D. 12, 15 (D.D.C. 2003) ("The information plaintiff seeks, *i.e.*, the teaching disciplines of every teacher employed by DCPS at the time of the RIF, is not directly relevant to the plaintiff's claims that DCPS discriminated against [plaintiff] on the basis of her age when they terminated her."); <u>Waters v. United States Capitol Police Bd.</u>, 216 F.R.D. 153, 159 (D.D.C. 2003) (denying, in a Title VII race discrimination case, plaintiff's discovery request for information regarding "the name of each person who [currently] work[ed] for the defendant, his or her race, date of hire, current position and grade.").

### REQUEST NO. 41:

Any and all documents reflecting or referring to each and every charge, lawsuit, or administrative complaint of disability discrimination that has been made or filed within the past five years by any current or former employee of Defendant in the state of Texas.

**RESPONSE:** Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this interrogatory on the basis of the <u>res inter alios acta</u> doctrine. Plaintiff must prove her own case through her own facts and circumstances. Information regarding employment discrimination claims or lawsuits filed by other employees is not relevant and not discoverable. See <u>Prouty v. Nat'l R.R. Passenger Corp.</u>, 99 F.R.D. 545, 549 (D.D.C. 1983) ("The Court finds that issues raised in other lawsuits are not relevant to this case. Therefore, the Court denies plaintiff's motion to compel."); <u>Rhone-Poulenc Rorer, Inc. v. Aetna Cas. & Sur. Co.</u>, Civ. A. No. 88-9752, 1991 WL 183842, at *3 (E.D. Pa. Sept. 16, 1991) ("other lawsuits filed against a party are not reasonably calculated to lead to the discovery of admissible evidence and therefore are not discoverable."); <u>see also</u> <u>Burks v. Oklahoma Publ'g Co.</u>, 81 F.3d 975, 981 (10th Cir.) (district court correctly denied plaintiff's motion to compel discovery of applicants' and employees' complaints of discrimination over the past ten years), <u>cert. denied</u>, 519 U.S. 931 (1996).

### REQUEST NO. 42:

Documents reflecting Defendant's document-retention policies relating to personnel-type material, such as personnel files, time sheets, job evaluations, application materials, rates of pay, disciplinary actions, terminations, accommodations for employees with disabilities, etc.

**RESPONSE:** Defendant objects to the extent the Request seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to this Request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving the objections, see Subject to and without waiving the objections, see the attached policies.

**REQUEST NO. 43:**

Documents reflecting Defendant's policies, practices, and procedures, in effect during any potion [sic] of the Plaintiff's period of employment, regarding (a) employees with disabilities, or (b) reasonable accommodation requests.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving the objections, see the attached Equal Opportunity/Affirmative Action, Discriminatory Harassment, and Accommodation policies, and attached copy of Request for Accommodation (Medically Required) form.

**REQUEST NO. 44:**

Any and all documents referring to, or reflecting, conversations or correspondence (including via electronic communications) between Defendant's agents or employees and Plaintiff that dealt in whole or in part with: (a) Defendant's reasonable accommodation procedure; (b) any interactive processes regarding reasonable accommodation that the Plaintiff participated in and/or that the Defendant offered or attempted to arrange.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding reasonable accommodations; ergonomics assessment file; documents contained in the Senior Management Review Board file; notes from meetings with Plaintiff on medical accommodations; documents containing the heading "Follow-up on Katherine Blummer's Medical Accommodations;" and attached e-mails and correspondence.

**REQUEST NO. 45:**

Documents reflecting all of Defendant's policies, practices, or procedures regarding telework, telecommuting, nonstandard or alternative work schedules or locations, and/or medical leave.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving the objections, see attached Leaves of Absence, FMLA, and Telework/Telecommuting policies.

**REQUEST NO. 46:**

Any and all documents referring to, or reflecting, any communication by the Plaintiff or the Defendant regarding telework, telecommuting, alternative work schedules or locations, medical leave, or physical devices regarding quested because of her medical or health condition.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached TWC-CRD file, ergonomics assessment file, Senior Management Review Board file, documents containing the heading "Follow-up on Katherine Blummer's Medical Accommodations," and attached e-mails and correspondence.

**REQUEST NO. 47:**

Any and all documents reflecting, or referring to, the Defendant's provision of any reasonable accommodations to the Plaintiff.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Subject to and without waiving the objections, see the attached Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding reasonable accommodations; ergonomics assessment file; documents contained in the Senior Management Review Board file; notes from meetings with Plaintiff on medical accommodations; documents containing the heading "Follow-up on Katherine Blummer's Medical Accommodations;" and attached e-mails and correspondence.

**REQUEST NO. 48:**

Any and all documents reflecting, or referring to, the assessment of Plaintiff's reasonable accommodation requests, including their likely effectiveness and cost to Defendant.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome. Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding reasonable accommodations; ergonomics assessment file; documents contained in the Senior Management Review Board file; notes and minutes of meetings re medical accommodations for Plaintiff (including documents containing the heading "Follow-up on Katherine Blummer's Medical Accommodations"); and attached e-mails and correspondence.

**REQUEST NO. 49:**

Any and all documents regarding the reasons for refusal of any of the Plaintiff's reasonable accommodation requests.

**RESPONSE:** Defendant objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without

waiving the objections, see the attached TWC-CRD file, ergonomics assessment file, Senior Management Review Board file, notes and minutes of meetings re medical accommodations for Plaintiff (including documents containing the heading "Follow-up on Katherine Blummer's Medical Accommodations"), and attached e-mails and correspondence.

## REQUEST NO. 50:

Any and all documents reflecting, or referring to, each and every "reasonable accommodation" Defendant has made, or have been requested to make, during the past five years, on behalf of any person with a disability or claimed disability in the state of Texas. Your response should include but not limited to any and all documents about the actual or estimated cost of each accommodation, the date of each request, the nature of the accommodation(s) requested, your response to the request and date of response, any and all accommodations made, and the dates on which such accommodations were made.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects that personnel files of other employees are generally irrelevant and not discoverable. See, e.g., Onwuka v. Federal Express Corp., 178 F.R.D. 508, 516 (D. Minn. 1997); Raddatz v. Standard Register Co., 177 F.R.D. 446, 448 (D. Minn. 1997); accord Whittingham v. Amherst College, 164 F.R.D. 124, 127 (D. Mass. 1995); White v. Allstate, No. 3-02-CV-1733-R, 2003 WL 21488221, at *2 (N.D. Tex. Apr. 25, 2003); Gavenda v. Orleans County, 182 F.R.D. 17, 29 (W.D. N.Y. 1997); Zukoski v. Philadelphia Electric Co., No. Civ. A. 93-4780, 1994 WL 637345, at *3 (E.D. Pa. Nov. 14, 1994). Defendant also objects that the request invades the privacy rights of individuals who are not parties to this lawsuit. A plaintiff seeking personnel files must show that her asserted need for the file outweighs the privacy interest of the non-party employee whose file is sought. Raddatz, 177 F.R.D. at 447; Whittingham, 164 F.R.D. at 127-28. Defendant also objects to this request on the basis of res inter alios acta doctrine. Plaintiff must prove its own case through Claimant's own facts and circumstances. See Prouty v. National Railroad Passenger Corp., 99 F.R.D. 545, 549 (D.D.C. 1983) ("The Court finds that the names of [defendant's] employees are not relevant to plaintiff's suit."); EEOC v. District of Columbia Public Schools, 217 F.R.D. 12, 15 (D.D.C. 2003) ("The information plaintiff seeks, i.e., the teaching disciplines of every teacher employed by DCPS at the time of the RIF, is not directly relevant to the plaintiff's claims that DCPS discriminated against [plaintiff] on the basis of her age when they terminated her."); Waters v. United States Capitol Police Bd., 216 F.R.D. 153, 159 (D.D.C. 2003) (denying, in a Title VII race discrimination case, plaintiff's discovery request for information regarding "the name of each person who [currently] work[ed] for the defendant, his or her race, date of hire, current position and grade."). Defendant also objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding reasonable accommodations; ergonomics assessment file; documents contained in the Senior Management Review Board file; notes and minutes of meetings re medical accommodations for

Plaintiff (including documents containing the heading "Follow-up on Katherine Blummer's Medical Accommodations"); and attached e-mails and correspondence.

**REQUEST NO. 51:**

Any and all documents that support Defendant's contention (in its Eight Defense in its Original Answer) that "Plaintiff's lawsuit and alleged damages are barred and/or limited by the after-acquired evidence doctrine."

**RESPONSE:** See various e-mails produced herein.

**REQUEST NO. 52:**

Any and all documents that support Defendant's contention (in its Seventh Defense in its Original Answer) that "Plaintiff's lawsuit is frivolous, without foundation, vexatious, and/or brought in bad faith."

**RESPONSE:** See TWC-CRD file, Senior Management Review Board file, and Plaintiff's Original Complaint.

**REQUEST NO. 53:**

Any and all documents that support Defendant's contention (in its Ninth Defense in its Original Answer) that "Plaintiff's damages, if any, were caused and/or were solely caused by Plaintiff's own conduct and/or by third parties."

**RESPONSE:** See TWC-CRD file, Senior Management Review Board file, and attached e-mails, memoranda, and correspondence.

**REQUEST NO. 54:**

Any and all documents that support Defendant's contention (in its Twelfth Defense in its Original Answer) that Plaintiff's refused to participate in good faith with the Defendant in the interactive process, or that "Plaintiff's refusal to participate in good faith with the Defendant in the interactive process bars her claim(s)."

**RESPONSE:** Defendant objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding reasonable accommodations; ergonomics assessment file; documents contained in the Senior Management Review Board file; notes from meetings with Plaintiff on medical accommodations; documents

containing the heading "Follow-up on Katherine Blummer's Medical Accommodations;" and attached e-mails and correspondence.

**REQUEST NO. 55:**

Any and all documents that support Defendant's contention (in its Thirteenth Defense in its Original Answer) that "Defendant reasonably accommodated Plaintiff."

**RESPONSE:** Defendant objects to the extent the request seeks information protected from disclosure under the attorney-client privilege or work product doctrine. Subject to and without waiving the objections, see the attached Health Services file; e-mails and memoranda to and from Laneil Vawter regarding Plaintiff; e-mails to or from Plaintiff regarding reasonable accommodations; ergonomics assessment file; documents contained in the Senior Management Review Board file; notes from meetings with Plaintiff on medical accommodations; documents containing the heading "Follow-up on Katherine Blummer's Medical Accommodations;" and attached e-mails and correspondence.

**REQUEST NO. 56:**

Any and all photographs, videos, or audio recordings (or any electronic data from which any such can be generated) of, or about, the Plaintiff, or that Defendant may use to support its claims or defenses.

**RESPONSE:** See the attached photographs and attached recording contained on CD.

**REQUEST NO. 57:**

All documents to, form, or about any expert witnesses who may testify in this case, including but not limited to correspondence, billing, vitae, or reports.

**RESPONSE:** Defendant has not retained experts yet. That said, Defendant objects to this request to the extent it purports to require Defendant or any expert witnesses of Defendant to create a document. Defendant also objects to this request to the extent it purports to require Defendant to provide more information than is required by Federal Rule of Civil Procedures 26(a)(2). If Defendant retains any experts it will produce a report in compliance with Rule 26(a)(2) by the deadline for disclosure of expert information contained in the Court's scheduling order.



East Texas Regional Office
1500 McGowen St., Suite 100
Houston, TX 77004
voice/tdd: 713.974.7691
intake: 800.880.0821
fax: 713.974.7695
infoai@advocacyinc.org
www.advocacyinc.org

August 14, 2009

*VIA CM-RRR, NO. 7007 1490 0004 9648 6560*
*AND FACSIMILE NO. 713-655-0020*

Michael D. Mitchell
Flyn Flesher
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX 77002-4709

Re:  No. 09-cv-00326; *Katherine Blummer v. United Space Alliance, LLC*

Dear Mike and Flyn:

        We have received your client's responses to our discovery requests, and had
the opportunity to review the information Defendant has provided and also the authorities
you have cited.  This letter outlines several problems regarding the discovery responses
by Defendant, and why we believe Defendant has failed to comply with several of our
discovery requests.

<u>Failure to comply with Federal Rule of Civil Procedure 33(d)</u>

        Defendant responds to several interrogatories by opting to produce business
records as a response pursuant to FRCP 33(d).  However, Defendant has failed to comply
with FRCP 33(d)(1) because Defendant has not, with specificity, referred to the records
that are responsive to Plaintiff's interrogatories.  The Advisory Committee notes
regarding rule 33(d) (formerly Rule 33(c)) make it clear that the interrogated party must
specify in which records the information requested may be found and where the records
themselves are. The interrogated party must do so with sufficient specificity so that the
interrogating party may find the information with the same ease as the interrogating
party, who will naturally have far greater familiarity with the records. *See* 1970 Advisory
Committee Notes to *Fed. R. Civ. P. 33(d)* (A respondent may not impose on an
interrogating party a *mass of records as to which research is feasible only for one
familiar with the records*) (emphasis added).

**EXHIBIT 'C'**

Protection and Advocacy for Texans with Disabilities

It is clear in pertinent case law that, at the very least, an interrogated party must identify the specific documents in which the information may be found and identify where, within the mass of documents made available, those documents are located. *See, e.g. SEC v. Elfindepan,* 206 F.R.D. 574, 576–577 (M.D.N.C. 2002) (the interrogating party must adequately and precisely specify for each interrogatory, the actual documents where information will be found. Document dumps or vague references to documents do not suffice. Depending on the number of documents and the number of interrogatories, indices may be required.); *O'Connor v. Boeing North American, Inc.,* 185 F.R.D. 272, 278 (C.D. Cal. 1999) (if the records are voluminous, the responding party must produce an index designed to guide the searcher to the documents responsive to the interrogatories.) The deficiencies in Defendant's response are particularly problematic in combination with its violations of FRCP 34(b)(2)(E)(i) described below.

<u>Failure to comply with Federal Rule of Civil Procedure 34(b)(2)(E)(i)</u>

Under Rule 34(b), the Defendant must produce documents in response to Plaintiff's request for production in the form in which they are ordinarily maintained in the course of business, or the Defendant must organize and label them to correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E)(i). If a party produces documents as they are ordinarily maintained in the course of business, the party must provide information on how the documents are ordinarily kept. *See, e.g. Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 618-619 (D. Kan., 2005) (because the producing party did not produce documents as they are kept in the usual course of business, "it should have organized and labeled them to correspond with the categories in each request as required by Rule 34(b)"); *Pass & Seymour, Inc. v. Hubbell Inc.,* 255 F.R.D. 331, 335 (N.D.N.Y. 2008) (deciding that the "overwhelming weight of authority" leans towards requiring more organization in the production of documents, thus making production "meaningful" and "proper."); *EcoProducts Solutions, LP v. Cajun Constructors, Inc.,* 2009 WL 1383308, at *3 (M.D. La. May 15, 2009) (ruling that the responding party must organize and label produced documents to correspond to each request after the responding party produced numerous duplicative and irrelevant documents on a CD, commenting such production is "unacceptable and sloppy.") Like the previously sited cases, Defendant in this case has failed to comply with FRCP 34(b)(2)(E)(i) since Defendant provided to Plaintiff a box of unlabeled and unorganized documents. Defendant did not provide any information to Plaintiff about *how* what was produced is ordinarily kept in the usual course of business.

<u>Refusal to provide information or documents prior to August 27, 2006</u>

Defendant has made a general objection to interrogatories and requests for production that would seek information and/or documents prior to August 27, 2006, claiming that such information is overly broad and irrelevant. We disagree with this assessment of potential evidence. For example, even evidence outside the limitations period is relevant. *See, e.g. United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558 (1977) (holding that past acts of discrimination may be relevant background evidence); *Hazelwood Sch. Dist. v. United States,* 43 U.S. 299, 310 n.15 (1997) (finding that pre-Act discrimination may be evidence that the discrimination continued.) Please let us know the relevance of the August 27, 2006 date, and let us know whether you are withholding any documents or information based on your temporal objection.

<u>Number of interrogatories Plaintiff served on Defendant</u>

Plaintiff served upon Defendant a total of sixteen interrogatories. Local rules have limited the amount of interrogatories that can be served upon a party to twenty-five. Beginning with Interrogatory No.11, Defendant objects claiming that Plaintiff has exceeded the allowable number of interrogatories that may be served without obtaining leave of Court. Defendant claims that by counting the "discrete sub-parts" Plaintiff has exceeded the allowable number of interrogatories. Plaintiff disagrees with this assessment, and asks for confirmation from Defendant that the Defendant did not withhold fully responding to the interrogatories based on this reasoning.

Plaintiff has not creatively used subparts in order to make a run-around the rules. Rather, under the "related questions" doctrine, an interrogatory is counted as a single question, even though it may call for an answer containing several separate bits of information, if there is a relationship between the various bits of information called for. *See Clark v. Burlington Northern R.R.*, 112 F.R.D. 117, 118 (N.D. Miss. 1986).

<u>Response to Interrogatory Nos. 6 and 13, and Request Nos. 41 and 50 – Treatment of other employees with disabilities</u>

Plaintiff's Interrogatory Nos. 6 and 13, and Request Nos. 41 and 50 request information about the treatment of other individuals employed by Defendant who also have disabilities. Defendant generally claims that this type of information is irrelevant, not discoverable and invades the privacy rights of individuals who are not parties to this law suit. However, this information is relevant and discoverable; therefore, Plaintiff is entitled to this information.

Courts have consistently permitted plaintiffs to discover and present evidence of an employer's treatment of other employees, both within and without the protected class to which plaintiff belongs, as well as an employer's overall employment practices and policies. *See, e.g. Southwest Hide Co. v. Goldston*, 127 F.R.D. 481, 484 (N.D. Tex. 1989) ("any evidence of an employer's overall employment practices may be essential to plaintiff's *prima facie* case"), *quoting Morrison v. City and County of Denver*, 80 F.R.D. 289, 292 (D. Colo. 1978); *Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 306 (5th Cir. 1973) ("[e]ven though a suit seeks only individual relief for an individual instance of discrimination, and is not a "pattern or practice" suit ... past history of *both* black and white employees is surely relevant information" and "is therefore discoverable") (emphasis in original).

Furthermore, these interrogatories and requests were reasonably limited as to temporal and geographical scope. Courts have upheld discovery requests regarding the treatment of other employees when the requests are similarly limited in scope. *See, e.g. Flanagan v. Travelers Ins. Co.*, 111 F.R.D. 42, 47 (W.D.N.Y. 1986) (allowing discovery of other discriminatory acts within Northeast Region of defendant corporation); *Culkin v. Pitney Bowes, Inc.*, 225 F.R.D. 69 (D. Conn. 2004) (granting request that was limited to actions claiming discrimination within the same state and for a 5-year period preceding plaintiff's termination.)

<u>Response to Request No.'s 37 and 38 – Information regarding other employees work schedules</u>

As reasonable accommodations the Plaintiff requested (among other things) a flexible work schedule and the ability to work from alternate locations on occasion. The Defendant apparently intends to argue that such accommodations were impossible because they would prevent performance of the essential job functions. Requests for Production No.'s 37 and 38 seek information to clarify this point. Defendant, however, argues that this information is irrelevant, not discoverable and invades the privacy rights of individuals who are not parties to this law suit.

In discrimination claims, information about the conduct of other employees, and the employer's response to it, is frequently discoverable. Many courts in the Fifth Circuit have concluded that comparator employee information is relevant and discoverable. *See, e.g. Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (noting that information about comparator employees could be central to proving one of the plaintiffs' claims-pretext); *Wilson v. Martin Co. Hosp. Dist.*, 149 F.R.D. 553, 555 (W.D. Tex. 1993) (granting plaintiff's motion to compel personnel information of other employees, noting that all or parts of the personnel files can be central to proving pretext and are therefore discoverable).

<u>Response to Interrogatory No.'s 12 and 15, and Request No.'s 39 and 40 – Information regarding Plaintiff's pay and benefits</u>

To determine Plaintiff's claim for damages, Plaintiff requested in Interrogatory 12 the amount of salary and benefits that Plaintiff would have earned from the date of her separation from Defendant in November 2007 up to and including the present had she remained Defendant's employee. Defendant objected to this request claiming it is overly broad, burdensome and irrelevant. Plaintiff is willing to modify this request to documents describing Plaintiff's salary, and the value of her benefits, at the time of Plaintiff's separation from the company.

Interrogatory 15 and Request for Production No.'s 39 and 40 ask for information regarding other employees as "comparator" information. Defendant objected to these requests as well stating that the information requested is overly broad, burdensome, irrelevant and invades the privacy interest of individuals who are not a party to this lawsuit. Plaintiff, however, argues that this information is relevant and discoverable since it goes to Plaintiff's claim for damages.

Courts have consistently ruled that analyzing co-employees' salary and benefits provide discoverable information regarding a claim for damages. *See, e.g. Taylor v. Central Pennsylvania Drug and Alcohol*, 890 F. Supp. 360, 370 (M.D. Pa. 1995) (noting that courts evaluate a plaintiff's lost earning typically by "tracking the career of a similarly situated co-worker who was not subjected to discrimination. . ."); *McMillan v. Massachusetts Soc. for Prevention of Cruelty to Animals*, 140 F.3d 288, 305 (1st Cir. 1998) (recognizing that back pay calculations may be based on, among other things, the earning of specific comparators, the earnings of the highest-paid comparator, or the averaged earnings of multiple comparators).

<u>Response to Requests 35 and 36 – Information regarding Defendant's net worth</u>

Documents related to Defendant's net worth and general financial condition are discoverable because Plaintiff seeks punitive damages. *See Briones v. Smith Dairy Queens, Ltd.,* No. V-08-48, 2008 U.S. Dist. Lexis 82625 at *15 (S.D. Tex. 2008) (finding that majority of case law supported compelling defendant restaurant to produce annual reports and/or financial statements showing net worth where plaintiffs claimed punitive damages). Although calculation of damages at this stage is premature, pre-trial discovery on this issue is warranted without Plaintiff making a *prima facie* showing that she is entitled to recovery of punitive damages. *See U.S. v. Matusoff Rental Co.,* 204 F.R.D. 396, 399 (S.D. Ohio 2001). Thus, Plaintiff's is entitled to discovery of Defendant's net worth and financial statements.

Finally, to address your concern about the privacy rights of employees of Defendant who are not parties to this law suit discussed in several discovery requests above, Plaintiff is prepared to offer Defendant a signed confidentiality agreement. I will call you this Monday around 11 a.m. to discuss the above matters, but if there is a better date and time within the next week or so let me know. Please feel free to email me or contact my office, and I hope we can resolve these issues amicably.

Sincerely,

Lucia Romano Ostrom
Regional Staff Attorney

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7007 1490 0004 9648 6560

Sent To *Michael Mitchell /Glyn Flesher*
Street, Apt. No.; or PO Box No. *500 Dallas St Ste 3000*
City, State, ZIP+4 *Houston Texas 77002-4709*

PS Form 3800, August 2006                    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Melissa Nash*          ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
*M Nash*                   *8/18/09*

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

1. Article Addressed to:

*Michael D. Mitchell*
*Glyn Fletcher*
*Ogletree, Deakins, Nash, Smoak*
*+ Stewart P.C.*
*One Allen Center*
*500 Dallas Street, Suite 3000*
*Houston, Texas 77002-4709*

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
(Transfer from service label)      7007 1490 0004 9648 6560

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540



**East Texas Regional Office**
1500 McGowen, Ste. 100
Houston, TX 77004
voice/tdd: 713.974.7691
fax: 713.974.7695
intake: 800.880.0821
debkoo@advocacyinc.org
www.advocacyinc.org

**Fax Cover Sheet**

Date:              August 14, 2009

To:                Michael D. Mitchell and Flyn Flesher

Company:           Oagletree, Deakins, Nash, Smoak & Stewart, P.C.

Fax Number:        713/655-0020

From:              Lucia Romano Ostrom, Regional Staff Attorney

Re:                No. 09-CV-00326; Katheryn Blummer vs. United Space Alliance, LLC

Number of Pages:   6 (including cover)

Special Instructions:      See attached letter.

If you do not receive all pages, please contact Debbie Koopmann at 713/974-7691.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY BE CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED AND MAY CONSTITUTE INSIDE INFORMATION.   UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED, AND MAYBE UNLAWFUL.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US AT 713/974-7691.

Protection and Advocacy for Texans with Disabilities

**✳✳ TRANSMISSION REPORT ✳✳**

SID : ADVOCACY          Number :  713974769511          Date : 08-14-09 11:40

| | |
|---|---|
| Date/Time | 8-14  11:36 |
| Dialled number | 7136558020 |
| Subscriber | +17135898662 |
| Durat. | 3'26" |
| Mode | FINE |
| Pages | 6 |
| Status | Correct |



**ADVOCACY**
**INCORPORATED**

East Texas Regional Office
1500 McGowen, Ste. 100
Houston, TX 77004
voice/tdd: 713.974.7691
fax: 713.974.7695
intake: 800.880.0821
datakm@advocacyinc.org
www.advocacyinc.org

Fax Cover Sheet

Date:          August 14, 2009

To:            Michael D. Mitchell and Flyn Flesher
Company:       Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Fax Number:    713/655-0020

From:          Lucia Romano Ostrom, Regional Staff Attorney

Re:            No. 09-CV-00326; Katheryn Blummer vs. United Space Alliance, LLC

Number of Pages:  6 (including cover)

Special Instructions:    See attached letter.

If you do not receive all pages, please contact Debbie Koopmann at 713/974-7691.

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE AND MAY BE CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED AND MAY CONSTITUTE INSIDE INFORMATION. UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED, AND MAYBE UNLAWFUL. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US AT 713/974-7691.

Protection and Advocacy for Texans with Disabilities

**Lucia Ostrom**

| | |
|---|---|
| **From:** | Flesher, Flyn L. [Flyn.Flesher@ogletreedeakins.com] |
| **Sent:** | Tuesday, August 18, 2009 7:33 PM |
| **To:** | Lucia Ostrom |
| **Subject:** | RE: Blummer v. USA - Response to Fax of August 14, 2009 |

Ms. Ostrom:

USA still asserts its objections based on the number of interrogatories served and is not waiving those objections. That being said, USA provided answers to all of the excessive interrogatories with the exception of #15, to which USA raised several additional objections. Therefore, even if USA were inclined to waive its objection based on the number of interrogatories served, which it is not, its discovery responses would stay the same.

Sincerely,
Flyn Flesher
Ogletree, Deakins, Nash, Smoak & Stewart P.C.
(713) 655-5752 (direct)
(713) 655-0855 (main)
(713) 655-0020 (fax)
One Allen Center
500 Dallas Suite 3000
Houston, TX 77002

Unless expressly stated to the contrary in this message, (a) nothing contained in this message was intended or written to be used, can be used, nor may be relied upon or used, by any taxpayer for the purpose of avoiding penalties that could be imposed upon the taxpayer under the Internal Revenue Code of 1986, as amended; and (b) any written statement contained herein relating to any federal tax transaction or issue may not be used by any individual or entity to, recommend or support the promotion or marketing of any such transaction or issue.

-----Original Message-----
From: Lucia Ostrom [mailto:lostrom@Advocacyinc.org]
Sent: Monday, August 17, 2009 3:15 PM
To: Flesher, Flyn L.
Subject: RE: Blummer v. USA - Response to Fax of August 14, 2009

Mr. Flesher:

With regards to the number of interrogatories served (issue number four in my letter), could you confirm with me whether you withheld or will withhold information based on this objection? Thanks.

Lucia Romano Ostrom

Staff Attorney

**EXHIBIT 'D'**

Advocacy, Inc.

1

1500 McGowen, Suite 100

Houston, Texas 77004

Phone: 713-974-7691

Fax:    713-974-7695

**This message and all attachments are confidential and may be protected by the attorney-client or other privileges.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you believe this message has been sent to you in error, please notify the sender by replying to this transmission and delete the message without first disclosing it.  Thank you.**

From: Flesher, Flyn L. [mailto:Flyn.Flesher@ogletreedeakins.com]
Sent: Monday, August 17, 2009 3:09 PM
To: Lucia Ostrom
Cc: Mitchell, Michael D.
Subject: Blummer v. USA - Response to Fax of August 14, 2009

Ms. Ostrom:

    This e-mail is to confirm the phone conversation that we just had regarding your fax of August 14, 2009.  Your fax identifies eight concerns with USA's discovery responses.  In response to the first two concerns addressed in your letter, please see the following index of files produced by USA to Plaintiff:

1-22: personnel file

23-79: security file

80-116 - ergonomics file

117-171 - Ethics Case Report, Case #7351

172-180 - Ethics Case Report, Case #7622

181-317 - Senior Management Review Board file

318-642 - TWC-CRD file

643-799 - TWC file

800-888 - Health Services file

889-1001 - E-mails and memoranda to and from Ms. Laneil Vawter regarding Plaintiff, in chronological order

2

1002-1014 - Minutes of Accommodation Review Meetings

1015-1289 - E-mails to or from Ms. Blummer, in chronological order, that are responsive to Plaintiff's requests for production about her health, medical condition, etc.

1290-1332 - Files from Ms. Blummer's work computer that are responsive to Plaintiff's requests for production about her health, medical condition, etc.

1333 - Organizational chart (responsive to RFP #19)

1334-1339 - Documents describing Plaintiff's job duties and responsibilities

1340-1406 - E-mails from Plaintiff to Richard Robbins identifying her arrival times

1407-1580 - E-mails concerning Plaintiff's employment at USA that are responsive to Plaintiff's requests for production, in chronological order

1581-1728 - Policies and procedures responsive to Plaintiff's requests for production.

1729-1746 - Photos responsive to Plaintiff's requests for production.


In response to your third concern about the general objection to producing information or documents prior to August 27, 2006, that General Objection was included in USA's responses in error.  USA withdraws that objection.


Regarding your remaining concerns, USA stands by its objections and does not intend to revise or supplement its discovery responses any further at this time.  Please let me know if you have any questions or comments.


Sincerely,

Flyn Flesher

Ogletree, Deakins, Nash, Smoak & Stewart P.C.

(713) 655-5752 (direct)

(713) 655-0855 (main)

(713) 655-0020 (fax)

One Allen Center

500 Dallas Suite 3000

Houston, TX  77002


Unless expressly stated to the contrary in this message, (a) nothing contained in this message was

3

intended or written to be used, can be used, nor may be relied upon or used, by any taxpayer for the purpose of avoiding penalties that could be imposed upon the taxpayer under the Internal Revenue Code of 1986, as amended; and (b) any written statement contained herein relating to any federal tax transaction or issue may not be used by any individual or entity to, recommend or support the promotion or marketing of any such transaction or issue.

No virus found in this incoming message.
Checked by AVG - www.avg.com
Version: 8.5.392 / Virus Database: 270.13.58/2309 - Release Date: 08/17/09 06:08:00

4